UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/Seltzer

UNITED STATES OF AMERICA

v.

BENJAMIN RAND,

        Defendant.
_____/

## GOVERNMENT'S FACTUAL BASIS IN SUPPORT OF PRE-TRIAL DETENTION

In anticipation of the detention hearing scheduled for April 27, 2011 before United States Magistrate Barry Seltzer, and in accord with U.S. Magistrate Judge Seltzer's request, the United States provides the following factual basis:

On March 21, 2011, Pembroke Pines detectives responded to a report of a sexual assault on a minor. The victim (CR), who is 14 years old, told the detectives that she had become involved with a former friend of her older brother. This friend, the defendant, Benjamin Rand, is 20 years old and had been a friend of CR's older brother several years ago. When the defendant was 18, he was convicted and sentenced to jail for crimes involving child pornography. After the defendant completed his sentence, he was released and returned to the Broward County area. Shortly after his release, the defendant and CR began communicating with each other via text messaging.

Over the next few months, the defendant and CR communicated through text messages and phone calls. The conversations were often flirtatious or suggestive. Approximately one month into their on-line relationship, the defendant began asking CR to take and send him pictures of herself using her cell phone. CR complied and sent clothed pictures of herself to the defendant. The

defendant also sent clothed pictures of himself to CR.

Soon thereafter, the defendant began asking CR to take and send nude pictures of herself to him using her cell phone. Although she was reluctant to do this, she eventually gave in. CR would go into her bathroom and take nude pictures of herself in front of the bathroom mirror, and then send the pictures to the defendant's cell phone. The defendant would often text her with requests of how she should pose in the pictures, including asking her to use her fingers to spread her vagina open and take pictures. She complied with this request. This occurred on several occasions over a period of one year, with at least four occasions being in February and March of 2011. On the last occasion that CR sent the defendant pictures, which was in March of 2011, the defendant requested that she take and send him pictures of herself inserting her fingers or another object into her vagina. She complied with this request. CR said she immediately deleted the images on her phone and believed that the defendant had deleted the images from his phone. On one occasion, the defendant sent CR pictures of his exposed penis to her phone.

In December of 2010, the defendant asked CR to meet him personally. She agreed and they met in the defendant's car behind the Roasted Pepper in Pembroke Pines. According to CR, during this encounter, the defendant pulled down her pants and inserted his penis into her vagina. Although CR was a virgin, she did not object to engaging in sexual intercourse with the defendant at this time. However, after this meeting, CR began to avoid contact with the defendant, often ignoring his messages. This seemed to anger the defendant. At some point, the defendant threatened to create a website where he would post all the naked pictures of CR. He also threatened that he would send the link to the website to CR's family. CR was petrified that the defendant would follow through on these threats. Therefore, she continued texting the defendant. She also continued sending him

naked pictures of herself that the defendant repeatedly asked for.

On March 19, 2011, the defendant was repeatedly texting CR asking her to meet with him again behind the Roasted Pepper. After trying to make excuses not to, she finally relented and agreed to meet the defendant in his car behind the restaurant. Once inside his car, CR claims that the defendant tried to have sex with her, but she refused. According to CR, the defendant then raped her, pulling down her pants while she screamed, covering her mouth with his hand, and inserting his penis into her vagina. According to CR, the defendant did not stop until he had ejaculated inside her. After the violent encounter, the defendant forced CR out of his car and shouted, "Have fun with my baby, bitch."

CR returned home to her grandmother's house and told her family that she had just been raped by the defendant. CR's parents contacted the Pembroke Pines Police Department and medical services were contacted. CR was taken to the Sexual Assault Treatment Center (SATC) and given an rape examination. Semen was found inside her vagina and a sample was taken for DNA testing. That testing is still being completed.

Pembroke Pines Police Department (PPPD) located the defendant that night and interviewed him. At that time, the defendant denied having any kind of relationship with CR or ever having sex with her. At some point, the defendant admitted that he was not being truthful, and said he did so because he was afraid because of his past conviction. He then admitted that CR had sent him naked pictures of herself via text messages. He also admitted to threatening to put the pictures on a website but claims he only did this to get CR to leave him alone. The defendant provided consent for the police to check his phone. The defendant was arrested and charged with lewd and lascivious battery and lewd or lascivious molestation. He subsequently bonded out of jail

A subsequent forensic examination of the defendant's cell phone revealed over 200 deleted images containing child pornography. There were at least 22 images of CR located on the defendant's phone. The images contained the nude and graphic pictures that CR stated she had sent to the defendant at his request. In addition, numerous text messages were discovered on the defendant's cell phone in which he threatened to create a website and post the pictures of CR to the site. The test messages also referenced sexual activity between the defendant and CR. In addition to the pictures of CR, there were sexual images of several other naked females on the defendant's phone, many of which appear to be minors. Law enforcement is still working to identify the females in the pictures.

