UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>11-60088-CR-COHN/Seltzer</u>(s)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)
18 U.S.C. § 2422(b)

UNITED STATES OF AMERICA

v.

BENJAMIN RAND,

Defendant.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about February 2010 until on or about March 20, 2011, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**BENJAMIN RAND,**

did employ, use, persuade, induce, entice, and coerce a minor, that is, C.R., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, and attempted to do so; in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

### COUNT 2

From in or about February 2010 until on or about March 20, 2011, in Broward County, in the Southern District of Florida, the defendant,

**BENJAMIN RAND,**

did knowingly receive any visual depiction that has been shipped and transported in interstate and foreign commerce, by any means, including by computer, and the production of such visual depiction involved the use of a minor, that is, C.R., engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, and attempted to do so; in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## COUNT 3

From in or about February 2010 until on or about March 20, 2011, in Broward County, in the Southern District of Florida, the defendant,

**BENJAMIN RAND,**

using a facility and means of interstate commerce, did knowingly persuade, induce, entice and coerce an individual who had not attained the age of eighteen years, that is, C.R., to engage in sexual activity under such circumstances as would constitute a criminal offense, and attempted to do so, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 4

From in or about January 2011 until in or about March, 2011, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**BENJAMIN RAND,**

did employ, use, persuade, induce, entice, and coerce a minor, that is, A.G., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate

2

and foreign commerce, by any means, and attempted to do so, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 5

From in or about January 2011 until on or about March 20, 2011, in Broward County, in the Southern District of Florida, the defendant,

**BENJAMIN RAND,**

did knowingly receive any visual depiction that has been shipped and transported in interstate and foreign commerce, by any means, including by computer, and the production of such visual depiction involved the use of a minor, that is, A.G., engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct and attempted to do so; in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## COUNT 6

From in or about January 2011 until on or about March 20, 2011, in Broward County, in the Southern District of Florida, the defendant,

**BENJAMIN RAND,**

using a facility and means of interstate commerce, did knowingly persuade, induce, entice and coerce an individual who had not attained the age of eighteen years, that is, A.G., to engage in sexual activity under such circumstances as would constitute a criminal offense, and attempted to do so, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 7

Between on or about January 8, 2010, and on or about March 20, 2011, in Broward County, in the Southern District of Florida, the defendant,

3

## BENJAMIN RAND,

did knowingly possess matter, that is, computer files stored on a computer hard drive, that contained any visual depiction that had been mailed, shipped and transported in interstate commerce by any means including by computer, and the production of which involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct; in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

A TRUE BILL

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
COREY STEINBERG
ASSISTANT U.S. ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. __11-60088-CR-COHN/Seltzer(s)__

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

BENJAMIN RAND,

               **Defendant.**
_____/    **Case Information:**

**Court Division**: (Select One)

New Defendant(s)   Yes _____  No _X_
Number of New Defendants _____
Total number of counts _7_

____ Miami   ____ Key West
_X_ FTL   ____ WPB   ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)           (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _x_ | Petty | ____ |
   | II | 6 to 10 days | ____ | Minor | ____ |
   | III | 11 to 20 days | ____ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | _X_ |
   | V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 04/21/2011
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes __No__ No

8. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to September 1, 2007? _____ Yes __No__ No

                                        _Corey Steinberg_
                                        COREY STEINBERG
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Bar # 0563234

*Penalty Sheet(s) attached                                                     REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>BENJAMIN RAND</u>     Case No: <u>11-60088-CR-COHN/Seltzer(s)</u>

**Counts #: 1 & 4**

Production of child pornography

18 U.S.C. §§ 2251(a)

* **Max.Penalty**: mandatory minimum 15 to 30 years' imprisonment; $250,000 fine; 5 years' to life supervised release.

**Count #: 2 & 5**

Receipt of child pornography

18 U.S.C. §§ 2252(a)(2) and (b)(1)

* **Max.Penalty**: mandatory minimum 5 to 20 years' imprisonment; $250,000 fine; 5 years' to life supervised release.

**Count #: 3 & 6**

Use of computer to entice a child to engage in sexual activity

18 U.S.C. §§ 2242(b)

* **Max.Penalty**: mandatory minimum 10 years' to life imprisonment; $250,000 fine; 5 years' to life supervised release.

**Count #: 7**

Possession of computer child pornography

18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)

* **Max.Penalty**: any term of years' up to 10 years' imprisonment; $250,000 fine; 3 years' to life supervised release.

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.