UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/Seltzer(s)

UNITED STATES OF AMERICA,

v.

BENJAMIN RAND,

       **Defendant.**
_____/

**UNITED STATES' NOTICE OF INTENT TO USE
"SIMILAR CRIMES" AND "OTHER ACT" EVIDENCE AT TRIAL**

Pursuant to Federal Rules of Evidence 413, 414 and 404(b), the United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney for the U.S. Department of Justice, hereby notifies defendant of its intention to use evidence of the defendant's similar crimes and other acts, as described in further detail below, at trial during the presentation of its case-in-chief.

**I.**  **Evidence of similar crimes and other acts to be offered at trial**

The government intends to introduce the testimony of E.M. who will testify that she had a relationship with the defendant when she was 15 years old and the defendant was 16 years old. Their relationship started in November 2006. They dated for a few months and then broke up. Shortly thereafter, they got back together and within the first few weeks of getting back together, the defendant raped E.M. by taking off her clothes and forcing his penis into her vagina. E.M. will testify that she told him that she did not want to have sex with him and tried to push him off. E.M. will testify that after this incident, she continued to have feelings for the defendant and then engaged in consensual sexual acts with him. During their relationship, the defendant would ask E.M. to take

nude pictures for him and she refused. After they broke up, the defendant told E.M. that he had nude pictures of her and threatened to put them on the Internet if she didn't continue to date him. E.M. will also testify that she later learned that the defendant had surreptitiously videotaped E.M. and the defendant engaging in sexual intercourse. E.M. will also testify that the defendant would become angry and aggressive when he did not get his way, which is what happened when he raped her.

The government also intends to introduce the testimony of A.F. who will testify that she met the defendant when she was approximately 13 years old and the defendant was 16 years old. Some time in 2006, when A.F. was 13, she engaged in consensual sexual intercourse with the defendant on one occasion. During this time period, the defendant took nude and sexually explicit photos of A.F. A.F. will testify that, after having sex with the defendant, the defendant threatened to post the nude pictures of her around school if she did not have sex with him again. A.F. agreed to meet the defendant in an effort to keep the defendant from showing her pictures to others. When A.F. arrived at the defendant's house, they went to his room, where the defendant pushed A.F. onto his bed, took off her clothes, forced her legs open and then put his penis in her vagina. A.F. told the defendant that she did not want to have sex with him and the defendant kept telling her that it would all be over soon.

**II.     Admissibility under FRE 413 and 414**

As part of the Violent Crime Control and Law Enforcement Act of 1994, Congress enacted Rules 413 through 415 of the Federal Rules of Evidence. These rules establish special, broad standards for the admission of evidence of the defendant's commission of uncharged offenses of sexual assault or child molestation in cases where the defendant is charged with a federal child molestation or sexual assault offense. In contrast to Rule 404(b), which only allows uncharged act

evidence to be admitted on non-character theories of relevance, Rules 413-415 allow such evidence to be admitted and considered for its bearing "on any matter to which it is relevant." Thus, in addition to the non-character purposes allowed under Rule 404(b), evidence of other sexual assault or child molestation offenses may be admitted under the Rules to show the defendant's propensity to commit sexual offenses. Additionally Rules 413-415 operate under a presumption that evidence of prior sexual assault or child molestation offenses is admissible. United States v. Levinson, 2011 WL 1102841, *3 (S.D. Fla. Jan. 31, 2011) ("The presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice.") (quoting United States v. Larson, 112 F.3d 600, 605 (2d Cir. 1997)); See Also 140 Cong. Rec. H8991-92 (1994) (remarks of principal House sponsor, Rep. Molinari) (These rules are designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects). Accordingly, the testimony of E.M. is admissible under Rule 413 and the testimony of A.F. is admissible under Rule 414.

>Rule 413, Evidence of Similar Crimes in Sexual Assault Cases, states in part:
>
>(a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.
>. . .
>(c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.
>(d) For purposes of this rule . . . "offense of sexual assault" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved–
>
>>(1) any conduct proscribed by chapter 109A of title 18, United States Code;

3

>> (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
>
>> (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;
>> . . .

FED. R. EVID 413.

