UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/SELTZER

UNITED STATES OF AMERICA, §
§
    PLAINTIFF, §
§
V. §
§
§
BENJAMIN RAND, §
§
    DEFENDANT. §
§

MOTIONS TO DISMISS: NO CHILD PORNOGRAPHY
AND
FOR AN EVIDENTIARY HEARING

    COMES NOW the Defendant, BENJAMIN RAND, by and through undersigned counsel, and files this, his MOTION TO DISMISS: NO CHILD PORNOGRAPHY AND FOR AN EVIDENTIARY HEARING, and in support thereof, would state as follows:

    1.    In the instant matter, the Defendant, who is now 20 years old, is charged in five-counts of a seven-count superseding indictment with production, receipt and possession of child pornography. These charges stem from images allegedly recovered from the defendant's cellular telephone and SD card as well as recoveries from the same or similar media from the two

alleged complaining witnesses. Even more unknown are the images allegedly found/recovered on the Sprint account of the family of the defendant (the "cloud") which Sprint produced in response to a government subpoena. It is far from clear which images and from where/who, etc., the government claims to be child pornography, but the issue of particularity is addressed by a separate motion for a bill of particulars. With that said, however, the images produced by the government and reviewed to date in discovery by the defense have failed to depict images of child pornography. Thus, the defendant moves to dismiss the counts of the superseding indictment involving child pornography because the government has yet to produce in discovery any child pornography in support of those counts.

## MEMORANDUM OF LAW

2. "Sexually explicit conduct" is defined in 18 U.S.C. 2256(2) as: "actual or simulated - (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person." *See also* 11th Cir. Crim. Jury Instr. 82 (2010).

3. The "catch-all" is lascivious exhibition of the genitals or pubic area. The pattern jury instruction further defines "lascivious exhibition" as "indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition." *Id.* The instruction includes a list of factors to be considered in determining whether a visual depiction is a "lascivious exhibition," including whether the setting is sexually inviting. *Id.*; *U.S. v. Williams*, 444 F. 3d 1286, 1299 (11th Cir. 2006); *U.S. v. Smith*, 459 F. 3d

2

1276, 1296 n.17 (11th Cir. 2006). The Eleventh Circuit quoted the dictionary definition of "lascivious" as "exciting sexual desires; salacious." *United States v. Williams*, 444 F.3d 1286, 1299 (11th Cir. 2006). The court also noted: "What exactly constitutes a forbidden "lascivious exhibition of the genitals or pubic area" and how that differs from an innocuous photograph of a naked child (e.g. a family photograph of a child taking a bath, or an artistic masterpiece portraying a naked child model) is not concrete . . . While the pictures needn't always be "dirty" or even nude depictions to qualify, screening materials through the eyes of a neutral fact finder limits the potential universe of objectionable images." *Id*. The court further noted that most lower courts have embraced the six-factor "lascivious exhibition" test articulated in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986):

    a. whether the focal point of the visual depiction is on the child's genitalia or pubic area;

    b. whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

    c. whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

    d. whether the child is fully or partially clothed, or nude;

    e. whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

    f. whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

4.    Taking these definitions into consideration, none of the hundreds of images produced by the government involves any of the five types of conduct required by Section 2256(2). Because the government cannot prove

sexually explicit conduct with the images produced, all charges involving "sexually explicit conduct" must be dismissed.

WHEREFORE, DEFENDANT BENJAMIN RAND, respectfully moves this Honorable Court to grant the foregoing motions.

                    Omar F. Guerra Johansson, P.A.
                    Counsel for Defendant
                    Wachovia Tower, Suite 700
                    One East Broward Boulevard
                    Fort Lauderdale, Florida 33301
                    Telephone: (954) 745-7517
                    Lawfirm@LauderdaleCriminalLawyer.com

                    /s/ Omar F. Guerra Johansson
          By:   Omar F. Guerra Johansson, Esquire
                    Florida Bar No. 18141

### CERTIFICATE OF SERVICE & CONFERENCE

I certify that on August 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I conferred with the Assistant United States Attorney about these motions; the AUSA is opposed.

                    /s/ Omar F. Guerra Johansson
                    Omar F. Guerra Johansson, P.A.
                    Counsel for Defendant Benjamin Rand