UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/SELTZER

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| PLAINTIFF, | § |
| V. | § |
| | § |
| BENJAMIN RAND, | § |
| | § |
| DEFENDANT. | § |
| | § |

MOTIONS TO SUPPRESS: RIGHT TO COUNSEL
AND
FOR EVIDENTIARY HEARING

COMES NOW the Defendant, BENJAMIN RAND, by and through undersigned counsel, and files this, his MOTION TO SUPPRESS: RIGHT TO COUNSEL AND EVIDENTIARY HEARING, and in support thereof, would state as follows:

1.      The Pembroke Pines Police Department arrested and interviewed the defendant on March 20, 2011, about allegations of sexual intercourse with a complaining witness.  That same date, the defendant told Detective Scopa of the Pembroke Pines Police Department that he wanted a lawyer before answering any questions.  Detective Scopa then completed an arrest affidavit charging the defendant with two counts of lewd and lascivious battery and a third count for lewd or lascivious molestation.   The arrest affidavit notes that the defendant requested an attorney during the interviewing process.  Detective Scopa then transported the defendant for processing at the Broward County Jail.  That same day with the assistance of counsel, the family of the defendant posted bail for the release of the defendant.   Counsel for the defendant then made a formal

notice of appearance in the 17th Judicial Circuit for Broward County on March 29, 2011.

2.      Detective Scopa then sought a warrant to arrest the defendant on April 6, 2011.  The affidavit in support of the arrest warrant restated the allegations made in the March 20, 2011, arrest affidavit.  It also added allegations of enticing the same complainant to send nude photos of herself on four occasions via text messaging.  The affidavit in support of the arrest warrant also included a fifth count for lewd or lascivious conduct by requesting a child to send nude photos of herself, a sixth count for use of a child in sexual performance, and a seventh count for extortion for allegedly threatening to publish the photos of the complainant to compel the complainant to have sex with the defendant.  The Circuit Judge issued an arrest warrant for the defendant the same day, April 6, 2011.  The arrest warrant incorporated the allegations in the arrest affidavit and then the arrest warrant restated the counts word for word from the arrest affidavit.

3.      Detective Scopa then arrested the defendant on April 7, 2011.  Knowing that the Defendant had invoked his right to counsel directly to Detective Scopa previously on March 20, 2011, Detective Scopa asked Officer Andres to interview the defendant.  The second interview included the same questions about the same complaining witness from the first interview completed on March 20, 2010, when the defendant invoked his right to counsel.

4.      Because the defendant had invoked his right to counsel on March 20, 2011, directly to Detective Scopa, and about the same subject and the second interrogation, the defendant moves the court to suppress evidence of the statements made at the second interrogation on April 7, 2011, under the Fifth and Sixth Amendments of the United States Constitution, and all other remedies available to the Court.

Memorandum of Law

5.      The defendant moves the Court to suppress any and all statements made by the defendant at the interrogation on April 7, 2011, because the defendant had previously invoked his right to counsel.  The chicanery of switching interrogators on a 20-year-old boy does not cure the violation.  *See, e.g., Edwards v. Arizona*, 451 U.S. 477 (1981)(The police cannot initiate questioning at any time after the defendant requests the assistance of counsel and this remains in effect even after counsel retained.)  The Fifth Amendment right to counsel is not offense-specific and questioning must cease with regard to all offenses. *See, e.g., Miranda v. Arizona*, 384 U.S. 436 (1966), *Arizona v. Roberson*, 486 U.S. 675 (1988), *Knight v. Singletary*, 50 F.3d 1539 (11th Cir. 1995), *Isaacs v. Head*, 300 F.3d 1232, 1262 (11th Cir. 2002).

6.      The Sixth Amendment right to counsel attaches when a prosecution is commenced.  The commencement of the prosecution is defined as the commencement of adversarial proceedings, including a formal charge, a preliminary hearing, indictment, information, or arraignment.  *See, e.g., Kirby v. Illinois*, 406 U.S. 682 (1972); *Stokes v. Singletary*, 952 F.2d 1567 (11th Cir. 1992). The defendant appeared with counsel for release on bond for the initial charges. Counsel also filed a formal notice of appearance prior to the second and unlawful interrogation.  Detective Scopa purposely arrested the Defendant and ensured that he had no contact with his lawyer or family.

WHEREFORE, DEFENDANT BENJAMIN RAND, respectfully moves this Honorable Court to grant the foregoing motion.

Omar F. Guerra Johansson, P.A.
Counsel for Defendant Benjamin Rand
Wells Fargo Tower, Suite 700
One East Broward Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 745-7517
Lawfirm@LauderdaleCriminalLawyer.com

/s/ Omar F. Guerra Johansson

By:   Omar F. Guerra Johansson, Esquire
Florida Bar No. 18141


<u>CERTIFICATE OF SERVICE & CONFERENCE</u>

I certify that on August 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and conferred with the Assistant United States Attorney; the AUSA is opposed.


<u>/s/ Omar F. Guerra Johansson</u>
Omar F. Guerra Johansson, P.A.
Counsel for Defendant Benjamin Rand