UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/SELTZER

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| PLAINTIFF, | § |
| V. | § |
| | § |
| BENJAMIN RAND, | § |
| | § |
| DEFENDANT. | § |
| | § |

MOTIONS TO SEVER COUNTS
AND
FOR EVIDENTIARY HEARING

COMES NOW the Defendant, BENJAMIN RAND, by and through undersigned counsel, and files this, his MOTIONS TO SEVER AND FOR EVIDENTIARY HEARING, and in support thereof, would state as follows:

1. Counts one through three of the superseding indictment involve a complaining witness C.R. Counts four through six involve a complaining witness A.G. There is no connection between the two complaining witnesses. The counts involving A.G. apparently have no forensic data or medium to bolster the strength of the government's case whereas the C.R. counts so far do have forensic data and mediums, albeit adulterated. Because the defendant is prejudiced by joinder of unrelated and separate complaining witnesses with different types of evidence with varying probative values, the defendant moves the court under Federal Rule of Criminal Procedure 14 to sever the counts involving C.R. from the counts involving A.G.

2. Count seven of the superseding indictment is a catch-all count for mere possession without any specification of who the complaining witness may be or what image(s) is/are at issue. It has no connection to C.R. or A.G. and thus count seven should be severed itself from the C.R. counts and A.G. counts for the same reasons previously mentioned. The forensic evidence for count seven

appears to be the cloud of data at the Rand family's Sprint account covering the last eight years. This count should be a third trial itself because it is unrelated to either of the complaining witnesses from counts one through six.

3. The spill-over is significant because the probative value of forensic evidence for the C.R. counts could erroneously lead the jury to conclude the defendant is guilty of the A.G. counts that lack forensic evidence, and thus the prejudice is great to the defendant. *See, e.g., Zaffro v. United States*, 506 U.S. 534 (1993). The jury will be prevented from making a reliable judgment about guilt or innocence for the unrelated complaining witnesses. *Id*. In effect, if he did it once, he must have done it twice. Or worse, since there are two allegations, then he must have done it at least once.

4. Three types of prejudice may result from trying a defendant for several offenses during the same trial: (1) the defendant may become confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a second trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not the other, forcing him to chose the unwanted alternative of testifying as to both or testifying as to neither. *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008). Defendant at once would argue that the A.G. counts lack forensic evidence to support the counts but then in effect would be convicting himself as forensic evidence is admitted against him in the C.R. counts. The defenses contradict one another. Count seven then raises the issue of yet another set of forensic data about a cloud and there appears to be no complaining witness for count seven. Yet another set of facts that make defenses contradict themselves.

WHEREFORE, DEFENDANT BENJAMIN RAND, respectfully moves this Honorable Court to grant the foregoing motions.

Omar F. Guerra Johansson, P.A.
Counsel for Defendant Benjamin Rand
Wells Fargo Tower, Suite 700
One East Broward Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 745-7517
Lawfirm@LauderdaleCriminalLawyer.com

/s/ Omar F. Guerra Johansson
By: Omar F. Guerra Johansson, Esquire
Florida Bar No. 18141

CERTIFICATE OF SERVICE & CONFERENCE

I certify that on August 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and conferred with the Assistant United States Attorney; the AUSA is opposed.

/s/ Omar F. Guerra Johansson
Omar F. Guerra Johansson, P.A.
Counsel for Defendant Benjamin Rand