UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-60088-CR-COHN/Seltzer(s)

UNITED STATES OF AMERICA,

v.

BENJAMIN RAND,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION (DE 57) TO SEVER COUNTS

The United States of America, through the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, respectfully submit this response in opposition to defendant's motion to sever counts. (DE 57).  The counts of the Superseding Indictment are properly joined under Rule 8 of the Federal Rules of Criminal Procedure, and the defendant has not made an adequate showing of prejudice to entitle him to severance pursuant to Fed. R. Crim. Pro. 14(a). Therefore, the defendant's motion should be denied.

### PROCEDURAL BACKGROUND

The defendant is charged in a seven count Superseding Indictment with two counts of production of child pornography, in violation of 18 U.S.C. §2251(a), two counts of receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2), two counts of using a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. §2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B).

Counts One though Three relate to victim CR, who was 14 years old during the period charged in those counts of the Superseding Indictment.  Counts Four through Six relate to victim

AG, who was 16 years old during the period charged in those counts of the Superseding Indictment. Count Seven relates to MS, who was 11 years, and BS, who was 16 years old, during the period charged in that count of the Superseding Indictment.

The Superseding Indictment properly joins charges against the defendant arising out of his illegal conduct with minor victims CR, AG , MS and BS.  The facts and evidence supporting each of these charges are strikingly similar in nature and close in time, and as such, they are properly joined under Rule 8 of the Federal Rules of Criminal Procedure.  Their joinder, moreover, does not prejudice the defendant.  The evidence proving each set of counts is strong and because the evidence proving each of the counts would be admissible in a trial on the other counts as inextricably intertwined or under Rules 413, 414 or 404(b) of the Federal Rules of Evidence, there will be no prejudicial spillover.  Thus, a severance under Rule 14 of the Federal Rules of Criminal Procedure is not warranted.  The defendant's motion should therefore be denied.

## STATEMENT OF FACTS

On March 21, 2011, detectives from the Pembroke Pines Police Department (PPPD) responded to a report of a forcible rape committed against a minor.  The victim (CR), who was 14 years old on the night of the assault, told the detectives that she had become involved with a former friend of her older brother.  This friend, the defendant, Benjamin Rand, was 20 years old at the time, and had been a friend of CR's older brother several years ago.  When the defendant was 18, he was convicted and sentenced to jail for, among other things, crimes involving using minors to take sexually explicit photographs.  After the defendant completed his sentence, he was released and returned to the Broward County area.  Shortly after his release, the defendant and CR began communicating with each other via text messaging.

Over the next few months, the defendant and CR communicated through text messages and phone calls. The conversations were often flirtatious or suggestive. Shortly after their on-line relationship began, the defendant asked CR to take and send him pictures of herself using her cell phone. CR complied and sent clothed pictures of herself to the defendant. The defendant also sent clothed pictures of himself to CR.

At some point, the defendant began asking CR to take and send nude pictures of herself to him using her cell phone. Although she was reluctant to do this, she eventually gave in. CR would go into her bathroom and take nude pictures of herself in front of the bathroom mirror, and then send the pictures to the defendant's cell phone. The defendant would often text her with requests of how she should pose in the pictures, including asking her to use her fingers to spread her vagina open and take pictures. She complied with this request. This occurred on several occasions over a period of one year, with at least four occasions being in February and March of 2011. On the last occasion that CR sent the defendant pictures, which was in March of 2011, the defendant requested that she take and send him pictures of herself inserting her fingers or another object into her vagina. She complied with this request and sent the defendant images of herself inserting a marker into her vagina. CR said she immediately deleted the images on her phone and believed that the defendant had deleted the images from his phone.

In December of 2010, the defendant asked CR to meet him personally. She agreed and they met in the defendant's car behind the Roasted Pepper in Pembroke Pines. According to CR, during this encounter, the defendant pulled down her pants and inserted his penis into her vagina. Although CR was a virgin, she did not object to engaging in sexual intercourse with the defendant at this time. However, after this meeting, CR began to avoid contact with the defendant, often ignoring his

messages.  This seemed to anger the defendant.  At some point, the defendant threatened to create a website where he would post all the naked pictures of CR.  He also threatened that he would send the link to the website to CR's family.  CR was petrified that the defendant would follow through on these threats.  Therefore, she continued sending text messages to the defendant.  She also continued sending him naked pictures of herself that the defendant repeatedly requested.

