UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/Seltzer(s)

**UNITED STATES OF AMERICA,**

v.

**BENJAMIN RAND,**

        **Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS (DE 50): NO CHILD PORNOGRAPHY

The United States of America, through the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, respectfully submit this response in opposition to defendant's motion to dismiss based on the claim that the images in this case do not constitute child pornography. (DE 50). The United States respectfully requests that the Court deny defendant's motion as it has no basis in law or in fact.

### PROCEDURAL BACKGROUND

The defendant is charged in a seven count Superseding Indictment with two counts of production of child pornography, in violation of 18 U.S.C. §2251(a), two counts of receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2), two counts of using a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. §2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B).

Counts One though Three relate to victim CR, who was 14 years old during the period charged in the those counts of the Superseding Indictment. Count Four through Six relate to victim AG, who was 16 years old during the period charged in those counts of the Superseding Indictment.

Count Seven relates to MS, who was 11 years, and BS, who was 16 years old, during the period charged in that count of the Superseding Indictment.

Contrary to the defendant's claim that "the images produced by the government and reviewed to date in discovery by the defense have failed to depict images of child pornography," (See Def's Motion to Dismiss, p.2), the government has made available to the defense on numerous occasions all the images allegedly depicting child pornography that the government intends to use in the trial of this matter. These include sexually explicit images of CR, AG, MS and BS that constitute child pornography.

## MEMORANDUM OF LAW

The defendant's motion seeks to dismiss the counts of the Superseding Indictment that involve child pornography, that is, Counts One, Two, Four, Five and Seven. In support of this request, the defendant argues that the images in this case do not constitute child pornography, relying on the test articulated in United States v. Dost[1], 636 F. Supp. 828, 832 (S.D. Cal. 1986) and United States v. Williams[2], 444 F.3d 1286 (11th Cir. 2006). Defendant's motion rests on the grounds that

---

[1] Although the government submits that the question of whether the evidence in this case meets the statutory definition of sexually explicit conduct as defined in 18 U.S.C. §2256(2) is one to be decided by the trier of fact, it is important to note that the Dost factors cited by the defendant have been found to be neither comprehensive nor necessarily applicable in every situation." See United States v. Amirault, 173 F.3d 28, 31 (1st Cir.1999) "The inquiry will always be case-specific." Id.; see also United States v. Hilton, 257 F.3d 50, 57 (1st Cir.2001) (warning that the Dost factors, "although 'generally relevant,' are not comprehensive[,] and each determination of whether an image contains a lascivious display is necessarily case specific" (quoting Amirault, 173 F.3d at 32)).

[2] The Williams case cited by the defendant has been overruled. Certiorari Granted by U.S. v. Williams, 549 U.S. 1304, 127 S.Ct. 1874, 167 L.Ed.2d 363, 75 USLW 3286, 75 USLW 3508, 75 USLW 3511, 76 USLW 3017 (U.S. Mar 26, 2007) (NO. 06-694) and Opinion Reversed by U.S. v. Williams, 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650, 76 USLW 4275, 08 Cal. Daily Op. Serv. 5989, 2008 Daily Journal D.A.R. 7227, 21 Fla. L. Weekly Fed. S 238 (U.S. May 19, 2008) (NO. 06-694).

the images at issue in this case do not constitute a "lascivious exhibition of the genital or pubic area", and therefore, they do not depict "sexually explicit conduct" pursuant to 18 U.S.C. § 2256, as a matter of law. Defendant requests an evidentiary hearing, and although the motion fails to state the reason why such a hearing on this issue is required, it is presumably so the Court can conduct a pre-trial review and analysis of the images in this case to determine whether the images constitute a "lascivious exhibition of the genitals or pubic region." Defendant's motion should be denied.

The issue of whether the images constitute a "lascivious exhibition of the genitals," and are thus "sexually explicit" within the meaning of 18 U.S.C. § 2256, is not a matter to be decided on a pre-trial motion to dismiss, but rather, is a question of fact for the jury to decide. "There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992), see also United States v. Salman, 378 F. 3d 1266 (11th Cir. 2004), agreeing with circuits that have found that no authority exists in the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law.

Fed.R.Crim.P. 12(b) provides that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." As the language of the rule indicates, when the issue raised involves a question that may not be determined without "trial of the general issue" it is not proper for decision by pretrial motion. The "general issue" has been defined as evidence relevant to the question of guilt or innocence. United States v. Barletta, 644 F.2d 50, 58 (1st Cir.1981). It follows that a pretrial motion to dismiss an indictment, or counts therein, cannot be based on a sufficiency of the evidence argument because such an

3

argument raises factual questions embraced in the general issue. United States v. Mann, 517 F.2d 259, 267 (5th Cir.1975), cert. denied, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976); United States v. King, 581 F.2d 800, 802 (10th Cir.1978).

In this case, the question of whether the images of CR, AG, MS and BS meet the statutory definition of child pornography is a question to be decided by the jury. It is well settled that the inquiry into what constitutes a "lascivious exhibition of the genitals" is a question for the jury. United States v. Rayl, 270 F.3d 709, 714 (8th Cir. 2001); United States v. Knox, 32 F.3d 733, 747 (3rd Cir. 1994) ("we adhere to the view that 'lasciviousness' is an inquiry that the finder of fact must make...."); United States v. Arvin, 900 F.2d 1385, 1390 (9th Cir. 1990)("While it is arguable that the pictures are not, in fact, lascivious, the district court did not err in refusing to dismiss the indictment on this basis. The issue of lasciviousness was properly allowed to go to the jury."); United States v. Whorley, 400 F.Supp.2d 880, 883 (E.D. Va. 2005) (holding no technical or other specialized knowledge is necessary for the jury to determine whether the Dost factors are present).

The defendant is essentially making a pretrial motion for acquittal, something not authorized by Rule 29 of the Federal Rules of Criminal Procedure. He is asking the Court to making specific pretrial findings of fact and conclude that the evidence does not support the charges. Because this determination is properly one reserved for the jury at trial, this Court should deny defendant's pretrial motion.

**CONCLUSION**

Wherefore, the government respectfully requests that the Court deny the defendant's motion to dismiss (DE 50). The United States further submits that this motion can be decided on the papers submitted by the parties and does not require an evidentiary hearing

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:    s / *Corey Steinberg*
           Assistant United States Attorney
           Florida Bar No. 0563234
           500 Broward Blvd. 7th Floor
           Fort Lauderdale, Florida 33394-3016
           Tel: 954-356-7255,
           Fax: 954-356-7336

By:    s/ *Anitha S. Ibrahim*
           Trial Attorney
           CA Bar No. 254629
           U.S. Department of Justice
           Criminal Division
           Child Exploitation and Obscenity Section
           Tel: (202) 616-3181

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 8, 2011, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.

                                                  s / *Corey Steinberg*
                                            Assistant United States Attorney