## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  11-60088-CR-COHN/Seltzer(s)

UNITED STATES OF AMERICA,

v.

BENJAMIN RAND,

               **Defendant.**

_____/

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION (DE 54) FOR A BILL OF PARTICULARS

The United States of America, through the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, respectfully submit this response to defendant's motion for a Bill of Particulars. (DE 54).  The defendant has filed this motion asking for detailed information about the government's case.  In accordance with Eleventh Circuit law, the Superseding Indictment and the discovery provided in this case puts the defendant on notice of the charges against him, allows him to prepare for trial, and enables him to plead double jeopardy in the event of a later prosecution for the same offense. The majority of the information sought by the defendant in this motion is merely an improper attempt to obtain generalized discovery.

However, to enable the defendant to prepare for trial, this response will provide the following specific information:

- The file number(s) for each of the images that the government will offer in evidence at trial as depicting child pornography[1];

- The underlying Florida criminal offense(s) pertaining to Counts Three and Six of the Superseding Indictment, (using a computer to entice a minor to engage in sexual

_____

[1]  The government may introduce additional images for other purposes such as to corroborate witness statements, or to prove attempt charges.

activity, in violation of 18 U.S.C. §2422(b)).

In regard to any other items requested by the defendant in his motion, the government would respectfully request that the Court deny the defendant's request for a bill of particulars.

## PROCEDURAL BACKGROUND

The defendant is charged in a seven count Superseding Indictment with two counts of production of child pornography, in violation of 18 U.S.C. §2251(a), two counts of receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2), two counts of using a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. §2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B).

Counts One though Three relate to victim CR, who was 14 years old during the period charged in those counts of the Superseding Indictment. Counts Four through Six relate to victim AG, who was 16 years old during the period charged in those counts of the Superseding Indictment. Count Seven relates to MS, who was 11 years, and BS, who was 16 years old, during the period charged in that count of the Superseding Indictment.

The defendant has received discovery in this case as outlined in the following responses to the standing discovery order: DE 19, DE 22, DE, 37. In addition, the government has made electronic evidence available for review by defense counsel, defense investigators and the defense forensic examiner on five separate occasions, including May 16, 2011, June 21, 2011, July 12, 2011, August 10, 2011, and August 22, 2011. On the August 10, 2011 date, the government made arrangements for the evidence to be viewed at the courthouse by the defendant, in the presence of defense counsel and defense investigators

I.      **The Law On Bills of Particulars**[2]

A motion for bill of particulars has a very specific purpose. It is not intended to be used as a discovery tool. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (commenting that "[g]eneralized discovery is not the proper function of a bill of particulars"). Nor is a bill of particulars "designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely on at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980).

Rather, as the Eleventh Circuit has explained:

> The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. . . . A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. . . . To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. . . .

United States v. Anderson, 799 F.2d 1438, 1441-42 (11th Cir. 1986) (emphasis in original; citations and quotations omitted).  In other words, "[t]he function of the bill of particulars is to reduce surprise at the charge . . . . It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant." United States v. Scrushy, 2004 WL 483264, at *7–9 & n.5 (N.D. Ala. March 3, 2004) (emphasis in original). Where the information needed to give notice of the charge has already been provided in the indictment and discovery, a bill of particulars is not required. United States v. Martell, 906 F.2d 555, 558 (11th Cir. 1990) ("[A] defendant is not

---

[2]Federal Rules of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f).

entitled to a bill of particulars 'with respect to information which is already available through other sources.'").

Finally, the Court has substantial discretion to grant or deny a motion for bill of particulars. United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1991). The Eleventh Circuit's review of the Court's bill of particulars decision is very narrow; the denial of a request for bill of particulars "may be challenged only for abuse of that discretion," and "[p]roof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by denial." Id.

