UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60088-CR-COHN/Seltzer(s)(s)

UNITED STATES OF AMERICA,

v.

BENJAMIN RAND,

      Defendant.
_____/

## FACTUAL BASIS

BENJAMIN RAND (hereinafter referred to as "Defendant") individually and by and through his counsel, Christopher Grillo, and the United States by and through the undersigned Assistant United States, agree and stipulate that the government would produce evidence of the facts recited below which are a fair and accurate summary of the events and the defendant's involvement in the conduct charged in the underlying Second Superseding Indictment and the charges to which the defendant is pleading guilty.

On March 20, 2011, Pembroke Pines detectives responded to a report of a sexual assault on a minor. The minor, C.R., who was 14 years old on that date, told the detectives that she had become involved with a former friend of her older brother. In February 2010, the defendant and CR began communicating with each other via text messaging and seeing each other in person. On numerous occasions over the course of their relationship, the defendant instructed CR to take sexually explicit images of herself using her cell phone and to text the messages to him on his cell phone. C.R. eventually gave in. The defendant would often text her with requests of how she should pose in the pictures, including asking her to use her fingers to spread her vagina open and to insert an object into her vagina. CR said she immediately deleted the

images on her phone and believed that the defendant had deleted the images from his phone. On one occasion, the defendant sent CR pictures of his exposed penis to her phone.

In December of 2010, the defendant asked CR to meet him personally. She agreed and they met in the defendant's car behind the Roasted Pepper in Pembroke Pines. According to CR, during this encounter, the defendant pulled down her pants and inserted his penis into her vagina. Although CR was a virgin, she did not object to engaging in sexual intercourse with the defendant at this time. However, after this meeting, CR began to avoid contact with the defendant, often ignoring his messages. This seemed to anger the defendant. At some point, the defendant threatened to create a website where he would post all the naked pictures of CR. He also threatened that he would send the link to the website to CR's family. CR was petrified that the defendant would follow through on these threats. Therefore, she continued to see and communicate with the defendant. She also continued sending him naked pictures of herself that the defendant repeatedly asked for. On March 19, 2011, the defendant insisted that C.R. meet with him behind the Roasted Pepper. After trying to make excuses not to, she finally relented and agreed to meet the defendant in his car behind the restaurant. Once inside his car, C.R. claims that the defendant tried to have sex with her, but she refused. According to C.R., the defendant then pulled down her pants, inserting his penis into her vagina. C.R. later told her family what happened and the police were called. C.R. was taken by ambulance to the hospital and later to the Sexual Assault Treatment Center where she was given a rape examination. Results of DNA testing conducted by the Broward Sheriff's Office Laboratory revealed that the semen found inside CR on March 20, 2011 belongs to defendant, Rand.

Pembroke Pines Police Department (PPPD) located the defendant that night and interviewed him. Initially, the defendant denied having any relationship with CR, but later admitted that he had been  involved with her and that she had been sending him sexually explicit images. He also admitted to

threatening to tell her father about the pictures, but claimed he only did that so C.R. would leave him alone. The defendant provided consent for the police to check his phone.

Numerous images of minors in sexually explicit images were recovered from the deleted space of the defendant's Samsung Galaxy phone. On April 7, 2011, the defendant was again shown the pictures that had been recovered from his cell phone. The defendant admitted to having pictures of other young females whom he believed to be between the ages of 16 to19. The defendant was shown the pictures of CR. The defendant identified her by name and stated that he thought she was 17, although he admitted that she looked younger. The defendant stated that he had asked CR to send him the pictures, and detailed the types of poses he asked for, including asking her to take a picture of herself inserting her fingers into her vagina [and an object]. The defendant claimed that CR was uncomfortable doing this, so she chose to use a marker instead. The defendant claimed that CR sent him some pictures without being asked and he believed she did so because she was "into him" and wanted to keep his interest. The defendant admitted that he began communicating with CR via text message shortly after his release from jail in February 2010, and said that their relationship progressed over time from innocent pictures to "these" pictures. The defendant also admitted that he "has an addiction to pornography which is why I ask for pictures...the more the merrier." He claimed that he could not get excited if he does not know the people in the images. Eventually, the defendant admitted knowing CR was young because she was a younger sister of a friend of his. He denied using a computer and stated that he always uses his phone as a computer.

Also located on the defendant's phone were images of 16 year old A.G. A.G. was interviewed [and] advised that she had met the defendant when she was 16 and the defendant was 20. They met when the defendant approached her on facebook. A.G. and the defendant began having a sexual relationship. And the defendant asked her to send him sexually explicit images. Recovered

from the defendant's Sprint account were several pictures of A.G. naked in the bathtub sent at the defendant's request.

Also located on the defendant's Galaxy phone were images of minors M.S. and B.S. In 2007 and 2008, when the defendant was 17, he was in a relationship with BS who was 16 at the time. During the course of their relationship, the defendant had BS send him sexually explicit images of herself, including images of her genitalia, to his cell phone and email. The defendant also befriended BS's 11-year old sister, MS. The defendant also persuaded MS to take and send him sexually explicit images of herself, including images of her genitalia. When M.S. tried to say no to the defendant, he threatened to show her pictures to her parents. The defendant was arrested and pled no contest as a juvenile in 2008 to certain charges, including possession of images involving children in a sexual performance, based in part on the images of M.S.

When the defendant was arrested again in March of 2011, law enforcement recovered the sexually explicit images of MS and BS that were [~~was~~] taken in 2007 and 2008. The images found on the defendant's phone in March of 2011 depicted images of the underlying child pornography of MS and BS displayed on another cell phone. The underlying sexually explicit images of MS and BS were also recovered from the defendant's Sprint account. Images stored on the defendant's Sprint account are transmitted and stored on Sprint Nextel servers located in Sunnyvale, CA.

A cellular telephone is a facility or means of interstate or foreign commerce. Under the law of the State of Florida, it is a crime for a person 18 years of age or older to engage in sexual activity with a person 12 years of age or older but less than 16 years of age. The foregoing events occurred in Broward County in the Southern District of Florida and elsewhere.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11/1/11

By: *Corey Steinberg*
COREY STEINBERG
ASSISTANT UNITED STATES ATTORNEY

Date: 1/1/11

By: *Chris Grillo*
CHRISTOPHER GRILLO
ATTORNEY FOR DEFENDANT

Date: 1/1/11

By: *Benjamin R. Rand*
BENJAMIN RAND
DEFENDANT