```
1              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA
2
                  11-60088-CR-COHN/SETLZER
3
4   THE UNITED STATES OF AMERICA, )
                                  )
5              PLAINTIFF,         )
                                  )
6        VS.                      )
                                  )
7   BENJAMIN RAND,                )
                                  )
8              DEFENDANT.         )
    _____)
9
10
11          TRANSCRIPT OF PLEA HAD BEFORE THE HONORABLE JAMES I.
12  COHN, IN FORT LAUDERDALE, BROWARD COUNTY, FLORIDA, ON TUESDAY,
13  NOVEMBER 1, 2011, IN THE ABOVE-STYLED MATTER.
14
15
    APPEARANCES:
16
    FOR THE GOVERNMENT:   COREY STEINBERG, A.U.S.A.
17                        500 E. BROWARD BLVD., 7TH FLOOR
                          FT. LAUDERDALE, FL 33301 - 954 356-7255
18
                          ANITHA S. IBRAHIM, A.U.S.A.
19                        U.S. DEPARTMENT OF JUSTICE
                          1400 NEW YORK AVE., NW
20                        WASHINGTON, DC 20530 - 202 616-3181
21
22
                        CARL SCHANZLEH
23                     OFFICIAL COURT REPORTER
                       U. S. COURTHOUSE
24                  299 E. BROWARD BLVD., 202B
                   FORT LAUDERDALE, FLORIDA 33301
25                       954 769-5488
```

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANT:   CHRISTOPHER A. GRILLO, ESQ.
                          ONE E. BROWARD BLVD., SUITE 700
 3                        FT. LAUDERDALE, FL 33301 - 954 524-1125

 4                        OMAR F. G. JOHANSSON, ESQ.
                          ONE E. BROWARD BLVD., SUITE 700
 5                        FT. LAUDERDALE, FL 33301 - 954 745-7517

 6

 7

 8

 9

10
                         TABLE OF CONTENTS
11
     WITNESSES:                    DIRECT  CROSS REDIRECT RECROSS
12

13                      INDEX TO EXHIBITS

14   EXHIBITS                      MARKED FOR        RECEIVED
                                 IDENTIFICATION    IN EVIDENCE
15
     DESCRIPTION                 PAGE    LINE    PAGE    LINE
16

17

18

19

20

21

22

23

24

25
```

1 (FORT LAUDERDALE, BROWARD COUNTY, FLORIDA;  TUESDAY,

2 NOVEMBER 1, 2011, IN OPEN COURT.)

3       THE COURT:  ALL RIGHT.  THE RECORD WILL REFLECT THAT

4 MR. RAND IS PRESENT REPRESENTED BY COUNSEL.

5       MR. RAND, WOULD YOU APPROACH THE PODIUM, PLEASE.

6       IT IS THE COURT'S UNDERSTANDING THAT PURSUANT TO A

7 WRITTEN PLEA AGREEMENT THAT MR. RAND WISHES TO ENTER A GUILTY

8 PLEA TO COUNTS THREE AND SEVEN OF THE SECOND SUPERSEDING

9 INDICTMENT.  IS THAT CORRECT, MR. GRILLO?

10       MR. GRILLO:  YES, JUDGE.

11       THE COURT:  ALL RIGHT.  MR. RAND, I AM GOING TO NEED

12 TO ASK YOU SOME QUESTIONS.  WOULD YOU FIRST --

13       MR. GRILLO:  YOUR HONOR, IF I MAY.

14       HE SIGNED ONE AND THEY HAVE ASKED FOR A SECOND.  HE

15 DID SIGN ONE BUT THEY WANT ANOTHER EXECUTED COPY --

16       MS. STEINBERG:  NO.  THAT'S JUST THE STIPULATED

17 FACTUAL BASIS, MR. GRILLO.

18       MR. GRILLO:  OKAY.

19       THE COURT:  MR. RAND, WOULD YOU PLEASE RAISE YOUR

20 RIGHT HAND.

21             (DEFENDANT SWORN)

22       THE DEFENDANT:  YES, YOUR HONOR.

23       THE COURT:  ALL RIGHT.  YOU CAN PUT YOUR HAND DOWN.

24                   EXAMINATION

25 BY THE COURT:

1  Q.  MR. RAND, DO YOU UNDERSTAND THAT YOU ARE NOW UNDER OATH AND

2  THAT IF YOU ANSWER ANY OF MY QUESTIONS FALSELY YOUR ANSWERS MAY

3  LATER BE USED AGAINST YOU IN ANOTHER PROSECUTION FOR PERJURY OR

4  MAKING A FALSE STATEMENT?

5  A.  I DO, YOUR HONOR.

6  Q.  WOULD YOU STATE YOUR FULL NAME, PLEASE.

7  A.  BENJAMIN ELLIOTT RAND.

8  Q.  AND HOW OLD ARE YOU, MR. RAND?

9  A.  TWENTY YEARS OLD.

10  Q.  HOW FAR DID YOU GO IN SCHOOL?

11  A.  I GRADUATED HIGH SCHOOL.

12  Q.  IN THE LAST YEAR HAVE YOU BEEN TREATED FOR ANY TYPE OF

13  MENTAL ILLNESS OR ADDICTION TO A NARCOTIC DRUG OF ANY KIND?

14  A.  NO, YOUR HONOR.

15  Q.  HAVE YOU TAKEN OR CONSUMED ANY DRUGS, MEDICATION, OR

16  ALCOHOLIC BEVERAGE WITHIN THE LAST 24 HOURS?

17  A.  NO, YOUR HONOR.

18  Q.  DO YOU BELIEVE YOU HAVE A MENTAL CONDITION OR A PHYSICAL

19  CONDITION WHICH WOULD PREVENT YOU FROM UNDERSTANDING WHAT IS

20  TAKING PLACE HERE IN COURT THIS AFTERNOON?

21  A.  NO, YOUR HONOR.

22  Q.  HAVE YOU EVER BEEN FOUND INCOMPETENT BY A COURT OF LAW?

23  A.  NO.

24        THE COURT:  MR. GRILLO, DO YOU HAVE ANY REASON TO

25  BELIEVE THAT MR. RAND IS NOT COMPETENT TO ENTER A PLEA?