On April 7, 2011, PPPD received another arrest warrant for the defendant on charges of soliciting a child for unlawful conduct, use of a child in a sexual performance and extortion. The defendant was arrested on these new charges on that day. He was again advised of his rights and agreed to make a statement about these new charges. The interview is video-recorded. During this interview, law enforcement showed the defendant the pictures that had been recovered from his cell phone. The defendant admitted to having pictures of approximately 7 other females whom he believed are between the ages of 16 to19. The defendant was shown the pictures of CR. The defendant identified her by name and stated that he thought she was 17, although he admitted that she looked younger. The defendant stated that he had asked CR to send him the pictures, and detailed the types of poses he asked for, including asking her to take a picture of herself inserting her fingers into her vagina. The defendant claims that CR was uncomfortable doing this, so she chose to use a marker instead. The defendant claimed that CR sent him some pictures without being asked and he believed she did so because she was "into him" and wanted to keep his interest. The defendant

admitted that he began communicating with CR via text message shortly after his release from jail in February 2010, and said that their relationship progressed over time from innocent pictures to "these" pictures. The defendant also admitted that he "has an addiction to pornography which is why I ask for pictures...the more the merrier." He claims he cannot get excited when he does not know the people in the images and he has pictures of minors because he has no friends his own age. Eventually, the defendant admitted knowing the CR was young because she was a younger sister of a friend of his. He denied using a computer and stated that he always uses his phone as a computer.

Forensic analysis of both the defendant and CR's phone are on-going, but have already revealed numerous sexually explicit photographs of naked minor females, including CR, on the defendant's phone, as well as text messages from the defendant to CR threatening to post her naked pictures to the internet if she did not meet with him. In addition, there are several short video clips on the defendant's phone which appear to have been taken by the defendant at some type of game room or arcade. The videos depict a minor female under the age of 12 on a ride and the video is focused on the child's back side and legs.

The defendant was arrested in 2008 when he was 17 years old and charged with possession of photographs involving sexual performances by a child, lewd and lascivious behavior and extortion/threats/witness tampering. One of his victims was only 11. There were several minor female children that alleged that the defendant had began cell phone relationships with them, eventually convincing them to send naked pictures of themselves to his phone. Although the defendant was convicted of the charges, the terms of his conviction did not require him to register as a Sex Offender. This was due to the fact that the defendant was sentenced in juvenile court and served his sentence in the Juvenile Justice System.

### *SENTENCE POSSIBILITIES*:

The mandatory minimum sentence for production of child pornography under 18 U.S.C. § 2251(a) is 15 years, and the maximum sentence is 30 years. The mandatory minimum sentence for receipt of child pornography is 5 years. The maximum sentence is 20 years. The mandatory minimum sentence for enticement is 10 years and the maximum sentence is life. However, based on Rand's prior conviction, he is likely looking at enhanced statutory penalties of 25 to 50 years on the production count and 15 to 40 years on the receipt count.

Under the advisory guidelines for the production of child pornography, which carries the highest penalty, the offense level is 32. To that, there are likely increases based on the following enhancements: +2 for child between 12 and 16, +2 for commission of a sexual act, +2 for use of computer or cell phone for a total adjusted offense level of 38. He is therefore facing a guideline range of 262-327 months imprisonment with a category II criminal history.

Respectfully submitted,

WIFREDO A. FERRER
ACTING UNITED STATES ATTORNEY

By:   s/ *Corey Steinberg*
Assistant United States Attorney
Florida Bar No. 0563234
500 Broward Blvd. 7th Floor
Fort Lauderdale, Florida 33394-3016
Tel: 954-356-7255
Fax: 954-356-7336

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on April 26, 2011, I electronically filed a true and correct copy of the foregoing document, Government's Factual Basis in Support of Pre-Trial Detention, with the Clerk of the Court using CM/ECF.

                                                    s / *Corey Steinberg*
                                              Assistant United States Attorney