The defendant is charged in this case under 18 U.S.C. § 2422(b) with persuading, inducing, enticing or coercing a minor to engage in any sexual activity for which he can be charged with a criminal offense, or attempting to do so.  In this case, the defendant is alleged to have coerced C.R., who was 14 years old, to engage in non-consensual sexual activity with the defendant, who was 20 years old.  This conduct proscribed by chapter 109A of Title 18, United States Code.  See 18 U.S.C. § 2243 (prohibiting engaging in a sexual act with a person between the ages of 12 and 16 years old where the minor is at least 4 years younger than the person engaging in the sexual act ).  Additionally, under Florida statute 794.011(5) any person who commits sexual battery, which includes vaginal penetration by any object, upon a person 12 years of age or older, without that person's consent, commits a felony of the second degree.  Thus, the defendant's conduct in this case includes conduct that is considered as "offense of sexual assault" as defined by Rule 413.  See FED. R. EVID 413(d)(1) and (d)(3).

The testimony of E.M. also describes an offense of sexual assault by the defendant.  Specifically, the defendant engaged in contact, without consent, between the defendant's genitals and the genitals of E.M. when he engaged in non-consensual sexual intercourse with E.M. during their relationship.  As described above, under Florida statute 794.011(5) any person who commits sexual battery, which includes vaginal penetration by any object, upon a person 12 years of age or older,

without that person's consent, commits a felony of the second degree. Thus, the government seeks to introduce evidence of the defendant's commission of another "offense of sexual assault" as defined by Rule 413. See FED. R. EVID 413(d)(2) and (d)(3).

Rule 414, Evidence of Similar Crimes in Child Molestation cases, states in part:

> (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
> . . .
>
> (c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.
>
> (d) For purposes of this rule . . . "child" means a person below the age of fourteen, and "offense of child molestation" means a crime under Federal law or the law of a State (as defined in section 513 of Title 18, United States Code) that involved--
>
>> (1) any conduct proscribed by chapter 109A of Title 18, United States Code;
>>
>> (2) any conduct proscribed by chapter 110 of title 18, United States Code;
>>
>> (3) contact between any part of the defendant's body or an object and the genitals or anus of a child;
>>
>> (4) contact between the genitals or anus of the defendant and any part of the body of a child;
>> . . .

FED. R. EVID 414.

The defendant is accused in the current case of an offense of child molestation. Specifically, the defendant is charged with two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a): two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2);

and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). All of these charges are proscribed by chapter 110 of Title 18, United States Code, thus making them "offense(s) of chid molestation" as defined by Rule 414. See FED. R. EVID 414(d)(2).

The testimony of A.F. also describes another "offense of child molestation" because A.F. was under the age of 14 when the defendant engaged in non-consensual sexual intercourse with her. As described above, under Florida statute 794.011(5), any person who commits sexual battery, which includes vaginal penetration by any object, upon a person 12 years of age or older, without that person's consent, commits a felony of the second degree. Thus the defendant's prior conduct with A.F. is considered an "offense of child molestation" under Rule 414(d)(3) and (d)(4). Furthermore, the defendant took sexually explicit images of A.F. when she was under the age of 14. This conduct involves production of child pornography, which is conduct proscribed by Chapter 110 of Title 18, United States Code, and is thus an offense of child molestation. See 18 U.S.C. § 2251(c); FED. R. EVID 414(d)(2).

Before admitting evidence under Rule 413 and 414, the Court should conduct a balancing test of the evidence's probative value against its prejudicial effect under Fed. R. Evid. 403. Rule 403, Federal Rules of Evidence, states: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The evidence of defendant's prior sexual relationships with E.M. and A.F. in which he engaged in non-consensual intercourse with them when they were minors, took sexually explicit images of both of them and blackmailed both of them with the images, has significant probative

value in this case. These past acts are almost identical to the charges the defendant is currently accused of and thus are relevant to show that he is more likely to have committed the present offenses. See United States v. Carino, 368 Fed.Appx. 929 (11th Cir. 2010).

In Carino, the defendant was also charged with offenses under 18 U.S.C. §§ 2252(a)(2) & (a)(4)(b), receipt and possession of child pornography. Carino, 368 Fed.Appx. at 929. After conducting the balancing test under Fed. R. Evid. 403, the district court determined that testimony of the defendant's molestation of a child some 32 years prior to the trial date was admissible under Rule 414(a). Id. at 929-30. In this case, evidence of the defendant's past offenses of sexual assault and child molestation are more probative and less prejudicial due to the factual similarities between the prior acts and the current charges and also the relatively small amount of time that has passed from the commission of the prior acts to commission of the instant offenses. The United States acknowledges the potential prejudicial effect of this evidence; but whatever that effect may be, it is outweighed by the fact that these acts are so similar to the crimes which is he accused of committing in the current Superseding Indictment and also occurred relatively close in time to the current charged offenses.