On March 19, 2011, the defendant repeatedly texted CR asking her to meet with him again behind the Roasted Pepper.  Although CR originally refused to meet with him, she eventually relented and agreed to meet the defendant in his car behind the restaurant.  Once inside his car, the defendant tried to have sex with CR, but she refused.  CR will testify that the defendant then raped her, pulling down her pants while she screamed, covering her mouth with his hand, and inserting his penis into her vagina.  CR will testify that the defendant did not stop until he had ejaculated inside her.  After the violent encounter, the defendant forced CR out of his car and shouted, "Have fun with my baby, bitch."

CR returned home to her grandmother's house and told her family that she had just been raped by the defendant.  CR's parents contacted the Pembroke Pines Police Department and medical services were contacted.  CR was taken to the Sexual Assault Treatment Center (SATC) and given a rape examination.  Semen was found inside her vagina and a sample was taken for DNA testing. The results of the DNA examination have confirmed that the semen found inside CR's vagina on the night in question is that of the defendant, Benjamin Rand.

In the early morning hours of March 20, 2011, PPPD officers located the defendant and asked him to return to the police station with them to answer questions.  The defendant agreed, and returned to the police station where he was interviewed by Officer Martin and Detective Wetterer.

The entire interview was video recorded.  The interview focused primarily on the defendant's relationship with CR and the allegations that he had raped CR on March 19, 2011.  During the interview, the defendant provided written consent for the police to take custody of and search his cellular telephone.  The defendant was placed under arrest and charged with two counts of lewd or lascivious battery (representing the December and March incidents where defendant engaged in sexual intercourse with CR, a minor), and one count of lewd or lascivious molestation (for the March incident where the defendant engaged in forcible intercourse with CR, a minor.

A subsequent forensic examination of the defendant's cell phone revealed over 200 deleted images, many depicting children in sexually explicit positions.  Numerous sexually explicit images of CR taken on different days were found on the defendant's phone.  In addition, numerous sexually explicit images of other unidentified females were recovered from the phone, including images of minor AG taken when she was 16 years old, images of minor MS taken when she was 11 years old, and images of BS, taken when she was 16 years old.

These images of MS and BS were some of the same images that were the subject of the defendant's 2008 juvenile adjudication. The facts of the 2008 case are as follows: On September 12, 2008, the defendant was adjudicated in the Department of Juvenile Justice, Broward County, Florida, for the crimes of possession of photographs of sexual performance by a child and lewd and lascivious behavior toward a victim aged 12 to 16.  These charges arose in 2008 after multiple images of nude minors in sexually explicit poses, including MS and BS, were found on the defendant's computer, cell phone, and other digital media.  The allegations made by MS and the other minor victims in 2008 are virtually identical to the claims made by CR and AG in 2011.  The evidence in the 2008 case evidence established that the defendant had coerced minor female girls

into sending him sexually explicit images, and then threatened to expose the images to others if the minors did not continue to send him additional images or to engage in sexual activity with him. The defendant pled no contest to the aforementioned crimes, was adjudicated delinquent, and was committed to the Broward Regional Detention Center where he was ordered to serve one year.

When the defendant was arrested in 2011, many of the images that were the subject of the 2008 case were once again found in the defendant's possession. In addition to the sexually explicit images of CR, MS and BS found on the defendant's cell phone in March 2011, images of minor AG were also recovered from the phone. After AG was identified, she was interviewed by PPPD detectives. AG stated that in January 2011, she had met the defendant on a social networking site and began communicating with him via text and phone calls. Shortly after meeting him, the defendant began asking AG to send him sexually explicit images of herself. AG claims that she initially resisted, but the defendant was persistent, and she eventually gave in and sent the defendant images of her exposed buttocks and breasts. AG has also alleged that, a week or two after meeting, the defendant brought AG back to his house and forced her to have sexual intercourse with him. AG stated that, following this incident, she continued to see the defendant and send him images of herself for the next several weeks because the defendant was persistent and she was afraid he would show her images to others or tell people that they had sex.

The defendant was arrested on charges relating to the images found on the Defendant's phone on April 7, 2011. During a post-Miranda interview conducted on that date, the defendant was shown the images and identified several of the females by name. He even sorted the images of each girl into separate piles. The defendant was able to identify which female was depicted in the images, despite the fact that many of the images were of only the buttocks or genitals. The defendant identified

images of CR, AG, MS and BS, as well as others[1].

## MEMORANDUM OF LAW

The defendant's motion seeks to sever Counts One through Three of the Superseding Indictment, which relate to victim CR, from Counts Four through Six of the Superseding Indictment, which relate to victim AG. The defendant's motion also seeks to sever Count Seven of the Superseding Indictment from Counts One through Six, ultimately requesting three separate trials. The defendant contends that he is "prejudiced by the joinder of unrelated and separate complaining witnesses with different types of evidence with varying probative values." (See, Defendant's Motion to Sever, DE-57, p.1).