## II.     Particulars Regarding Images of Child Pornography

In order to allow the defendant to properly prepare for trial in this matter, the government is providing the following chart setting forth the specific images it will offer in evidence at trial as depicting child pornography[3]:

|  | Image File Name(s) |
|---|---|
| Counts 1-3 (relating to CR) | • 31341603036_ORIG, f1074752, f1074880 |
|  | • 31341676643_ORIG, f1075008, f1075136 |
|  | • 31341734633_ORIG, f1075200, f1075328 |
|  | • 31341559474_ORIG, f1074560, f1074688 |
|  | • 31343651650_ORIG, f1075392, f1075456 |
|  | • 31343714293_ORIG, f1075648, f1075712 |

---

[3] For images relating to CR and AG, the same images were recovered from the defendant's cell phone and the defendant's Sprint account. Thus, the government has provided multiple file names for the same image. For the images relating to MS and BS, some of these images were retrieved from the defendant's Sprint account, and then images of the images were recovered from the defendant's cell phone. The government has listed each image from the Sprint account and the image of the image from the defendant's cell phone as separate images.

4

| | |
|---|---|
| | • 31343600279_ORIG, 31343758998_ORIG, 31343771470_ORIG, f1076224, f1076416 |
| | • 31343600288_ORIG |
| | • 31343806944_ORIG, 31343930032_ORIG, f1077248, f1077312 |
| | • 31343834508_ORIG, f1076864, f1076992 |
| | • 31343859246_ORIG, f1077056, f1077120 |
| | • 31542133723_ORIG |
| | • 31542145884_ORIG |
| | • 31542160911_ORIG, f0951424 |
| | • 31542169631_ORIG, f0965376, f0966784 |
| | • 31542178660_ORIG |
| | • 31542440642_ORIG, f0984064, f0984128 |
| | • 31542504354_ORIG, f0984384, f0984448 |
| | • 31542515602_ORIG, f0984640, f0984768 |
| | • 31542532875_ORIG, f0984832, f0984960 |
| | • 31542582680_ORIG, f0985024, f0985988 |
| | • 31572109922_ORIG, f1003712, f1003776 |
| | • 31572059038_ORIG, f1003584, f1003648 |
| Counts 4-6 (relating to AG) | • 31021569373_ORIG |
| | • 31022362937_ORIG |
| | • 31022440261_ORIG |

|  | |
|---|---|
|  | • 31020788586_ORIG |
|  | • 31246911582_ORIG, fl056000, fl056192 |
|  | • 31246968446_ORIG, fl058560, fl058752 |
|  | • 31247286493_ORIG, fl058816, fl059008 |
|  | • 31247029552_ORIG, fl059136, fl057792 |
| Count 7 (relating to MS and BS) | • fl215552 |
|  | • 191413426949_ORIG |
|  | • fl216128 |
|  | • 191413447941_ORIG |
|  | • fl216448 |
|  | • 191413463173_ORIG |
|  | • fl216832 |
|  | • 191413474565_ORIG |
|  | • fl217088 |
|  | • 191413485957_ORIG |
|  | • fl217344 |
|  | • 191413497221_ORIG |
|  | • fl217664 |
|  | • 191414392581_ORIG |
|  | • fl229632 |
|  | • 198489797765_ORIG |
|  | • fl229888 |

| | |
|---|---|
| | •     198489814917_ORIG |
| | •     f1230272 |
| | •     198489833861_ORIG |
| | •     f1230912 |
| | •     199709902597_ORIG |

**III.     Particulars Regarding Criminal Offense(s) Relating to Counts Three and Six**

Count Three of the Superseding Indictment charges that the defendant, using a facility and means of interstate commerce, did knowingly persuade, induce, entice and coerce an individual who had not attained the age of eighteen years, that is, CR, to engage in sexual activity under such circumstances as would constitute a criminal offense, and attempted to do so, in violation of Title 18, United States Code, Section 2422(b).  Count Six of the Superseding Indictment charges that the defendant, using a facility and means of interstate commerce, did knowingly persuade, induce, entice and coerce an individual who had not attained the age of eighteen years, that is, AG, to engage in sexual activity under such circumstances as would constitute a criminal offense, and attempted to do so, in violation of Title 18, United States Code, Section 2422(b).

As to Count Three, the government will establish at trial that the defendant engaged or attempted to engage in the following sexual activity as it relates to victim CR, activity that would constitute a criminal offense in the State of Florida:

-     Fla. Stat. 800.04(4)(b) - lewd or lascivious battery[4];

---

[4] Under Florida law, to prove the crime of lewd or lascivious battery (Fla. Stat. 800.04(4)(b)), it must be established that the victim was under the age of 18 and the defendant encouraged, forced or enticed the victim to engage in any act involving sexual activity.