```
 1            MR. GRILLO:  I DO NOT, YOUR HONOR.
 2   BY THE COURT:
 3   Q.  MR. RAND, HAVE YOU RECEIVED A COPY OF THE SECOND
 4   SUPERSEDING INDICTMENT PENDING AGAINST YOU?
 5   A.  I HAVE.
 6   Q.  AND HAVE YOU FULLY DISCUSSED THE CHARGES AND THE CASE IN
 7   GENERAL WITH YOUR ATTORNEYS CHRIS GRILLO AND OMAR JOHANSSON?
 8   A.  YES, I HAVE.
 9   Q.  ARE YOU SATISFIED WITH THE REPRESENTATION AND ADVICE GIVEN
10   TO YOU IN THIS CASE BY MR. GRILLO AND MR. JOHANSSON?
11   A.  I AM.
12   Q.  DO YOU UNDERSTAND THAT COUNT THREE OF THE SECOND
13   SUPERSEDING INDICTMENT CHARGES USE OF A COMPUTER TO ENTICE A
14   CHILD TO ENGAGE IN SEXUAL ACTIVITY?
15   A.  YES.
16   Q.  DO YOU UNDERSTAND THAT COUNT SEVEN CHARGES POSSESSION OF
17   COMPUTER CHILD PORNOGRAPHY?
18   A.  YES.
19   Q.  DO YOU UNDERSTAND THAT BASED UPON YOUR PLEA OF GUILTY AS TO
20   COUNT THREE THE COURT MUST IMPOSE A MINIMUM TERM OF
21   IMPRISONMENT OF 10 YEARS AND MAY IMPOSE A SENTENCE OF UP TO
22   LIFE IMPRISONMENT.  THERE IS A MINIMUM TERM OF SUPERVISED
23   RELEASE OF FIVE YEARS UP TO A MAXIMUM TERM OF LIFE, A FINE OF
24   UP TO $250,000.  IN ADDITION THE COURT IS REQUIRED TO IMPOSE A
25   SPECIAL ASSESSMENT OF $100, AND THERE IS A REQUIREMENT THAT YOU
```

1  REGISTER AS A SEX OFFENDER UPON RELEASE FROM IMPRISONMENT.

2  A.  YES, YOUR HONOR.

3  Q.  WITH RESPECT TO COUNT SEVEN DO YOU UNDERSTAND THAT THE

4  COURT CAN SENTENCE YOU TO UP TO 10 YEARS IN PRISON FOLLOWED BY

5  A MANDATORY TERM OF SUPERVISED RELEASE OF FIVE YEARS UP TO A

6  MAXIMUM TERM OF SUPERVISED RELEASE OF LIFE --

7  A.  YES, YOUR HONOR.

8  Q.  -- A FINE OF UP TO $250,000.  IN ADDITION THERE IS A

9  MANDATORY SPECIAL ASSESSMENT OF $100, AND ONCE AGAIN THE COURT

10 IS REQUIRED TO -- THAT YOU ARE REQUIRED TO REGISTER AS A SEX

11 OFFENDER UPON RELEASE FROM IMPRISONMENT.

12 A.  YES, YOUR HONOR.

13 Q.  DO YOU HAVE ANY QUESTIONS REGARDING THE POSSIBLE PENALTIES

14 THAT COULD BE IMPOSED BASED UPON YOUR PLEA OF GUILTY TO COUNTS

15 THREE AND SEVEN OF THE SECOND SUPERSEDING INDICTMENT?

16       MR. GRILLO:  YOUR HONOR, MR. RAND HAS ASKED ME TO TELL

17 THE COURT THAT HE UNDERSTANDS THAT HE WILL BE SENTENCED TO A

18 PERIOD OF IMPRISONMENT, AND HE UNDERSTANDS THAT WHATEVER THAT

19 PERIOD OF IMPRISONMENT WOULD BE -- WELL, WE PRETTY MUCH KNOW

20 WHAT IT'S GOING TO BE, THAT HE WILL BE ELIGIBLE FOR STATUTORY

21 GAIN TIME PURSUANT TO THAT AGREEMENT.  WE KNOW OF NO REASON WHY

22 HE WOULD NOT BE.

23       THE COURT:  IS THAT A QUESTION?

24       MR. GRILLO:  YOU ASKED ME IF HE HAD ANY QUESTIONS.

25 THAT'S THE QUESTION THAT HE HAS.

 1            THE COURT:  THAT IS THE QUESTION THAT HE IS ASKING THE

 2  COURT?

 3            MR. GRILLO:  YES, SIR.

 4            THE COURT:  WELL, RIGHT NOW IT IS MY UNDERSTANDING

 5  THAT IF YOU ABIDE BY ALL THE RULES IN PRISON THAT YOU WILL BE

 6  REQUIRED TO SERVE 85 PERCENT OF THAT TIME.  BUT I AM NOT MAKING

 7  ANY REPRESENTATION TO YOU AS TO WHAT THE BUREAU OF PRISONS WILL

 8  OR WILL NOT DO REGARDING YOUR ELIGIBILITY FOR RELEASE.

 9            MR. GRILLO:  WELL, HE'S GOT A QUESTION ABOUT THE

10  GUIDELINES AND I'VE INDICATED TO HIM THIS IS ESSENTIALLY NOT A

11  GUIDELINES PLEA, THIS IS A PLEA AGREEMENT WE HAVE WORKED OUT

12  WITH AN UNDERSTANDING WHAT THE SENTENCE WOULD BE, AND HE'S JUST

13  CONFUSED BECAUSE --

14            THE COURT:  I NORMALLY DO NOT MAKE THIS REPRESENTATION

15  BUT I FEEL SUFFICIENTLY FAMILIAR WITH THIS CASE, AND I FEEL

16  THAT I HAVE A FULL UNDERSTANDING OF THE FACTS OF THE CASE.

17  ALTHOUGH I HAVE NOT HEARD FROM THE VICTIMS, AND THE LAW

18  REQUIRES THAT THE VICTIMS HAVE AN OPPORTUNITY TO ADDRESS THE

19  COURT, BUT I DID REPRESENT TO THE PARTIES THAT IT WAS THE

20  COURT'S INTENTION TO HONOR THE AGREEMENT OF THE PARTIES WHICH

21  WAS A JOINT RECOMMENDATION OF 20 YEARS IN PRISON.

22            IF SOMETHING WERE TO HAPPEN AND SOMETHING CAME OUT AT

23  SENTENCING THAT I FELT I COULD NOT HONOR THAT AGREEMENT I WOULD

24  ALLOW YOU TO WITHDRAW YOUR PLEA.  I REALLY -- IN ALL HONESTY I

25  DON'T SEE THAT HAPPENING, BUT IN FAIRNESS TO YOU I WOULD ALLOW

1    YOU TO WITHDRAW THAT PLEA IF I COULDN'T IN GOOD CONSCIENCE

2    IMPOSE A SENTENCE OF 20 YEARS.

3         THE DEFENDANT:  THANK YOU, YOUR HONOR.

4         MR. GRILLO:  THANK YOU, YOUR HONOR.  I BELIEVE THAT

5    COVERS IT.