**III.   Admissibility Under FRE 404(b)**

Alternatively, the testimony of E.M. and A.F. is admissible under Federal Rule of Evidence 404(b) for the purpose of showing defendant's motive, intent, knowledge, modus operandi and lack of mistake in the commission of the charged offenses.

In relevant part, Federal Rule of Evidence 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity,

7

or absence of mistake or accident . . . .

FED. R. EVID. 404(B).

Under Rule 404(b), evidence of a defendant's acts of misconduct extrinsic to the charged crimes may be admitted when relevant to one or more of the listed purposes.  The Eleventh Circuit conducts a three-part inquiry to determine admissibility of extrinsic act evidence:  "[f]irst, the evidence must be relevant to an issue other than the defendant's character.  Second, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act.  Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice."  United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993).  When conducting a 404(b) analysis, the Eleventh Circuit further instructs that "Rule 404(b) is a rule of inclusion . . . [and] 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case."  United States v. Phaknikone, 605 F.3d 1099, 1108 (11th Cir. 2003) (alteration in original) (internal quotation marks omitted).

The testimony of E.M. and A.F. is highly relevant for purposes other than showing the defendant's character.  Under the first prong, "similarity of extrinsic acts to the offenses with which the defendant is charged is the standard by which relevancy is measured under 404(b)," and where, as here, the extrinsic acts and the charged offenses "are substantially similar it is highly relevant on the issue of intent."  United States v. Levinson, 2011 WL 1102841, *5 (S.D. Fla. Jan. 31, 2011) (citing United States v. Williams, 816 F.2d 1527, 1521 (11th Cir. 1987)); see also United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005) (similarity between the extrinsic and charged conduct makes the extrinsic offense "highly probative with regard to a defendant's intent in the charged offense").  The testimony of E.M. and A.F. will describe prior acts of the defendant that are

almost identical to the charged offenses. In both instances, the defendant coerced minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and then threatened to reveal the images to others unless the victims continued to engage in this or other sexual conduct. These acts are highly relevant to defendant's intent to produce, receive, and possess child pornography, and his intent to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. The defendant "possessed the same state of mind in the commission of both the extrinsic act and the charged offense," and the evidence is thus highly relevant to show intent. United States v. Dothard, 666 F.2d 498, 502 (11th Cir. 1982); see also United Stated v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) ("Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offenses derived from the defendant's indulging himself in the same state of mind in perpetration of both the extrinsic and charged offenses").

The government must also put forth evidence sufficient for the court to determine that a jury could find by a preponderance of the evidence that the defendant committed the alleged prior acts. United States v. Douard, 485 F.3d 1234, 1344 (11th Cir. 2007). In this case, the testimony of E.M. and A.F. is sufficient to permit a jury to make a determination that the defendant committed the extrinsic acts.

Finally, to be admissible under Rule 404(b), the probative value of the evidence must not be outweighed by undue prejudice. As explained above, the probative value of the testimony of E.M. and A.F. is not outweighed by the risk of undue prejudice. In balancing "the probative value of the extrinsic act evidence against its potential for undue prejudice," the court has broad discretion, and should consider "prosecutorial need, the overall similarity between the extrinsic act and the charged

offense, and the temporal proximity between the two." <u>Dothard</u>, 666 F.2d at 502-03. In this case, the probative value of evidence of the defendant's past offenses of sexual assault and child molestation is not substantially outweighed by the risk of prejudice due to the factual similarities between the prior acts and the current charges and also the relatively small amount of time that passed during the commission of the prior acts and the instant offenses.

The testimony of E.M. and A.F. regarding the defendant's prior acts of sexual assault, child molestation, and production of child pornography meets all three prongs of the test for admissibility under Rule 404(b). The testimony is highly relevant to the defendant's intent to commit the charged offenses, is sufficient for a jury to find that the defendant committed the prior acts, and is more probative than prejudicial.

## CONCLUSION

Wherefore, the government requests that the Court issue an order in accordance with the above requests.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:    s/ *Corey Steinberg*
           Assistant United States Attorney
           Florida Bar No. 0563234
           500 Broward Blvd. 7th Floor
           Fort Lauderdale, Florida 33394-3016
           Tel: 954-356-7255, Fax: 954-356-7336

By:    s/ *Anitha S. Ibrahim*
           Trial Attorney
           CA Bar # 254629
           U.S. Department of Justice
           Criminal Division
           Child Exploitation and Obscenity Section

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on August 23, 2011, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.

                                              s/ *Anitha Ibrahim*
                                              Trial Attorney

                                              U.S. Department of Justice