To determine whether separate charges are properly tried at the same time, the Court engages in a two-step inquiry. See United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993) (affirming joinder of perjury charge with factually - and temporally-unrelated charges of making a false statement to a government agency because each related to fraudulent behavior meant to procure a government benefit). First, the government must demonstrate that joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure. Id.

Second, the Court must exercise its discretion under Rule 14 of the Federal Rules of Criminal Procedure to determine whether the defendant will be prejudiced if the properly-joined counts are not severed. See United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984) (affirming joinder of separate narcotics and firearms charges against single defendant). Because joinder of each count of the Superseding Indictment is proper and the defendant is not prejudiced thereby, his motion

---

[1] Some of the additional images were determined to be females who were 18 years of age or older. Others images remain unidentified.

should be denied.

### A.      The Counts Charged in the Superseding Indictment are Properly Joined

The Superseding Indictment properly joins the charges relating to minor victims CR, AG, MS and BS.  According to the Eleventh Circuit, Rule 8(a) is construed broadly in favor of initial joinder, allowing joinder of offenses that "are of the same or similar character," even if such offenses do not arise at the same time or out of the same series of acts or transactions. Fed. R. Crim. P.  8(a); see also, Walser at 385; United States v. Smalley, 754 F.2d 944, 946 (11th Cir. 1985).  Indeed, Rule 8(a) is not limited to crimes of the "same" character but also covers those of "similar" character, which means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." Walser, 3 F.3d at 385 (quoting United States v. Werner, 620 F.2d 922, 926 (2d Cir.1980)).  Moreover, when offenses are joined under Rule 8(a) by virtue of their "same or similar character," the offenses need only be similar in category, *not* in evidence. See United States v. Hersh, 297 F.3d 1233 (11th Cir.2002).  This similarity can be apparent from the face of the indictment or by the government's representations before trial, if such representations are borne out in the evidence presented during trial.  United States v. Dominguez, 226 F.3d 1235, 1240-41 (11th Cir. 2000).

Each of the charges in this case are strikingly similar in character.  The defendant engaged in virtually identical behavior with each of these victims.  In essence, he coerced and persuaded minor females into sending him sexually explicit images of themselves, and then preyed on their fears that he would expose the images to coerce them into sending him additional images and in some instances, to convince them to engage in sexual activity with him.  In the case of United States v. Hersh, supra, the 11th Circuit found that child pornography counts could properly be joined with counts that defendant had conspired to travel in foreign commerce and had transported a minor in

foreign commerce with intent to engage in criminal sexual activity.  The Court found that, although

supported by different evidence, the offenses were of similar character.

> After thoroughly reviewing the record here, we are fully satisfied that both sets of
> counts are "similar" in that they reflect Hersh's repeated participation in the sexual
> exploitation of minors. Counts 1, 2 and 10 charge Hersh with traveling to and
> transporting a minor from Honduras for the specific purpose of engaging in sexual
> activity with a minor; Counts 6–9 charge Hersh with receiving and possessing visual
> depictions of minors engaged in sexual activity. Collectively, the counts charge
> Hersh with child molestation and child pornography—which plainly represent acts
> of "similar character" involving the extraordinary mistreatment of children.

Id. at 1242.

In the present case, defendant is charged with enticement of a minor, production of child

pornography, receipt of child pornography, and possession of child pornography relating to four

different victims.  Collectively, the counts charge the defendant with enticement of minors and child

pornography offenses, which are "acts of 'similar character'" involving the sexual exploitation of

children.  See Id.

Even the case cited by the defendant underscores the propriety of joining crimes that are

similar in character.  The defendant cites to the case of United States v. Richardson, 515 F.3d 74 (1st

Cir. 2008) in support of his motion to sever.  In that case, the Court denied the defendant's motion

to sever counts relating to a drug related offense that occurred in September from counts relating to

a firearms-for-drugs deal that occurred in October.  Id.  The Court held that evidence relating to the

conduct that occurred during the September drug deal would have been admissible in a separate trial

on the October incident, pursuant to Rule 404(b) to demonstrate, at a minimum, the defendant's

knowledge of and intent to distribute drugs in the September deal.  The Court affirmed the District

Court's denial of a severance because substantially the same evidence would have been admitted in

both trials. Id. at 82.