- Fla. Stat. 800.04(5) - lewd or lascivious molestation[5];

- Fla. Stat. 847.0135(3) - soliciting a child for unlawful sexual conduct using computer services[6];

- Fla. Stat. 800.04(6) - lewd or lascivious conduct[7];

- Fla. Stat. 827.071(2) & (3) - use of a child in a sexual performance[8]

As to Count Six, the government will establish at trial that the defendant engaged or attempted to engage in the following sexual activity as it relates to victim AG, activity that would constitute a criminal offense in the State of Florida:

- Fla. Stat. 800.04(4)(b) - lewd or lascivious battery;

---

[5] Under Florida law, to prove the crime of lewd or lascivious molestation (Fla. Stat. 800.04(5)), it must be established that the victim was older than 12 but less than 16, the defendant was 18 years of age or older, and the defendant intentionally touched in a lewd or lascivious manner the breasts, genitals or buttocks of the victim or the clothing covering them.

[6] Under Florida law, to prove the crime of soliciting a child for unlawful sexual conduct using computer services or other devices (Fla. Stat. 847.0135(3)), it must be established that the defendant knowingly used a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child.

[7] Under Florida law, to prove the crime of lewd or lascivious conduct (Fla. Stat. 800.04(6)), it must be established that the victim was less than sixteen years of age, the defendant either (a) intentionally touched the victim in a lewd or lascivious manner; or solicited the victim to commit a lewd or lascivious act, and the defendant was eighteen years of age or older.

[8] Under Florida law, to prove the crime of use of a child in a sexual performance (Fla. Stat. 827.071(2)), it must be established that defendant employed, authorized or induced the victim to engage in a sexual performance, the defendant knew the character and content of the performance and, at the time, the victim was less than 18 years of age. Under Fla. Stat. 827.071(3), it must be established that the defendant, knowing the character and content thereof, produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age.

- Fla. Stat. 847.0135(3) - soliciting a child for unlawful sexual conduct using computer services;

- Fla. Stat. 827.071(2) - use of a child in a sexual performance

**IV.    The Superseding  Indictment/Discovery is Otherwise Sufficient in this Case**

The United States respectfully submits that the Superseding Indictment and the discovery provided by the government in this case has informed the defendant of the charges against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offenses." *See* <u>Anderson</u> at 1441, citing <u>United States v. Cole</u>, 755 F.2d 748,760-61 (11th Cir. 1985).  In this case, the Superseding Indictment itself tracks the language of the statutes charged, an important factor in the Court's consideration.  <u>Id</u>.  An indictment is sufficient under the Constitution and Federal Rule of Criminal Procedure 7(c)(1) to notify the defendant of the charges against him if it tracks the language of the statute. <u>United States v. Adkinson</u>, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) ("An indictment need do little  more than track the language of the statute charged to be sufficient."); <u>United States v. Ramos</u>, 666 F.2d 469, 474 (11th Cir. 1982) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1942)). The Superseding Indictment here does that.

The Superseding Indictment puts the defendant on notice that he is charged with violating four federal statutes: Production of Child Pornography (18 U.S.C. §2251(a)); Receipt of Child Pornography (18 U.S.C. §2252(a)(2)); Use of a Computer to Entice a Minor to Engage in Sexual

Activity (18 U.S.C. §2422(b)); and Possession of Child Pornography (18 U.S.C. §2252(a)(4)(B)). The Superseding Indictment tracks the language and includes all of the essential elements of the statutes charged.

The defendant has already been put on notice that Count One through Three relate to victim CR, Count Four through Six relate to victim AG and Count Seven relates to victims MS and BS. The images that the government will offer into evidence at trial as depicting child pornography are provided in this response, as are the specific criminal offense(s) that relate to Counts Three and Six of the Superseding Indictment. The remaining information sought by the defendant is not warranted as such information is available through other sources and/or is not required to be produced in advance of trial.