6         THE COURT:  OKAY.  WOULD THE GOVERNMENT PLEASE SET

7    FORTH THE ELEMENTS OF THE OFFENSES CHARGED IN COUNTS THREE AND

8    SEVEN.

9         MS. STEINBERG:  YES, YOUR HONOR.

10        YOUR HONOR, THE ELEMENTS OF COUNT THREE WHICH PERTAIN

11   TO TITLE 18, SECTION 2422(B) WOULD REQUIRE THAT THE GOVERNMENT

12   PROVE THE FOLLOWING.

13        FIRST, THAT THE DEFENDANT KNOWINGLY PERSUADED,

14   INDUCED, ENTICED, OR COERCED AN INDIVIDUAL TO ENGAGE IN SEXUAL

15   ACTIVITY AS CHARGED;

16        SECOND, THAT THE DEFENDANT USED A FACILITY OF

17   INTERSTATE AND FOREIGN COMMERCE, AND IN THIS CASE A CELLULAR

18   TELEPHONE TO DO SO;

19        THIRD, THAT WHEN THE DEFENDANT DID THESE ACTS THE

20   INDIVIDUAL WHOM THE DEFENDANT PERSUADED, INDUCED, ENTICED, OR

21   COERCED WAS LESS THAN 18 YEARS OF AGE; AND,

22        FOURTH, THAT THE DEFENDANT COULD HAVE BEEN CHARGED

23   WITH A CRIMINAL OFFENSE UNDER THE LAWS OF THE STATE OF FLORIDA.

24        COUNT SEVEN, POSSESSION OF CHILD PORNOGRAPHY, WHICH IS

25   TITLE 18, UNITED STATES CODE, SECTION 2252(A)(4)(B), WOULD

1  REQUIRE THE GOVERNMENT TO PROVE FIRST, THAT THE DEFENDANT

2  KNOWINGLY POSSESSED A VISUAL DEPICTION;

3       SECOND, THAT THE VISUAL DEPICTION WAS MAILED, SHIPPED,

4  OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE BY ANY MEANS

5  INCLUDING BY COMPUTER;

6       THIRD, THAT PRODUCING THE VISUAL DEPICTION INVOLVED

7  THE USE OF A MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT;

8       FOURTH, THAT THE DEPICTION IS OF A MINOR ENGAGED IN

9  SEXUALLY EXPLICIT CONDUCT; AND,

10       FIFTH, THAT THE DEFENDANT KNEW THAT AT LEAST ONE

11  PERFORMER IN THE VISUAL DEPICTION WAS A MINOR AND KNEW THAT THE

12  DEPICTION SHOWED THE MINOR ENGAGING IN SEXUALLY EXPLICIT

13  CONDUCT.

14       THE COURT:  LET ME JUST BRIEFLY GO BACK TO THE ISSUE

15  REGARDING HONORING THE PARTIES AGREEMENT.

16       IT IS THE COURT'S UNDERSTANDING THAT THE GOVERNMENT

17  HAS DISCUSSED THIS PLEA OFFER WITH ALL OF THE VICTIMS AND THEIR

18  PARENTS, IS THAT CORRECT?

19       MS. STEINBERG:  THAT IS CORRECT.

20       THE COURT:  AND THAT ALL VICTIMS AND THEIR PARENTS

21  AGREE TO THIS DISPOSITION.

22       MS. STEINBERG:  THAT'S CORRECT.

23       THE COURT:  THEN I FEEL COMFORTABLE IN SAYING THAT I

24  WILL HONOR THE AGREEMENT.

25       MR. GRILLO:  THANK YOU.

1           THE COURT:  YOU'RE WELCOME.

2           MR. GRILLO, ARE YOU IN AGREEMENT THAT THE ELEMENTS

3  WERE CORRECTLY STATED?

4           MR. GRILLO:  YES, SIR.

5           THE COURT:  AND WHAT STEPS HAVE YOU TAKEN TO

6  FAMILIARIZE MR. RAND WITH THOSE ELEMENTS AND THE CHARGES

7  PENDING AGAINST HIM?

8           AND YOU CAN SUMMARIZE THAT FOR ME, SIR.

9           MR. GRILLO:  OKAY.  I HAVE SPENT COUNTLESS HOURS

10  REVIEWING THE EVIDENCE IN THE CASE, WORKING NIGHTS, WORKING

11  WEEKENDS.  I SPENT A GREAT DEAL OF TIME WITH HIS FAMILY

12  EXPLAINING THE CHARGES AND GOING THROUGH THEM WITH THEM.  I

13  HAVE ALSO GONE TO THE JAIL ON NUMEROUS OCCASIONS TO SPEAK TO MY

14  CLIENT THERE SOMETIMES WITH CO-COUNSEL, SOMETIMES ALONE.

15           I HAVE HIRED A PRIVATE INVESTIGATOR TO ASSIST ME IN

16  THE CASE.  I HAVE TOTALLY EXPLAINED EVERYTHING ABOUT THE CASE

17  TO HIM.  HE HAS REVIEWED ALL OF THE INDICTMENTS, THE INITIAL

18  ONE AND THE SUPERSEDING ONE, THE SECOND SUPERSEDING ONE.

19           I HAVE HAD HIM MEET WITH THE CLIENT ON NUMEROUS

20  OCCASIONS IN TERMS OF DEVELOPING A DEFENSE IN THIS MATTER.  WE

21  HAVE SPENT A GREAT DEAL OF TIME, MYSELF, THE INVESTIGATOR, AND

22  MR. JOHANSSON PREPARING A DEFENSE.  I HAVE ANNOUNCED READY FOR

23  TRIAL.  IT IS OBVIOUS I THINK TO EVERYBODY THAT WE ARE READY,

24  THAT WE WERE PREPARED TO CONTINUE UNTIL SOMETHING UNUSUAL AND

25  STRANGE HAPPENED THAT RESULTED IN THIS DISCUSSION AND ULTIMATE

1  NEGOTIATION.

2          THERE HAS BEEN CD'S THAT I HAVE REVIEWED.  THERE HAS

3  BEEN -- THEY MUST HAVE SENT ME, I DON'T KNOW HOW MANY DIFFERENT

4  COPIES OF ALL THE TRANSCRIPTS ALL THE TIME.  THEY SENT

5  TRANSCRIPTS, THEN THEY WOULD SEND MORE TRANSCRIPTS, AND THEN

6  THEY WOULD SEND THE CD AND TRANSCRIPTS.  SO I AM NOW TO ABOUT

7  FOUR BOXES WORTH ON A RELATIVELY NOT COMPLICATED FACTUAL BASIS.

8  IT'S NOT A FRAUD CASE WHERE YOU GET ALL KINDS OF DOCUMENTS OR

9  ANYTHING ELSE.

10          I HAVE REVIEWED EVERYTHING AND I HAVE REVIEWED THEM