In the instant case, the evidence relating to CR would be admissible in a trial on the charges relating to AG and MS/BS as inextricably intertwined and/or under Federal Rules of Evidence 413, 414 and/or 404(b), just as the evidence relating to AG would be admissible in a trial on the charges relating to CR and MS/BS and the CR and AG evidence would be admissible in a trial on the charge relating to the images of MS and BS.  In addition to the non-character purposes allowed under Rule 404(b)[2], evidence of other sexual assault or child molestation offenses may be admitted under Rules 413 and 414 to show the defendant's propensity to commit sexual offenses.  These rules operate under a presumption that evidence of prior sexual assault or child molestation offenses is admissible. Additionally, evidence from all the victims establishes a continuous pattern of conduct by the defendant from early February 2008 to March 2011.  In sum, the similarity of the charged offenses in the Superseding Indictment makes joinder proper.

**B.      Joinder of the Counts Charged in the Superseding Indictment Does Not Prejudice the Defendant**

Even where joinder of claims is proper under Rule 8, if their joinder "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  Because the

---

[2] In relevant part, Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

defendant is not prejudiced by joinder of the counts charged in the Superseding Indictment, the Court

should not sever them into separate trials.

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own ... conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict.

Walser, 3 F.3d at 386–87.

If so, "though the task be difficult," there is no compelling prejudice. Id. "In deciding a severance

motion, a district court must balance the right of a defendant to a fair trial against the public's

interest in efficient and economic administration of justice." United States v. Baker, 432 F.3d 1189,

1236 (11th Cir. 2005). Severance is granted only when the defendant can demonstrate that a joint

trial will result in "specific and compelling prejudice" to the conduct of his or her defense, resulting

in "fundamental unfairness." United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995).  The

Court must therefore weigh the likelihood of prejudice to the defendant against the Government's

interest of judicial economy. United States v. Wolford, 614 F.2d 516, 518 (5th Cir. 1980) (citing

United States v. Cuesta, 597 F.2d 903, 919 (5th Cir. 1979)).

The defendant has set forth no facts to demonstrate that he will be specifically prejudiced or

that the jury will be confused by having one trial on all counts.  See Walser, 3 F.3d at 386 ("To

justify reversal 'more than some prejudice must be shown; the appellant must demonstrate that he

received an unfair trial and suffered compelling prejudice.' 'This is a heavy burden, and one which

mere conclusory allegations cannot carry.'") The defendant asserts that, the counts relating to CR

has forensic data and the counts relating to AG have no forensic data, therefore the jury will be

unable to evaluate the evidence concerning each count separately[3].  The United States submits that the evidence relating to each count is strong, and the fact that the evidence may be somewhat different as it relates to each victim and each count does not justify severance.  Furthermore, judicial economy weighs against severance in this case where all of the counts will be proved in part from evidence retrieved from the defendant's cell phone and the circumstances of his arrests on March 20, 2011 and April 7, 2011.  Thus, severance would result in the government's law enforcement witnesses providing the same or similar testimony at three separate trials.

Where there is no reasonable basis to believe that the jury lacks the capacity to follow the Court's cautionary instructions to evaluate the evidence concerning each count separately, there is no basis for severance. United States v. Badia, 827 F.2d 1458, 1466 (11th Cir. 1987); United States v. LaChance, 817 F.2d 1491, 1495 (11th Cir. 1987).  To alleviate any potential prejudice, the Court can simply instruct the jury at the beginning of the trial that each count of the Superseding Indictment is to be given separate consideration. The Court can then repeat this admonition at the end of the trial during its charge to the jury.  There is nothing to suggest that a jury, when properly instructed, could not follow the Court's instructions.  To the contrary, it is presumed that juries follow the instructions given to them by a court. "Few tenets are more fundamental to our jury trial system than the presumption that juries obey the court's instructions. The 'crucial assumption' underlying the system of trial by jury 'is that juries will follow the instructions given them by the trial judge.'" Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983) (quoting Parker v. Randolph, 442 U.S.

---

[3] Contrary to the defendant's belief that the counts relating to AG lack forensic evidence, there are numerous phone records as well as images retrieved from the defendant's phone that will be submitted at trial to demonstrate the hundreds of phone and text connections between the defendant and AG, as well as images of AG that the defendant received during the period charged in the indictment.

62, 73 (1979)).  The presumption that juries follow their instructions is necessary to any meaningful search for the reason behind a jury verdict." United States v. Brown, 983 F.2d 201, 203 (11th Cir.1993).