The defendant seeks, through this motion, to have the government provide a roadmap for its entire case. The defendant requests, for each count of the Superseding Indictment, information such as, "what images, why sexually explicit, what sexual activity, how received, how/who produced, images from where forensically and/or what testimony in support? When? Where?" See, Defendant Motion for Bill of Particulars, pp. 5-6.

"[G]eneralized discovery is not a proper purpose in seeking a bill of particulars". United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978). Rule 7(f) is not a discovery device; it cannot be used as a way to get a neat and organized list of the evidence the government intends to introduce at trial. See Burgin, at 1359. The defendant has received discovery in this case. In addition, the government has conducted numerous discovery conferences at the defendant's request, wherein defense counsel as well as their investigators and forensic experts, were present and were able to view the child pornography in this case.

The government has also filed several motions, notices and responses to defense motions in this case, specifically setting forth the facts it intends to prove at trial.  These include:

- Motion for Court Ordered Production of Defendant's Buccal Cell Swabs for DNA Testing (DE 26);

- Motion in Limine to Bar Evidence of Consent, to Exclude Prior Sexual Histories of Victims and to Protect Full Identities of Victims (DE 45);

- United States' Notice of Intent to Use "Similar Crimes" and "Other Act" Evidence at Trial (DE 46);

- United States' Notice of Intent to Introduce at Trial Evidence of Defendant's Prior Bad Acts and Resulting Juvenile Adjudications (DE 47);

- Government's Response in Opposition to Defendant's Motions To Suppress Statements (DE 67);

- Government's Response to Defendant's Motion to Sever Counts (DE 68); and

- Government's Response to Defendant's Motion to Dismiss -  No Child Pornography (DE 69).

These motions, notices and responses set forth the government's theory of the case in great detail. In fact, it would seem that as a result of all these filings, the defendant has been provided with many of the particulars he is seeking in this motion.

As a result of these filings, coupled with the discovery, much of the information the defendant seeks has already been provided, such as, who took the images and why, as well as a general description of the testimony that will be used to support the charges.  Where discovery has been provided, and the information that the defendant seeks through a bill of particulars has also been provided, as it has in this case, the Eleventh Circuit, and the district courts in this Circuit, have made clear a bill of particulars is inappropriate. See, e.g., Martell, 906 F.2d at 558 ("Furthermore, a defendant is not entitled to a bill of particulars with respect to information which is already

available through other sources." (quotation omitted)); <u>United States v. Rosenthal</u>, 793 F.2d 1214, 1227 (11th Cir. 1986); ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); <u>Anderson</u>, 799 F.2d at 1442 ("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule."); <u>United States v. Dean</u> , 606 F. Supp. 2d 1335, 1339 (M.D. Ala. 2009) ("A bill of particulars is not required if the information the defendant seeks has been provided by other sources.").

Here, the defendant is on notice of the charges against him, and unlike in many cases, has been essentially provided with the government's theory of the case.  Other than what is provided in this response, the majority of the defendant's motion is nothing more than an attempt to obtain detailed information regarding how the government intends to prove its case at trial. This is not a proper purpose for a bill of particulars. <i>See</i> <u>Cole</u>, 755 F.2d at 760-61; <u>United States v. Roberts</u>, 174 Fed. Appx. 475, 477 (11th Cir. 2006).

<b><u>CONCLUSION</u></b>

Wherefore, the government respectfully request that, with the exception of the detailed information provided in this response, specifically, the images the government alleges are child pornography and the sexual activity that would constitute a criminal offense in the State of Florida, the defendant's motion for a bill of particulars should be denied.  The United States further submits that this motion can be decided on the papers submitted by the parties and does not require an evidentiary hearing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    s / *Corey Steinberg*
            Assistant United States Attorney
            Florida Bar No. 0563234
            500 Broward Blvd. 7th Floor
            Fort Lauderdale, Florida 33394-3016
            Tel: 954-356-7255,
            Fax: 954-356-7336

By:    s/ *Anitha S. Ibrahim*
            Trial Attorney
            CA Bar # 254629
            U.S. Department of Justice
            Criminal Division
            Child Exploitation and Obscenity Section
            Tel: (202) 616-3181

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 14, 2011, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.

s / *Corey Steinberg*
_____
Assistant United States Attorney