11  WITH BOTH MY CLIENT BENJAMIN RAND AND HIS FAMILY MEMBERS, HIS

12  BROTHERS, HIS MOM AND DAD WHO ARE VERY ACTIVELY INVOLVED IN

13  THIS CASE AND VERY CONCERNED.  ALL OF THEM ARE VERY CONCERNED

14  FOR THEIR SON.  I'VE ALSO DONE IT WITH THE INVESTIGATOR AND I

15  KNOW HE HAS BEEN OUT INTERVIEWING WITNESSES.  HE IS

16  COMMUNICATING WITH THEM.  I MEAN, SOMETIMES HE GOES OUT AND

17  INTERVIEWS A WITNESS AND GOES BACK TO THE JAIL AND TELLS THE

18  CLIENT BEFORE HE TELLS ME.

19          SO I BELIEVE THAT BENJAMIN RAND IS FULLY AWARE OF HOW

20  MUCH WORK WE HAVE DONE AND THE FACT THAT WE ARE READY AND OUR

21  ADVICE ABOUT THE WISDOM OF TAKING THIS PLEA.

22  BY THE COURT:

23  Q.  MR. RAND, IS THAT YOUR UNDERSTANDING AS WELL, SIR?

24  A.  YES, IT IS, YOUR HONOR.

25  Q.  AND HAVE YOU AND MR. GRILLO AND MR. JOHANSSON DISCUSSED HOW

 1 | THE FEDERAL SENTENCING GUIDELINES MIGHT APPLY IN YOUR CASE?

 2 | A.  YES, THEY HAVE.

 3 | Q.  NOW, I AM GOING TO ASK YOU SOME QUESTIONS ABOUT THE

 4 | GUIDELINES, BUT I HAVE REPRESENTED TO YOU THAT I WILL HONOR THE

 5 | AGREEMENT OF THE PARTIES.  QUITE HONESTLY I DON'T KNOW WHAT THE

 6 | GUIDELINES ARE AT THIS POINT IN TIME, BUT I DO KNOW WHAT THE

 7 | FACTS OF THE CASE ARE AND I DO KNOW WHAT THE STATUTORY

 8 | PROSCRIPTION IS FOR THESE CRIMES, AND I DO KNOW THAT WE HAVE

 9 | VICTIM ACQUIESCENCE TO THIS DISPOSITION.  BUT NEVERTHELESS I

10 | HAVE TO ASK YOU THESE QUESTIONS.

11 | DO YOU UNDERSTAND THAT THE COURT IS STILL REQUIRED TO

12 | COMPUTE AN ADVISORY SENTENCE UNDER THE FEDERAL SENTENCING

13 | GUIDELINES?

14 | A.  YES, I AM.

15 | Q.  DO YOU UNDERSTAND THAT THE ADVISORY SENTENCE WILL BE

16 | DETERMINED BY THE COURT RELYING IN PART ON A PRESENTENCE

17 | INVESTIGATION WHICH IS CONDUCTED BY THE U.S. PROBATION OFFICE?

18 | A.  YES.

19 | Q.  DO YOU UNDERSTAND THAT UNDER CERTAIN CIRCUMSTANCES THE

20 | COURT MAY DEPART FROM THE ADVISORY GUIDELINE RANGE AND MAY

21 | EITHER RAISE OR LOWER THE ADVISORY SENTENCE?

22 | A.  YES, I DO.

23 | Q.  DO YOU UNDERSTAND THAT THE COURT IS REQUIRED TO CONSIDER

24 | THE ADVISORY GUIDELINE RANGE.  HOWEVER, THE COURT IS NOT BOUND

25 | TO IMPOSE A SENTENCE WITHIN THAT RANGE?

1  A.  YES.

2  Q.  DO YOU UNDERSTAND THAT THE COURT'S SENTENCE MAY BE EITHER

3  MORE SEVERE OR LESS SEVERE THAN THE SENTENCING GUIDELINES

4  ADVISORY RANGE?

5  A.  I UNDERSTAND, YOUR HONOR.

6  Q.  DO YOU UNDERSTAND THAT THE COURT HAS THE AUTHORITY TO

7  IMPOSE ANY SENTENCE UP TO THE STATUTORY MAXIMUM AUTHORIZED BY

8  LAW?

9  A.  I DO.

10  Q.  DO YOU FURTHER UNDERSTAND THAT PAROLE HAS BEEN ABOLISHED

11  AND THAT IF YOU ARE SENTENCED TO A TERM OF IMPRISONMENT YOU

12  WOULD NOT BY RELEASED ON PAROLE?

13  A.  I UNDERSTAND.

14  Q.  DO YOU UNDERSTAND IF YOU ARE NOT A UNITED STATES CITIZEN

15  THAT THIS PLEA MAY RESULT IN YOUR DEPORTATION?

16  A.  I UNDERSTAND.

17  Q.  ARE YOU A U.S. CITIZEN?

18  A.  I AM.

19  Q.  DID YOU READ THE WRITTEN PLEA AGREEMENT BEFORE YOU SIGNED

20  IT?

21  A.  I DID.

22  Q.  AND DID YOU FULLY DISCUSS WITH YOUR ATTORNEYS THE TERMS AND

23  CONDITIONS CONTAINED IN THE WRITTEN PLEA AGREEMENT?

24  A.  I DID.

25  Q.  DO YOU UNDERSTAND THE TERMS OF THE PLEA AGREEMENT?

1  A.  I DO.

2  Q.  WERE THERE ANY PROMISES MADE TO YOU THAT ARE NOT CONTAINED

3  IN THE WRITTEN PLEA AGREEMENT?

4  A.  NO, THERE IS NOT.

5  Q.  DID YOU SIGN THE PLEA AGREEMENT?

6  A.  I DID.

7  Q.  DID ANYONE FORCE YOU OR COERCE YOU TO SIGN THE PLEA

8  AGREEMENT?

9  A.  NO.

10  Q.  IS ANYONE FORCING YOU TO ENTER A GUILTY PLEA TO COUNTS

11  THREE AND SEVEN OF THE SECOND SUPERSEDING INDICTMENT?

12  A.  NO.

13  Q.  ARE YOU ENTERING A GUILTY PLEA OF YOUR OWN FREE WILL?

14  A.  I AM.

15  Q.  PARAGRAPH 10 OF THE PLEA AGREEMENT CONTAINS WHAT IS

16  COMMONLY REFERRED TO AN APPELLATE WAIVER PROVISION, AND I WOULD

17  LIKE TO REVIEW WITH YOU THE PERTINENT LANGUAGE CONTAINED IN

18  PARAGRAPH 10 TO MAKE CERTAIN THAT YOU UNDERSTAND THE RIGHT THAT

19  YOU ARE GIVING UP THEREIN.

20          DO YOU UNDERSTAND THAT IN EXCHANGE FOR CERTAIN

21  PROMISES MADE BY THE GOVERNMENT THAT YOU ARE AGREEING TO WAIVE,

22  THAT MEANS TO GIVE UP ALL RIGHTS CONFERRED BY SECTIONS 3742 AND

23  1291 OF TITLE 18, UNITED STATES CODE, TO APPEAL ANY SENTENCE

24  IMPOSED INCLUDING ANY RESTITUTION ORDERED, OR TO APPEAL THE

25  MANNER IN WHICH THE SENTENCE WAS IMPOSED UNLESS THE SENTENCE