Although the defendant might stand a better chance of an acquittal if the case is severed into separate trials, it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. See, e.g., United States v. Martinez, 922 F.2d 914, 922 (CA1 1991). Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 (1968). While "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence," a fair trial does not include the right to exclude relevant and competent evidence.  See Zafiro v. United States, 506 U.S. 534, 539 (1993), (quoting Bruton at 131).  In this case, it is in no way economical or efficient to conduct three separate trials, as the defendant requests, when the evidence relating to each count will be admissible in the trials of the other counts and the defendant cannot establish that one trial would result in specific and compelling prejudice.

The defendant asserts that if severance is not granted, he "may become confounded in presenting separate defenses."  The defendant has failed to explain why presenting different types of defenses would be contradictory.  As stated above, the evidence relating to each of the counts charged is strikingly similar and occurred close in time to each other.  In addition, while the defendant  may present different defenses, he has set forth no facts to establish that such defenses would be sufficiently contradictory to warrant severance. See Hersh at 1243.

The defendant also cites to the case of  Zafiro v. United States, 506 U.S. 534 (1993), but contrary to supporting the defendant's request for a severance as it relates to presentation of defenses, in that case, the Supreme Court held that Rule 14 does not require severance as a matter of law when co-defendants present "mutually exclusive defenses."

> While the Rule recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government, it does not make mutually exclusive defenses prejudicial per se or require severance whenever prejudice is shown. Rather, severance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence. The risk of prejudice will vary with the facts in each case, and the Rule leaves determination of the risk, and the tailoring of any necessary remedy, to the sound discretion of the district courts. Although separate trials will more likely be necessary when the risk is high, less drastic measures, such as limiting instructions, often will suffice.

Id. at 538-39.

In this case, there is only one defendant and he has set forth no facts to establish that his need to present mutually exclusive defenses on different counts requires that this case be severed. Moreover, even if there is some risk of prejudice, it is of the type that can be cured with proper instructions from the District Court.

The defendant also argues that if severance is not granted, he will be forced to choose between testifying as to all counts or not testifying at all.  "[S]everance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others." United States v. Forrest, 623 F.2d 1107, 1115 (5th Cir.1980) (citation omitted).  Rather, to establish that a joinder of charges would keep him from testifying, the defendant must establish that the "charges are distinct in time, place, and evidence, that there was 'important' evidence that he might have offered on one set of charges but could not, and that he had a 'strong need' not to testify on the other

14

counts." Hersh at 1243 (quoting United States v. Gardiner, 955 F.2d 1492, 1497 (11th Cir.1992)). The defendant has not made any of these necessary showings.

In addition, as stated above, in a trial on the counts relating to one victim, the government will seek to admit evidence relating to the other victims, as inextricably intertwined and/or pursuant to the Federal Rules of Evidence.  Thus, severance would not prevent the jury from hearing about the evidence as to each of the victims.  If the evidence of the prior offense would be admissible in a trial of the other charges, and if the possibility of prejudice is otherwise minimized, the charges need not be severed.  United States v. Jiminez, 983 F.2d 1020 (11th Cir. 1993); Stone v. Green, 796 F.2d 1366 (11th Cir. 1986).

As stated above, to reduce any potential unfair prejudice resulting from the joinder in this case, the District Court can instruct the jury that they can find guilt on a particular count only if the government meets all of the elements for that count. See Walser at 387  ("[I]f the possible prejudice may be cured by a cautionary instruction severance is not required.").

Defendant has not alleged sufficient facts or circumstances to show actual compelling prejudice, as required for severance under Rule 14.  See United States v. Cassano, 132 F.3d 646, 651 (11th Cir.1998) ( citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir.1997)).  In essence, Defendant argues prejudicial spillover, which is insufficient absent particularized facts indicating that the jury would be unable to follow appropriate limiting instructions and fairly evaluate the evidence against him and render a fair and impartial verdict as to each count.  See Walser at 386–87; see also United States v. Wasson, 568 F.2d 1214, 1222 (5th Cir.1978).

## CONCLUSION

Wherefore, the United States respectfully requests that the Court deny the defendant's motion to sever (DE 57). The United States further submits that this motion can be decided on the papers submitted by the parties and does not require an evidentiary hearing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  s / *Corey Steinberg*
   Assistant United States Attorney
   Florida Bar No. 0563234
   500 Broward Blvd. 7th Floor
   Fort Lauderdale, Florida 33394-3016
   Tel: 954-356-7255,
   Fax: 954-356-7336

By:  s/ *Anitha S. Ibrahim*
   Trial Attorney
   CA Bar # 254629
   U.S. Department of Justice
   Criminal Division
   Child Exploitation and Obscenity Section
   Tel: (202) 616-3181

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 8, 2011, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.


s / _Corey Steinberg_

Assistant United States Attorney