```
 1  EXCEEDS THE MAXIMUM PERMITTED BY STATUTE, OR IS THE RESULT OF
 2  AN UPWARD DEPARTURE AND/OR AN UPWARD VARIANCE FROM THE ADVISORY
 3  GUIDELINES THAT THE COURT ESTABLISHES AT SENTENCING?
 4  A.  YES, YOUR HONOR.
 5  Q.  DO YOU UNDERSTAND THAT SHOULD THE GOVERNMENT ELECT TO
 6  APPEAL THIS COURT'S SENTENCE YOU WOULD BE RELEASED FROM THAT
 7  APPELLATE WAIVER AND UNDER THOSE CIRCUMSTANCES YOU COULD APPEAL
 8  THIS COURT'S SENTENCE?
 9  A.  YES, YOUR HONOR.
10  Q.  HAVE YOU FULLY DISCUSSED THE APPELLATE WAIVER WITH YOUR
11  ATTORNEYS?
12  A.  I HAVE, YOUR HONOR.
13  Q.  DO YOU HAVE ANY QUESTIONS REGARDING THE LEGAL EFFECT OF THE
14  APPELLATE WAIVER PROVISION?
15  A.  NO, I DON'T.
16  Q.  UNDERSTANDING THE LEGAL EFFECT OF THE APPELLATE WAIVER
17  PROVISION, IS IT STILL YOUR DESIRE TO GO FORWARD WITH THIS PLEA
18  AGREEMENT AND TO GO FORWARD WITH THE ENTRY OF THE PLEA OF
19  GUILTY TO COUNTS THREE AND SEVEN OF THE SECOND SUPERSEDING
20  INDICTMENT?
21  A.  YES, IT IS, YOUR HONOR.
22          THE COURT:  THE COURT FINDS THAT THE DEFENDANT,
23  BENJAMIN RAND, KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVES
24  HIS RIGHT TO APPEAL SENTENCE IN ACCORDANCE WITH THE LANGUAGE
25  CONTAINED IN PARAGRAPH 10 OF THE PLEA AGREEMENT.
```

 1  BY THE COURT:

 2  Q.  MR. RAND, DO YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO

 3  PLEAD NOT GUILTY TO EACH OFFENSE CHARGED AND TO PERSIST IN THAT

 4  PLEA OF NOT GUILTY?

 5  A.  YES, I DO.

 6  Q.  DO YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO A TRIAL BY

 7  JURY?

 8  A.  YES, I DO.

 9  Q.  DO YOU UNDERSTAND AT THAT TRIAL YOU WOULD BE PRESUMED

10  INNOCENT --

11  A.  YES, YOUR HONOR.

12  Q.  -- AND THE GOVERNMENT WOULD HAVE THE BURDEN OF PROVING

13  THROUGH THE PRODUCTION OF EVIDENCE YOUR GUILT BEYOND A

14  REASONABLE DOUBT AS TO EACH OFFENSE CHARGED?

15  A.  YES, YOUR HONOR.

16  Q.  DO YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO THE ASSISTANCE

17  OF COUNSEL AT THAT TRIAL AND IF YOU COULD NOT AFFORD COUNSEL

18  THIS COURT WOULD APPOINT COUNSEL TO REPRESENT YOU?

19  A.  YES, YOUR HONOR.

20  Q.  DO YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO SEE AND HEAR

21  ALL OF THE WITNESSES AND HAVE THEM CROSS-EXAMINED IN YOUR

22  DEFENSE?

23  A.  YES, YOUR HONOR.

24  Q.  DO YOU UNDERSTAND YOU HAVE THE RIGHT TO THE ISSUANCE OF

25  SUBPOENAS OR COMPULSORY PROCESS TO COMPEL THE ATTENDANCE OF

```
 1   WITNESSES AT THAT TRIAL?

 2   A.  YES, YOUR HONOR.

 3   Q.  DO YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO DECLINE TO

 4   TESTIFY UNLESS YOU VOLUNTARILY ELECT TO DO SO?

 5   A.  YES, YOUR HONOR.

 6   Q.  DO YOU UNDERSTAND THAT SHOULD YOU DECIDE NOT TO TESTIFY OR

 7   TO PRESENT ANY EVIDENCE IN YOUR DEFENSE THOSE FACTS COULD NOT

 8   BE USED AGAINST YOU IN ANY WAY?

 9   A.  YES, I DO, YOUR HONOR.

10   Q.  DO YOU UNDERSTAND THAT BY ENTERING A GUILTY PLEA TO COUNTS

11   THREE AND SEVEN OF THE SECOND SUPERSEDING INDICTMENT YOU ARE

12   THEREBY WAIVING, THAT MEANS GIVING UP YOUR RIGHT TO A TRIAL?

13   A.  YES, YOUR HONOR.

14   Q.  NOW, MR. RAND, DID YOU ALSO READ THE FIVE PAGE DOCUMENT

15   ENTITLED FACTUAL BASIS?

16   A.  I DID, YOUR HONOR.

17   Q.  AND DO YOU CONTEST ANY OF THE FACTS STATED THEREIN?

18   A.  YES, YOUR HONOR.

19   Q.  ALL RIGHT.  TELL ME WHAT FACTS YOU CONTEST.

20            YOUR LAWYER CAN ASSIST YOU.

21            MR. GRILLO:  YOUR HONOR, WE HAVE REVIEWED THIS IN

22   GREAT DETAIL AND SOME OF THESE ISSUES ARE ISSUES THAT WE

23   EXPECTED TO BE LITIGATED.

24            ONE OF THE FIRST ISSUES I BELIEVE THAT WE OBJECT TO

25   BUT WE ARE WILLING TO ACCEPT THIS FACTUAL BASIS BECAUSE WE ARE
```

 1 | INTERESTED IN RESOLVING THE MATTER BY A WAY OF PLEA TODAY.

 2 | IT'S A LITTLE GRAPHIC.  I APOLOGIZE, YOUR HONOR, BUT THIS IS

 3 | THE NATURE OF THIS CASE, THAT THE BOTTOM OF PAGE ONE THERE --

 4 | THE FACTUAL BASIS INDICATES THAT MY CLIENT ASKED C.R. TO USE

 5 | HER FINGERS TO SPREAD HER VAGINA OPEN.  HE ACKNOWLEDGES THAT.

 6 | HE DID NOT ASK HER TO INSERT ANY OBJECT TO HER VAGINA.  SHE

 7 | VOLUNTEERED TO DO THAT.

 8 |          NUMBER TWO --

 9 |          THE COURT:  BUT THAT WOULD NOT AFFECT THE FACTUAL

10 | BASIS FOR THE PLEAS OF GUILTY TO COUNTS THREE AND SEVEN,

11 | CORRECT?

12 |          MR. GRILLO:  NO, SIR, BECAUSE HE ACKNOWLEDGES BY WAY

13 | OF THE PLEA THAT HE RECEIVED THE PICTURE.  WHETHER HE REQUESTED

14 | IT OR NOT HE ACKNOWLEDGES HE RECEIVED IT, YES.

15 |          NONE OF WHAT WE OBJECT TO MAY ALTER THAT, I BELIEVE IT

16 | DOES NOT, BUT HE FELT HE WANTED THE COURT TO KNOW WHAT HE DID

17 | AND WHAT HE DID NOT DO.

18 |          I BELIEVE THAT ONE OTHER PART WAS CORRECTED.  WE

19 | MAINTAIN THAT THE FIRST SEXUAL ENCOUNTER BETWEEN MY CLIENT AND

20 | C.R. IN DECEMBER OF 2010 WAS CONSENSUAL, AND THAT'S CONSISTENT

21 | WITH WHAT SHE TOLD THE POLICE IN THE SECOND DEBRIEFING ON MARCH

22 | 30TH WITH FBI AGENT ALEXIS CARPINTERI.

23 |          THE COURT:  AND THAT WAS REDACTED FROM THE FACTUAL

24 | PROFFER.

25 |          MR. GRILLO:  IT WAS.  THANK YOU.

 1              WE BELIEVE ALSO THAT IT IS MY CLIENT'S IMPRESSION THAT

 2   THE SEXUAL ENCOUNTER ON MARCH 19TH WAS CONSENSUAL AND THAT C.R.

 3   ENTERED THE VEHICLE, GOT IN THE BACK SEAT AND ASSISTED IN

 4   TAKING HER CLOTHES OFF AND MOUNTED MY CLIENT.  HE BELIEVES THAT

 5   WAS CONSENSUAL.  IT DOES NOT CHANGE ANYTHING EITHER.

 6              THE COURT:  IN OTHER WORDS, THAT DOES NOT IMPACT THE

 7   FACTUAL BASIS.

 8              MR. GRILLO:  NO, SIR, BECAUSE SHE WAS UNDERAGE ANYWAY.

 9              THE COURT:  RIGHT.  I JUST WANT THE RECORD TO BE

10   CLEAR.

11              MR. GRILLO:  SURE.  THAT'S IT.

12   BY THE COURT:

13   Q.  ALL RIGHT.  OTHER THAN THOSE MODIFICATIONS, MR. RAND, DO

14   YOU AGREE THAT THE FACTS CONTAINED IN THE FACTUAL BASIS ARE

15   TRUE?

16              MR. GRILLO:  WE ARE JUST CLARIFYING.

17              THE DEFENDANT:  YES, YOUR HONOR.

18   BY THE COURT:

19   Q.  ALL RIGHT.  AND DID YOU SIGN AND DATE PAGE FIVE OF THE

20   FACTUAL BASIS?

21   A.  YES, YOUR HONOR.

22              THE COURT:  THE COURT WILL INCORPORATE BY REFERENCE

23   HEREIN THE FACTUAL BASIS AND IT WILL BE MADE A PART OF THE

24   RECORD OF THIS PLEA COLLOQUY.

25              MR. GRILLO, ARE YOU SATISFIED THAT MR. RAND

1  UNDERSTANDS HIS RIGHTS, WHAT HE IS GIVING UP, AND THAT THERE IS

2  A SUFFICIENT FACTUAL BASIS FOR HIS PLEA?

3          MR. GRILLO:  YES, YOUR HONOR.

4          TO ALL OF THOSE THINGS I WOULD POINT OUT MY CLIENT IS

5  20 YEARS OLD.  IT IS AN ENORMOUSLY IMPORTANT DECISION TODAY,

6  AND AS MUCH AS ANY 20 YEAR OLD COULD UNDERSTAND WHAT WE ARE

7  DOING, YES, I BELIEVE HE UNDERSTANDS THAT.  I AM A MORE MATURE

8  PERSON AND IT IS A HARD DAY FOR ME, AND IT'S A VERY HARD DAY

9  FOR HIS FAMILY BUT I DO BELIEVE HE UNDERSTANDS, YES, SIR.

10  BY THE COURT:

11  Q.  MR. RAND, ARE THERE ANY QUESTIONS YOU WOULD LIKE TO ASK ME?

12  A.  NO, YOUR HONOR.  THANK YOU.

13  Q.  HAVING MADE YOUR REPRESENTATION AS TO COUNTS THREE AND

14  SEVEN, HOW DO YOU PLEAD, GUILTY OR NOT GUILTY?

15  A.  I PLEAD GUILTY.

16          THE COURT:  IT IS THE FINDING OF THIS COURT IN CASE

17  NUMBER 11-60088-CR, THE UNITED STATES OF AMERICA VERSUS

18  BENJAMIN RAND THAT THE DEFENDANT IS FULLY COMPETENT AND CAPABLE

19  OF ENTERING AN INFORMED PLEA, THAT THE DEFENDANT IS AWARE OF

20  THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF HIS PLEA, AND

21  THAT HIS PLEA OF GUILTY IS A KNOWING AND VOLUNTARY PLEA WHICH

22  IS SUPPORTED BY AN INDEPENDENT BASIS IN FACT CONTAINING EACH OF

23  THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED IN COUNTS THREE

24  AND SEVEN OF THE SECOND SUPERSEDING INDICTMENT.

25          THEREFORE, MR. RAND'S PLEA IS HEREBY ACCEPTED AND THE

 1  DEFENDANT BENJAMIN RAND IS ADJUDGED GUILTY OF COUNT THREE, USE

 2  OF A COMPUTER TO ENTICE A CHILD TO ENGAGE IN SEXUAL ACTIVITY.

 3  IN ADDITION, HE IS ADJUDGED GUILTY OF COUNT SEVEN, POSSESSION

 4  OF COMPUTER CHILD PORNOGRAPHY.

 5          SENTENCING WILL BE DEFERRED UNTIL.

 6          THE CLERK:  JANUARY 27TH AT 1:30 P.M.

 7          THE COURT:  AT 1:30?

 8          THE CLERK:  YES, YOUR HONOR.

 9          THE COURT:  THE COURT WILL ORDER A PRESENTENCE

10  INVESTIGATION REPORT RETURNABLE TO THIS COURT WITHIN THE TIME

11  PARAMETERS SET FORTH BY THE LOCAL RULES.

12          MR. RAND, AS I INDICATED EARLIER THE PRESENTENCE

13  REPORT IS PREPARED BY U.S. PROBATION IN ORDER TO ASSIST THE

14  COURT IN DETERMINING AN APPROPRIATE SENTENCE.  IN THAT REGARD

15  IT WILL BE NECESSARY FOR YOU TO BE INTERVIEWED BY U.S.

16  PROBATION.  THE INFORMATION THAT YOU PROVIDE IN THAT INTERVIEW

17  WILL BE USED IN THE PREPARATION OF THE REPORT.

18          BOTH YOU AND YOUR ATTORNEYS WILL HAVE SUFFICIENT TIME

19  IN ADVANCE OF THE SENTENCING HEARING TO REVIEW THAT REPORT AND

20  TO FILE ANY OBJECTIONS THAT YOU DEEM APPROPRIATE.  AND THEN, OF

21  COURSE, AT THE SENTENCING HEARING BOTH YOU AND YOUR LAWYERS

22  WILL HAVE AN OPPORTUNITY TO PERSONALLY ADDRESS THE COURT WITH

23  RESPECT TO MITIGATION OF SENTENCE.

24          ANYTHING FURTHER?

25          MR. GRILLO:  YOUR HONOR, I KNOW YOU DON'T HAVE THE

 1 AUTHORITY BUT MY CLIENT HAS BEEN AT THE BROWARD COUNTY JAIL.

 2 IT HAS BEEN VERY DIFFICULT IN TERMS OF VISITATION.  IF THERE IS

 3 ANY WAY MAYBE THE COURT COULD RECOMMEND TO THE MARSHALS THAT HE

 4 BE PLACED AT FDC SO HE CAN HAVE CONTACT VISITS WITH HIS FAMILY.

 5      THE COURT:  CERTAINLY I WANT TO SEE HIM HAVE ACCESS TO

 6 HIS FAMILY BUT THAT'S FOR THE MARSHALS TO DETERMINE.

 7      MR. GRILLO:  YES, SIR.

 8      THE COURT:  I AM SURE THAT THEY WILL MAKE AN EFFORT

 9 BUT I DON'T KNOW WHAT THE DYNAMICS ARE, THE HOUSING SITUATION

10 IS.  BUT, YOU KNOW, SPEAK TO THEM ABOUT IT.

11      MR. GRILLO:  I WILL.  THANK YOU VERY MUCH, YOUR HONOR.

12      THE COURT:  LET'S BRING IN THE JURY.

13      MR. GRILLO:  ARE YOU GOING TO KEEP MY CLIENT HERE FOR

14 THIS?

15      THE COURT:  YES.

16      [THE JURY RETURNS TO THE COURTROOM]

17      THE COURT:  FOLKS, PLEASE BE SEATED.

18      BEFORE YOU GET TOO MAD LET ME ADVISE YOU THAT YOUR

19 JURY SERVICE HAS NOW ENDED.  NOW, THAT HAVING BEEN SAID YOU ARE

20 NOT GOING TO GET TO HEAR THE EVIDENCE IN THIS CASE.

21      WHAT HAS HAPPENED IS THE PARTIES HAVE REACHED A

22 MEETING OF THE MINDS AND HAVE AGREED ON A DISPOSITION OF THE

23 CASE.  LET ME ASSURE YOU THAT HAD WE NOT IMPANELED YOU TO HEAR

24 THE CASE AND START THE TRIAL I DON'T THINK THE CASE WOULD HAVE

25 BEEN RESOLVED, AT LEAST NOT AT THIS STAGE.  BUT THE PARTIES

 1 HAVE NEGOTIATED WHAT I THINK IS A VERY REASONABLE DISPOSITION

 2 OF THE CASE.

 3      MR. RAND HAS PLED GUILTY TO TWO OF THE COUNTS AND HIS

 4 SENTENCING WILL TAKE PLACE JANUARY THE --

 5      THE CLERK:  27TH AT 1:30.

 6      THE COURT:  27TH AT 1:30.

 7      ONE OF THE THINGS THAT HAPPENED THAT KIND OF GOT THE

 8 PARTIES TALKING IS WHAT HAPPENED WITH DETECTIVE SCOPA.

 9      NOW, I DON'T KNOW HOW MANY OF YOU ALL CAUGHT THIS AND

10 I'M KIND OF INTERESTED TO SEE HOW MANY OF YOU CAUGHT THIS.  THE

11 QUESTION WAS ASKED OF DETECTIVE SCOPA ABOUT HIS CONTACT WITH

12 MR. RAND AND HE SAID THAT HE ADVISED MR. RAND OF HIS MIRANDA

13 RIGHTS -- I SEE SOME OF YOU SHAKING YOUR HEAD AFFIRMATIVELY.

14      MR. GRILLO:  THEY ARE ALL SHAKING THEIR HEADS.

15      THE COURT:  THAT HE ADVISED MR. RAND OF HIS RIGHTS.

16 THEN THE QUESTION WAS ASKED -- I DON'T KNOW THE EXACT QUESTION

17 BUT SOMETHING CALLING FOR MR. RAND'S RESPONSE, AND HIS RESPONSE

18 WAS THAT HE INVOKED HIS RIGHT TO COUNSEL.  THAT'S A NO, NO.

19      IT'S OKAY IF THE DEFENDANT WAIVES HIS RIGHT TO COUNSEL

20 AND HE GIVES A STATEMENT.  BUT THE FACT THAT A DEFENDANT

21 EXERCISES A CONSTITUTIONAL RIGHT, AND THAT BEING THE RIGHT TO A

22 LAWYER, THAT IS NOT SUPPOSED TO COME BEFORE YOU.

23      QUITE HONESTLY I HAD A VERY DIFFICULT DECISION TO MAKE

24 IN WHETHER OR NOT TO GRANT A MISTRIAL.  I FELT IN LIGHT OF THE

25 FACT THAT MR. RAND ULTIMATELY GAVE TWO VERY LENGTHY RECORDED

1    STATEMENTS THAT WITH AN INSTRUCTION TO YOU THAT YOU ARE TO

2    STRICTLY DISREGARD THAT STATEMENT THAT MR. RAND MADE TO SCOPA

3    THAT HE INVOKED HIS RIGHTS AND YOU SHOULD NOT CONSIDER THAT IN

4    ANY WAY, THAT THAT WOULD AMELIORATE THE WRONG.

5         YOU KNOW, WE DEPEND ON JURORS TO FOLLOW THE COURT'S

6    INSTRUCTIONS WHEN THE COURT TELLS YOU TO DISREGARD SOMETHING.

7    BUT IT WAS CERTAINLY A POINT THAT WOULD DEFINITELY HAD BEEN

8    RAISED ON APPEAL HAD WE GONE FORWARD AND HAD MR. RAND BEEN

9    FOUND GUILTY.  BUT WHAT IT DID IS IT GOT THE PARTIES TO

10   TALKING.  AND BELIEVE ME, A SETTLEMENT, NEITHER SIDE IS TOTALLY

11   HAPPY WHEN THERE IS A COMPROMISE.  BUT THE VERY NATURE OF A

12   COMPROMISE IS THAT NEITHER SIDE SHOULD BE TOTALLY HAPPY.  IF

13   ONE SIDE WAS TOTALLY HAPPY IT WOULDN'T BE A VERY GOOD

14   COMPROMISE, WOULD IT.  SO, ANYWAY, I AM KIND OF GIVING YOU A

15   LITTLE HISTORY TO LET YOU KNOW HOW THIS CASE WAS RESOLVED.

16        I DO WANT TO THANK EACH OF YOU FOR YOUR SERVICE.  IT

17   TOOK US THE AFTERNOON REALLY FOR THE LAWYERS TO HAMMER OUT THE

18   AGREEMENT, GET IT TYPED UP, THE COURT HAS TO GO THROUGH A PLEA

19   COLLOQUY TO MAKE SURE THAT MR. RAND UNDERSTANDS THE PLEA

20   AGREEMENT, UNDERSTANDS THE RIGHTS THAT HE IS GIVING UP BY

21   ENTERING A PLEA.

22        BUT ANYWAY IT HAS BEEN RESOLVED.  SO I AM GOING TO

23   DISCHARGE YOU AS JURORS.  YOU ARE NOW FREE TO DISCUSS THIS CASE

24   WITH ANYBODY IF YOU SO DESIRE.  YOU ALSO HAVE THE RIGHT OF

25   PRIVACY, WHICH MEANS YOU DON'T HAVE TO TALK ABOUT THE CASE

1   UNLESS YOU WISH TO DO SO.

2          I HAVE CERTIFICATES OF APPRECIATE FOR EACH OF YOU, AND

3   ATTACHED TO THE CERTIFICATE IS AN ACKNOWLEDGMENT UNDER SEAL

4   REFLECTING THE DATES OF YOUR SERVICE.  SO IF YOUR EMPLOYER

5   NEEDS SOME VERIFICATION THAT YOU WERE IN FACT HERE AS A JUROR

6   IN FEDERAL COURT YESTERDAY AND TODAY YOU HAVE THAT

7   VERIFICATION.

8          I DO WANT TO THANK YOU FOR YOUR SERVICE AND I DID WANT

9   TO FULLY EXPLAIN WHY THIS AFTERNOON RESULTED IN THE EXTENDED

10  DELAYS BUT NOW YOU KNOW.

11         ANY QUESTIONS?

12         FOLKS, THANK YOU VERY MUCH.  YOU ARE HEREBY EXCUSED.

13  YOU WILL NEED TO LEAVE YOUR JUROR BADGE IN THE JURY ROOM.

14         YOU ALL NEED TO LEAVE -- PUT YOUR PADS IN THE JURY

15  ROOM.  YOU CAN TEAR OUT YOUR NOTES AND DESTROY THOSE BUT LEAVE

16  THE PADS THEMSELVES FOR THE NEXT JURY.

17         (JURY EXCUSED)

18         THE COURT:  WE HAD A VERY ATTENTIVE JURY.  THEY WERE

19  LISTENING.  THAT'S THE GOOD THING.

20         MR. GRILLO:  YES, SIR.

21         THE COURT:  ALL RIGHT.  FOLKS, ANYTHING FURTHER?

22         MR. GRILLO:  NOTHING FROM THE DEFENSE, YOUR HONOR.

23         THE COURT:  I WANT TO COMMEND BOTH SIDES.

24         AND, MISS IBRAHIM, YOU LEARNED A LESSON.  WE WERE ALL

25  YOUNG LAWYERS AT ONE TIME, BUT VERY IMPORTANT ONES --

```
 1              MS. IBRAHIM:  A VERY BIG LESSON.

 2              THE COURT:  A VERY BIG LESSON.

 3              BUT ANYWAY, MISS STEINBERG, GOOD JOB.  MR. GRILLO,

 4    MR. JOHANSSON GOOD JOB ON BEHALF OF MR. RAND.

 5              MR. GRILLO:  THANK YOU.

 6              MR. JOHANSSON:  THANK YOU, YOUR HONOR.

 7              THE COURT:  WE WILL STAND IN RECESS.

 8                              - - -

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3                        C E R T I F I C A T E

4

5

6    UNITED STATES OF AMERICA

7    SOUTHERN DISTRICT OF FLORIDA

8

9

10        I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED

11   STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO

12   HEREBY CERTIFY THAT THE FOREGOING 26 PAGES CONSTITUTE A TRUE

13   TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN

14   THE CITY OF FORT LAUDERDALE, FLORIDA, IN THE MATTER THEREIN

15   STATED.

16        IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS

17   11TH DAY OF JANUARY 2012.

18

19                          /S/CARL SCHANZLEH
                            CARL SCHANZLEH, RPR-CM
20                          OFFICIAL FEDERAL COURT REPORTER
                            299 EAST BROWARD BLVD., 202B
21                          FORT LAUDERDALE, FL  33301
                            TELEPHONE 954/769-5488
22

23

24

25