1                 UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
2

3               11-60088-CR-COHN/SELTZER

4
THE UNITED STATES OF AMERICA, )
5                       )
          PLAINTIFF,   )
6                       )
      VS.          )
7                       )
BENJAMIN RAND,        )
8                       )
         DEFENDANT.   )
9 _____)

10

11

12        TRANSCRIPT OF CALENDAR CALL HAD BEFORE THE HONORABLE

13 JAMES I. COHN, IN FORT LAUDERDALE, BROWARD COUNTY, FLORIDA, ON

14 FRIDAY, AUGUST 5, 2011, IN THE ABOVE-STYLED MATTER.

15

16
APPEARANCES:
17
FOR THE GOVERNMENT:  COREY STEINBERG, A.U.S.A.
18                   500 E. BROWARD BLVD., 7TH FLOOR
                   FT. LAUDERDALE, FL 33394 - 954 356-7255
19
                   ANITHA S. IBRAHIM, ESQ.
20                   US DEPARTMENT OF JUSTICE
                   1400 NEW YORK AVENUE NW
21                   WASHINGTON, DC 20530 - 202 616-3181

22
               CARL SCHANZLEH
23            OFFICIAL COURT REPORTER
             U. S. COURTHOUSE
24           299 E. BROWARD BLVD., 202B
           FORT LAUDERDALE, FLORIDA 33301
25             954 769-5488

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANT:   OMAR F. GUERRA JOHANSSON, ESQ.
                          ONE E. BROWARD BLVD., SUITE 700
 3                        FT. LAUDERDALE, FL 33301 - 954 745-7517

 4                        CHRISTOPHER A. GRILLO, ESQ.
                          ONE E. BROWARD BLVD., SUITE 700
 5                        FT. LAUDERDALE, FL 33301 - 954 524-1125

 6

 7
                          TABLE OF CONTENTS
 8
     WITNESSES:                    DIRECT  CROSS REDIRECT RECROSS
 9

10                        INDEX TO EXHIBITS

11   EXHIBITS                          MARKED FOR      RECEIVED
                                       IDENTIFICATION   IN EVIDENCE
12
     DESCRIPTION                  PAGE      LINE    PAGE    LINE
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 | (FORT LAUDERDALE, BROWARD COUNTY, FLORIDA;  FRIDAY,

2 | AUGUST 5, 2011, IN OPEN COURT.)

3 | THE COURT:  FOLKS, GOOD MORNING.

4 | THE MATTER BEFORE THE COURT IS THE UNITED STATES OF

5 | AMERICA VERSUS BENJAMIN RAND.  THIS IS CASE NUMBER 11-60088-CR.

6 | MR. RAND IS PRESENT, HE IS REPRESENTED BY OMAR JOHANSSON AND

7 | CHRIS GRILLO.  THE GOVERNMENT IS REPRESENTED BY ASSISTANT

8 | UNITED STATES ATTORNEY COREY STEINBERG AND DEPARTMENT OF

9 | JUSTICE TRIAL ATTORNEY ANITHA -- IS IT IBRAHIM OR EBRAHIM?

10 | MS. IBRAHIM:  IT'S IBRAHIM.

11 | THE COURT:  IBRAHIM.

12 | MS. IBRAHIM:  YES.

13 | THE COURT:  ALL RIGHT.  THE DEFENDANT HAS FILED A

14 | SECOND MOTION FOR CONTINUANCE, THE GOVERNMENT HAS FILED A

15 | RESPONSE, THE COURT HAS READ BOTH, AND I WILL NOW HEAR

16 | ARGUMENT.

17 | MR. GRILLO?

18 | MR. GRILLO:  GOOD MORNING, YOUR HONOR.

19 | THE COURT:  GOOD MORNING.

20 | MR. GRILLO:  WHERE TO BEGIN.  BY WAY OF A BACKGROUND

21 | CASE, IF I MAY, I WOULD INDICATE TO YOU THAT SOMETIME PRIOR TO

22 | TODAY MY CLIENT WAS ARRESTED ON STATE CHARGES.  AS THAT CASE

23 | PROCEEDED ALONG THEN THE FEDERAL GOVERNMENT DECIDED TO FILE

24 | CHARGES BASED ON ESSENTIALLY THE SAME CONDUCT, AND AT THIS

25 | POINT THERE HAS NOW BEEN A SUPERSEDING INDICTMENT ALLEGING NEW

4

 1  CONDUCT.

 2          I AM NOT ORIGINALLY THE ATTORNEY ON THE CASE BUT I DID

 3  COME ON SOMETIME AGO AND I HAVE BEEN TRYING TO CATCH UP, AND WE

 4  HAVE FILED A MOTION TO CONTINUE AND IT SEEMS LIKE THERE IS NOT

 5  A DISAGREEMENT ABOUT THE CONTINUANCE.  I THINK IT IS REALLY

 6  MORE ABOUT HOW MUCH TIME DO WE REALLY NEED AND HOW MUCH TIME

 7  WILL YOU GIVE US.

 8          THE COURT:  EXACTLY.

 9          MR. GRILLE:  SO LET ME ADDRESS THAT.

10          THE COURT:  ALL RIGHT.

11          MR. GRILLO:  AND SOME OF WHAT I'M GOING TO SAY IS

12  THINGS THAT I HAVE BEEN TOLD BY OTHERS BECAUSE I WASN'T

13  INVOLVED IN THE BEGINNING.

14          I KNOW THAT WHEN MR. JOHANSSON AND I ATTEMPTED TO

15  REVIEW THE DISCOVERY WE DID MEET WITH THE GOVERNMENT I BELIEVE

16  TWICE.  THEY SHOWED US SOME PICTURES ON BOTH OCCASIONS, AND

17  THESE PICTURES, SOME OF WHICH I BELIEVE MAY BE CONSISTENT WITH

18  THEIR THEORY OF THE PROSECUTION AND SOME OF THEM I THINK ARE

19  NOT.  IN ANY EVENT, I RECALL ASKING FOR ALL OF THE PICTURES

20  AND, OF COURSE, THEY SAID I COULDN'T HAVE ALL OF THEM BECAUSE

21  SOME OF THEM THEY BELIEVED TO BE PORNOGRAPHY AND ALLOWING ME TO

22  HAVE THEM WOULD PUT ME IN POSSESSION OF ILLEGAL MATERIALS.  BUT

23  I ALSO FELT THAT THE MAJORITY OF THE PHOTOGRAPHS WERE NOT

24  PORNOGRAPHIC AND THAT I SHOULD BE ALLOWED TO HAVE THEM.

25          THE COURT:  THEY DID ALLOW YOU TO VIEW ALL THE

 1 | PHOTOGRAPHS, RIGHT?

 2 |        MR. GRILLO:  AS FAR AS I KNOW.  THEY LET ME SEE SOME
 3 | PHOTOGRAPHS, YES.

 4 |        THE COURT:  ALL RIGHT.  MISS STEINBERG, HAS THE
 5 | GOVERNMENT MADE ALL PHOTOGRAPHS AVAILABLE TO MR. GRILLO?

 6 |        MS. STEINBERG:  YES.  WE HAVE SHOWN ALL THE
 7 | PHOTOGRAPHS, EVEN THE PHOTOGRAPHS THAT WE ARE NOT INTENDING TO
 8 | USE JUST SO HE COULD SEE THE WHOLE UNIVERSE OF PHOTOGRAPHS THAT
 9 | WE HAVE, BUT WE DID LET HIM KNOW WHICH ONES WE INTENDED TO USE.

10 |        THE COURT:  AND IT IS MY UNDERSTANDING FROM READING
11 | THE GOVERNMENT'S SUBMISSION THAT YOU HAD REQUESTED THAT YOUR
12 | CLIENT BE ABLE TO VIEW THESE PHOTOGRAPHS.

13 |        MR. GRILLO:  THAT'S ONE OF MY REQUESTS, YES.

14 |        THE COURT:  AND ACCORDING TO THE GOVERNMENT, THE
15 | GOVERNMENT RESPONDED THAT THEY COULDN'T BRING THEM TO THE JAIL,
16 | BUT THE GOVERNMENT MADE ARRANGEMENTS TO MAKE THESE PHOTOGRAPHS
17 | AVAILABLE TO YOUR CLIENT HERE AT THE FEDERAL COURTHOUSE, IS
18 | THAT CORRECT?

19 |        MS. STEINBERG:  YES, JUDGE.  ON MONDAY MISS IBRAHIM
20 | WAS IN CONTACT WITH MR. GRILLO AND LET HIM KNOW THAT WE COULD
21 | DO THAT THIS WEEK.  OUR AGENTS ARE AVAILABLE.  AGAIN, YOU NEED
22 | TWO AGENTS TO ESCORT HIM FROM THE MARSHALS TO THE IGLOO, THAT
23 | WE COULD DO THAT ON THURSDAY.  WE HOPED, GIVEN THAT THERE WERE
24 | TWO ATTORNEYS IN THE CASE, THAT AT LEAST ONE OF THEM WOULD BE
25 | AVAILABLE.

```
 1        WE ASKED MR. GRILLO TO PLEASE RESPOND BY THE CLOSE OF
 2   BUSINESS MONDAY.  WE DIDN'T HEAR ANYTHING MONDAY.  WE SENT
 3   SEVERAL E-MAILS.  TUESDAY WE ORDERED THE DEFENDANT PRODUCED
 4   BECAUSE THE MARSHALS NEED AT LEAST 48 HOURS NOTICE.  SO WE
 5   ORDERED HIM PRODUCE EVEN THOUGH WE HADN'T HEARD FROM THE
 6   DEFENSE.  AFTER NUMEROUS ATTEMPTS TO TRY TO REACH MR. GRILLO WE
 7   FINALLY GOT A RESPONSE FROM HIS LEGAL ASSISTANCE ON WEDNESDAY
 8   THAT THAT WOULD NOT BE POSSIBLE, THAT HE WAS IN DEPOSITIONS.
 9        THE COURT:  WHY DID YOU NOT RESPOND?
10        MR. GRILLO:  I DON'T RECALL GETTING THE MESSAGE AND
11   PHONE CALLS THEY ARE REFERRING TO.  AND AS YOU WELL KNOW
12   MR. JOHANSSON IS ALSO COUNSEL ON THE CASE.  BUT I RESPONDED AS
13   SOON AS I GOT THE MESSAGE THAT WAS PRESENTED TO ME.  I HAVE
14   BEEN IN AND OUT OF THE OFFICE ALL WEEK.  YESTERDAY, FOR
15   EXAMPLE, I WAS IN TAMPA FROM NINE O'CLOCK UNTIL TEN O'CLOCK ON
16   A CAPITAL MURDER CASE -- I'M SORRY.  NON-CAPITAL FIRST DEGREE
17   MURDER CASE, AND I WAS PREPARING FOR THAT.
18        COULDN'T DO IT YESTERDAY BECAUSE I HAD PREVIOUSLY MADE
19   PLANS TO ATTEND DEPOSITIONS IN TAMPA AND I NEED A LITTLE MORE
20   TIME TO PREPARE MY CLIENT.  I AM HAPPY THAT THEY ARE WILLING TO
21   ALLOW ME TO LOOK AT THE PHOTOGRAPHS, BUT I ONLY HOPE THAT THEY
22   WILL DO IT IN A WAY THAT I CAN LOOK AT THEM WITH HIM WITHOUT
23   LAW ENFORCEMENT BEING A PART OF THE CONVERSATION.  I MEAN, IF
24   THERE IS SOME WAY THEY CAN DO THAT WHERE I CAN LOOK AT THEM AND
25   TALK TO HIM ABOUT THEM.
```

 1           THAT'S THE PROBLEM WITH WHAT PHOTOGRAPHS WE HAVE BEEN

 2  SHOWN.  WE HAVE NEVER BEEN ABLE TO SHOW THEM TO OUR CLIENT BY

 3  VIRTUE OF AN EXPLANATION FOR THE ONES THEY WANT TO USE AS WELL

 4  AS THE ONES THEY MAY NOT WANT TO USE.

 5           THE COURT:  THE GOVERNMENT MADE ARRANGEMENTS TO DO IT

 6  YESTERDAY.

 7           MR. GRILLE:  I COULDN'T DO IT YESTERDAY.

 8           THE COURT:  WHAT ABOUT TODAY?  HE IS HERE.

 9           MS. STEINBERG:  I WOULD HAVE TO GET THE EVIDENCE UP

10  HERE.  I DON'T KNOW -- I KNOW -- I MEAN, THE EVIDENCE RIGHT NOW

11  IS IN PEMBROKE PINES.  WE NEED TO GET TO TWO AGENTS UP HERE,

12  AND IT IS -- I CAN ONLY SAY IT'S POSSIBLE.

13           I KNOW THE MARSHALS GENERALLY LIKE TO HAVE THEM GONE,

14  ESPECIALLY WHEN THEY DON'T HAVE A LARGE CALENDAR, BY ONE OR TWO

15  O'CLOCK.  SO I JUST DON'T KNOW IF THAT'S GOING TO GIVE THE

16  DEFENSE ENOUGH TIME.  WE WILL DO IT AGAIN.  WE CAN FIND A TIME

17  NEXT WEEK IF IT WORKS.  IT'S JUST THAT, YOU KNOW, IT'S NOT A

18  NECESSARILY A SNAP OF THE FINGERS THING.  WE NEED TO FILE

19  ORDERS, AND GET AGENTS, AND WE NEED, YOU KNOW, THE DEFENSE TO

20  AGREE TO SEE IT.

21           THE COURT:  WELL, WE GOT YOU BOTH HERE NOW.

22           MR. GRILLO:  WE HAVE EVERYBODY HERE NOW.

23           THE COURT:  SO WHAT ABOUT NEXT WEEK?

24           MR. GRILLO:  OKAY.  LET'S PICK A DAY.

25           THE COURT:  LET'S DO THAT.

1              MR. GRILLO:  AND I SHOULD TELL YOU IT DIDN'T COME

2  EXACTLY ABOUT THE WAY IT'S BEEN PRESENTED BECAUSE WHEN I FIRST

3  ASKED FOR THE PHOTOGRAPHS I WAS TOLD NO.  THE FIRST TIME I

4  LOOKED AT THEM.  THE SECOND TIME I LOOKED AT THEM OUT AT THE

5  PEMBROKE PINES POLICE DEPARTMENT I WAS TOLD NO.  AND THEN AFTER

6  FURTHER DISCUSSION THERE WAS A CONVERSATION ABOUT HOW TO DO IT.

7  THE PROBLEM IS AT THE JAIL.  THEN YESTERDAY -- EARLY THIS WEEK

8  THEY CAME UP WITH A RESOLUTION.  BUT WE ARE PAST THAT NOW

9  APPARENTLY.  WE'RE TALKING ABOUT THE WEEK OF THE 15TH OR THE

10  WEEK OF THE 8TH.

11              THE COURT:  NEXT WEEK, THE 8TH.

12              MR. GRILLO:  THURSDAY.  I HAVE ONE MATTER EARLY IN THE

13  MORNING.  I COULD BE HERE BY 10:00 O'CLOCK, OR 10:30, OR

14  WHATEVER IS CONVENIENT.

15              THE COURT:  MISS STEINBERG, WHAT ABOUT THURSDAY?

16              MS. STEINBERG:  MY AGENTS AREN'T HERE, BUT I WILL

17  FIGURE IT OUT.  I MEAN, IF I HAVE TO GET SEPARATES AGENTS TO

18  BRING THE EVIDENCE UP OR IF I HAVE TO BRING IT UP MYSELF.  I

19  MEAN, YOU KNOW, AGAIN WE JUST WANT TO GET THIS MOVING SO THAT

20  WE CAN GET THIS CASE RESOLVED.

21              THE COURT:  WELL, THAT GIVES YOU SIX DAYS.

22              MS. STEINBERG:  YEAH.  I'LL FIND -- IF MY CASE AGENT

23  CAN'T DO IT I WILL FIND ANOTHER FBI AGENT TO GRAB THE EVIDENCE

24  AND BRING IT UP.

25              THE COURT:  LET'S SET A TIME.

```
 1            MR. GRILLO:  HOW ABOUT WEDNESDAY THEN?
 2   MR. JOHANSSON --
 3            THE COURT:  SOMEBODY LAST A CELLPHONE OR BLACKBERRY
 4   ON.  IT CANNOT BE ON VIBRATE.  IT HAS TO BE COMPLETELY OFF
 5   OTHERWISE IT WILL INTERFERE WITH THE SYSTEM.
 6            MR. GRILLO:  I DON'T KNOW, MAYBE I'M JUST CHARGED UP.
 7   I WILL KEEP THE MICROPHONE AWAY BUT I DON'T HAVE ANYTHING ON ME
 8   OTHER THAN MY PEN AND --
 9            THE COURT:  ALL RIGHT.
10            MR. GRILLO:  CAN WE DO IT ON WEDNESDAY?  WILL THAT BE
11   EASIER?  MR. JOHANSSON APPARENTLY HAS TO --
12            THE COURT:  WHICH DAY IS BETTER FOR YOU,
13   MISS STEINBERG?
14            MS. STEINBERG:  I DON'T KNOW.  THE AGENT IS NOT HERE.
15   IF MR. JOHANSSON IS AVAILABLE WEDNESDAY WE WILL TRY TO GET IT
16   DONE WEDNESDAY.
17            THE COURT:  IS WEDNESDAY BETTER?
18            MR. GRILLO:  YES.
19            THE COURT:  WHAT ABOUT A TIME?
20            MR. GRILLO:  WE HAVE A DISCOVERY CONFERENCE IN FRONT
21   OF JUDGE SNOW SCHEDULED FOR ELEVEN O'CLOCK ON THIS CASE.
22            THE COURT:  ALL RIGHT.  MISS STEINBERG, DISCOVERY
23   CONFERENCE AT ELEVEN.
24            MS. STEINBERG:  IT IS A STATUS CONFERENCE ON THE
25   SUPERSEDING ARRAIGNMENT.  I MEAN, FRANKLY IT'S JUST ANOTHER
```

 1  STATUS CONFERENCE IN FRONT OF THE MAGISTRATE JUDGE TO SEE WHERE

 2  WE ARE.  SINCE WE ARE MEETING WITH YOU, YOUR HONOR, IT'S NOT

 3  REALLY NECESSARY TO HAVE A STATUS IN FRONT OF THE MAGISTRATE

 4  JUDGE.  IT JUST BE TO SAY IS THE DISCOVERY IS COMPLETE?  DO YOU

 5  NEED MORE TIME?

 6          THE COURT:  WELL, I CAN'T SPEAK FOR THE MAGISTRATE

 7  JUDGE.

 8          MR. GRILLO:  JUDGE, WHY DON'T WE SET IT FOR WEDNESDAY

 9  SOMETIME.  IF WE ARE IN THE MIDDLE OF THIS AND THE TIME TO

10  APPEAR IN FRONT OF JUDGE SNOW OCCURS WE WILL TAKE A BREAK

11  AND GO TALK TO JUDGE SNOW AND COME BACK AND FINISH.

12          THE COURT:  YOU WILL BE HERE IN THIS BUILDING.

13          MS. STEINBERG:  YES.

14          THE COURT:  SO WHAT TIME DO YOU WANT MR. GRILLO THERE?

15          MS. STEINBERG:  WELL, I'M GOING TO ORDER THE DEFENDANT

16  FOR FIRST THING WEDNESDAY MORNING.  THEY USUALLY HAVE THEM HERE

17  BETWEEN 8:30 AND 9:00.  I WILL HAVE MY AGENTS HERE AT NINE SO

18  THAT THEY CAN GET HIM UP AT THE IGLOO AND THEY CAN START

19  REVIEWING.

20          THE COURT:  IS IT PRONOUNCED JOHANSSON?

21          MR. JOHANSSON:  I THINK THE PROPER SWEDISH

22  PRONUNCIATION IS JOHANSSON.  YOU ARE CORRECT, YOUR HONOR.

23          THE COURT:  WELL, HOW DO YOU PRONOUNCE IT?

24          MR. JOHANSSON:  I PRONOUNCE IT JOHANSSON.

25          THE COURT:  THEN THAT'S THE WAY I WILL PRONOUNCE IT.

 1          MR. JOHANSSON:  OKAY.

 2          THE COURT:  SO NINE O'CLOCK WEDNESDAY?

 3          MR. GRILLO:  9:30 WEDNESDAY MORNING.

 4          THE COURT:  9:30 WEDNESDAY.

 5          MR. GRILLO:  YES.  NOW, MAY I ASK --

 6          THE COURT:  OKAY.  THAT'S ONE ISSUE RESOLVED.

 7          MR. GRILLO:  WELL, AGAIN WE ARE ASKING FOR PRODUCTION

 8  OF THE PHOTOGRAPHS THAT ARE WHAT THEY -- THEY HAVE --

 9          THE COURT:  THEY WILL SHOW YOU ALL THE PHOTOGRAPHS

10  THEY HAVE.

11          MR. GRILLO:  I WANT COPIES OF THE ONES THAT -- I WANT

12  COPIES OF EVERYTHING I'M ENTITLED TO.  I DON'T THINK I SHOULD

13  BE RESTRICTED TO JUST SHOWING THEM TO MY CLIENT.  I WOULD LIKE

14  TO TAKE SOME OF THE PHOTOGRAPHS BACK TO THE OFFICE TO SHARE

15  WITH MY INVESTIGATOR.

16          WHEN WE WENT OUT TO PEMBROKE PINES POLICE DEPARTMENT

17  TO LOOK AT THE PHOTOGRAPHS MY PRIVATE INVESTIGATOR WAS WITH ME

18  AND MR. JOHANSSON, AND WE SAT IN A ROOM WITH COUNSEL AND AN FBI

19  AGENT AND THREE POLICE OFFICERS.  WE LOOKED AT THESE

20  PHOTOGRAPHS OVER A TABLE.  SO THERE WAS REALLY NO ABILITY FOR

21  US TO COMMUNICATE ABOUT, "WHAT DO YOU THINK OF THIS?"  AND,

22  "WHAT DOES THIS MEAN?  WHERE IS THIS TAKEN?"  A LOT OF DETAILS

23  THAT I WOULD NORMALLY DO WHEN I WAS IN THE CONFINES OF THE

24  ATTORNEY/CLIENT RELATIONSHIP AND I COULD LOOK AT THEM.

25          THE COURT:  IS YOUR INVESTIGATOR AVAILABLE TO COME

 1  WITH YOU?

 2          MR. GRILLO:  SURE.  BUT WHY CAN'T I HAVE COPIES OF

 3  WHATEVER THEY THINK IS NOT IMPROPER?

 4          THE COURT:  WELL, LET ME HEAR FROM THE GOVERNMENT.

 5          MS. STEINBERG:  YOUR HONOR, WE ARE HAPPY TO GIVE

 6  PICTURES OF -- I DON'T KNOW EXACTLY WHAT MR. GRILLO IS

 7  REFERRING TO.  WE HAVE MINORS IN THIS CASE 13, 14, 16, MOST OF

 8  WHICH OF THEIR GENITALS.  WE ARE NOT PROVIDING COPIES OF THOSE

 9  TO THE DEFENSE.  AS A MATTER OF FACT, WE DO --

10          THE COURT:  THOSE ARE NEVER PROVIDED.  COPIES ARE NOT

11  PROVIDED FOR DEFENSE COUNSEL TO TAKE WITH THEM IN ANY CASE.

12          MS. STEINBERG:  IN ANY CASE.  THERE ARE OTHER PICTURES

13  OF OTHER GIRLS THAT MR. RAND HAD TAKE PICTURES FOR HIM WHO ARE

14  OVER THE AGE OF 18.  WE DO NOT INTEND TO USE THOSE IN ANY WAY,

15  SHAPE, OR FORM IN TRIAL BECAUSE THEY ARE PICTURES OF GIRLS THAT

16  ARE OVER THE AGE OF MAJORITY.

17          MR. GRILLO HAS ASKED ME TO PROVIDE THE PORNOGRAPHIC

18  PICTURES OF THOSE 18 AND 19 YEAR OLD GIRLS TO HIM SO HE CAN

19  HAVE THEM.  I WILL NOT DO THAT.

20          MR. GRILLO:  I'M NOT SURE WHY THEY ARE CONSIDERED

21  PORNOGRAPHIC.  THE ONES I REMEMBER LOOKING AT SHOWED WOMEN,

22  SOME OF THEM IN BRAS AND PANTIES AND SOME OF THEM I BELIEVE

23  THEY WERE FRONTAL NUDITY.  I DON'T KNOW WHY THAT WOULD BE

24  PORNOGRAPHIC IF THESE WOMEN ARE OVER 18.

25          SHE ALSO JUST SAID TO YOU THAT SOME OF THESE PICTURES

 1 INVOLVED DEPICTIONS OF GENITALIA.  I AM NOT ASKING FOR THOSE.

 2 I KNOW I CAN'T HAVE THEM.  BUT THERE ARE OTHER PICTURES THAT

 3 DON'T SHOW THAT.  THERE ARE OTHER PICTURES OF PEOPLE IN BRAS

 4 AND PANTIES.  WHY CAN'T I HAVE THOSE?

 5         I WILL TELL YOU, JUDGE, THIS IS SOMETHING THAT WE

 6 WOULD INTEND TO PUT INTO A MOTION FOR A BILL OF PARTICULARS AND

 7 ADDRESS THESE THINGS MORE SPECIFICALLY.  I AM HAPPY TO DO THE

 8 PHOTO REVIEW NEXT WEEK, BUT I AM NOT CONCEDING THAT I'M NOT

 9 ENTITLED TO SOME OF THESE PICTURES.  I REPEATEDLY ASKED FOR

10 THESE PICTURES, THE ONES THAT EITHER ARE NOT OF SOMETHING

11 THAT'S INAPPROPRIATE, AND ALL I'VE GOTTEN IS A BLANKET, "NO,

12 YOU CAN'T HAVE ANYTHING."

13         THE COURT:  WELL, WHAT I AM DOING IS, IS I'M ORDERING

14 THAT THE MEETING TAKE PLACE NEXT WEDNESDAY AT 9:30 A.M.  THE

15 GOVERNMENT IS TO PRODUCE THE PHOTOGRAPHS FOR DEFENSE COUNSEL TO

16 REVIEW.

17         NOW, ANY FURTHER OBJECTION OR REQUEST SHOULD BE TAKEN

18 UP BEFORE THE MAGISTRATE JUDGE.

19         MR. GRILLO:  YES, SIR.  I WILL GO AHEAD AND DO WHAT I

20 CAN ACCOMPLISH, BUT THIS HAS BEEN AN ONGOING ISSUE BETWEEN

21 COUNSEL AND I --

22         THE COURT:  WELL, I HAVE OTHER MATTERS ON THE

23 CALENDAR.  THAT'S BEEN RESOLVED BY THIS COURT.

24         MR. GRILLO:  OKAY.

25         THE COURT:  LET'S GO ON TO THE NEXT MATTER.

 1          MR. GRILLO:  OKAY.  WE HAVE A MOTION DEADLINE BASED ON
 2  WHEN THE SUPERSEDING ARRAIGNMENT TOOK PLACE AND WE WILL FILE
 3  MOTIONS BY THEN.  BUT I UNDERSTAND AS MY CLIENT MADE MULTIPLE
 4  STATEMENTS ON MULTIPLE OCCASIONS WE WILL BE MOVING TO SUPPRESS
 5  THEM.
 6          THERE WERE SEARCHES OF HIS PHONE.  WE WILL BE MOVING
 7  TO SUPPRESS THE SEARCHES OF HIS PHONE.  WE UNDERSTAND THAT MORE
 8  THAN ONE PHONE WAS SEIZED IN THIS MATTER, AND I BELIEVE THAT
 9  ONE OF THE PHONES THAT WAS SEIZED WAS FROM ONE OF THEIR
10  WITNESSES WHO THEY IDENTIFY BY INITIALS.  WE WOULD LIKE TO HAVE
11  ACCESS TO THAT PHONE AND WE WOULD ALSO LIKE TO HAVE OUR EXPERT
12  EXAMINE ALL OF THE PHONES.
13          WE HAVE ATTEMPTED TO ARRANGE THAT ON A MULTIPLE
14  OCCASIONS, AND IT HAS BEEN SOMEWHAT FRUSTRATING BUT WE HAVE
15  BEEN UNABLE TO DO SO.  MR. JOHANSSON KNOWS MORE ABOUT THAT.
16          WE INTEND TO FILE -- I AM NOT SURE I UNDERSTAND COUNT
17  SEVEN OF THE SUPERSEDING INDICTMENT, BUT COUNT SEVEN OF THE
18  SUPERSEDING INDICTMENT SEEMS TO ENCOMPASS -- AND I'M JUST
19  PICKING THAT PARTICULAR ONE -- PHOTOGRAPHS FROM A PRIOR CASE
20  THAT'S BEEN RESOLVED ALREADY.  WE CERTAINLY THINK THAT MAY
21  ANTICIPATE MOTIONS TO DISMISS FOR DOUBLE JEOPARDY GROUNDS.  BUT
22  THAT'S A CASE THAT I DIDN'T HAVE DIRECT INVOLVEMENT, IT IS A
23  COUPLE YEARS OLD, AND I DON'T BELIEVE I HAVE THE DISCOVERY FROM
24  THAT CASE.  I AM GOING TO SEE IF I CAN FIND IT.  I HAVE BEEN
25  GIVEN SOME DISCOVERY FROM PRIOR COUNSEL, BUT I DON'T THINK I

 1  HAVE EVERYTHING FROM THAT PRIOR CASE THAT I THINK IS WHAT'S THE

 2  THRUST OF COUNT SEVEN.

 3      WE HAD -- MR. JOHANSSON WORKING ALONG WITH ME HAD

 4  PREVIOUSLY DISCUSSED FILING MOTIONS WITH COUNSEL, AND COUNSEL

 5  INDICATED TO US THAT SHE WAS CONTEMPLATING A SUPERSEDING

 6  INDICTMENT, THAT SHE WAS CONTEMPLATING FILING MOTIONS REGARDING

 7  EXTRA WITNESSES UNDER RULE 813 OF THE -- 413, SORRY, AS WELL AS

 8  404(B).

 9      WE HAVE NOT RECEIVED THOSE.  I DON'T KNOW IF THEY

10  STILL INTEND TO DO THAT OR NOT.  WE WILL ADDRESS THAT IN A

11  MOTION, BUT IF THERE IS MORE PICTURES BESIDES WHAT WE'VE BEEN

12  SHOWN, OR IF THEY ARE GOING TO CALL OTHER WITNESSES AS HAS BEEN

13  REPRESENTED WE OBVIOUSLY NEED SOME TIME TO RESOLVE THAT.

14      THE COURT:  HAS THE MAGISTRATE JUDGE SET A DEADLINE

15  FOR FILING PRETRIAL MOTIONS?

16      MR. GRILLE:  TWENTY-EIGHT DAY.  THE STANDARD.

17      MS. STEINBERG:  BUT, YOUR HONOR, JUST ONE POINT.

18      YOU KNOW, THIS CASE WAS FIRST INDICTED BACK IN EARLY

19  APRIL, AND THERE WAS A MOTION DEADLINE DATE THAT WAS EXTENDED

20  THROUGH CONSENT.  THE MOTIONS REGARDING THE MOTIONS TO SUPPRESS

21  STATEMENTS HAVE NOTHING TO DO WITH THE SUPERSEDING.

22      THESE ARE ALL THINGS THAT THE DEFENSE LAWYERS HAVE

23  KNOWN ABOUT AND HAVE BEEN TALKING ABOUT FILING SINCE THE DAY WE

24  INDICTED THE CASE.  "WE'RE GOING TO FILE MOTIONS TO SUPPRESS.

25  HE MADE TWO STATEMENTS.  YOU KNOW, HE SHOULDN'T HAVE BEEN

 1 INTERVIEWED AGAIN."

 2       THAT'S FINE.  THEY HAVE EVERY RIGHT TO MAKE THOSE

 3 MOTIONS.  BUT TO SIT HERE NOW AND SAY, YOU KNOW, FIVE MONTHS IN

 4 OR FOUR MONTHS IN THAT, YOU KNOW, THEY NEED TIME TO FILE THESE

 5 MOTIONS.  THE MOTIONS TO SUPPRESS THOSE STATEMENTS HAVE

 6 ABSOLUTELY NOTHING TO DO WITH ANYTHING THAT WAS ADDED.

 7       THE ONLY THING THAT WAS ADDED IN THE SUPERSEDING

 8 INDICTMENT WERE CHARGES FOR AN ADDITIONAL VICTIM WITH THE

 9 INITIALS A.G., AND THE ONE POSSESSION COUNT.

10       THE DEFENSE TEAM HAS HAD ACCESS TO EVERY SINGLE

11 PICTURE THAT WE INTEND TO USE IN THIS CASE SINCE THE FIRST

12 DISCOVERY CONFERENCE WE HAD WITH THEM AT THE U.S. ATTORNEY'S

13 OFFICE.  THAT INCLUDES PICTURES OF A.G., AND IT INCLUDES

14 PICTURES OF THE VICTIMS THAT ARE THE SUBJECT OF COUNT SEVEN,

15 THE POSSESSION, WHICH, YES, REFER TO PICTURES THAT MR. RAND

16 POSSESSED BACK IN 2008 FOR WHICH HE WAS CONVICTED OF VARIOUS

17 CRIMES BUT HE THEN REPOSSESSED THEM AGAIN AND THAT'S THE

18 GOVERNMENT'S THEORY OF THE CASE.

19       THE COURT:  WHEN A SUPERSEDING INDICTMENT IS FILED

20 DOES THAT RESTART THE CLOCK FOR FILING PRETRIAL MOTIONS?  DOES

21 IT?  I'M ASKING.

22       MS. STEINBERG:  I DON'T KNOW.  I MEAN, I HAVE TO LOOK

23 INTO IT WHETHER IT STARTS THE CLOCK FOR FILING PRETRIAL MOTIONS

24 FOR ANYTHING PERTAINING TO THE SUPERSEDING OR IF RESTARTS THE

25 CLOCK FOR EVERYTHING.

 1             YOU KNOW, LOOK, WE ARE GOING TO HANDLE A MOTION TO

 2    SUPPRESS AND WE WILL RESPOND TO IT, AND OBVIOUSLY THEY HAVE THE

 3    RIGHT TO FILE IT AND WE WILL DEAL WITH IT.  I JUST WANT TO MAKE

 4    IT KNOWN, THOUGH, THAT THAT MOTION COULD HAVE BEEN FILED MONTHS

 5    AGO.

 6             THE COURT:  MR. RAND HAS BEEN ARRAIGNED ON THE

 7    SUPERSEDING?

 8             MS. STEINBERG:  YES.

 9             MR. GRILLO:  YES.

10             THE COURT:  SO THE 28 DAYS IS RUNNING.

11             MR. GRILLO:  IT IS TICKING.

12             THE COURT:  ALL RIGHT.  THEN HE WILL HAVE 28 DAYS FROM

13    THE DATE OF THE ARRAIGNMENT ON THE SUPERSEDING INDICTMENT IN

14    WHICH TO FILE THE MOTION FOR BILL OF PARTICULARS, MOTIONS TO

15    SUPPRESS, MOTION TO DISMISS.

16             MR. GRILLO:  WE WILL FILE ALL MOTIONS WITHIN 28 DAYS.

17             THE COURT:  ALL RIGHT.  NOW, I DO WANT TO ADDRESS

18    DEADLINES FOR DISCLOSURE OF MENTAL HEALTH EXPERTS AND DNA

19    EXPERTS.  BEFORE I DO THAT I THINK WE NEED TO DISCUSS A NEW

20    TRIAL DATE FIRST AND THEN WORK BACK TO DETERMINE A REASONABLE

21    DEADLINE.

22             MR. GRILLO:  WELL, IF I MAY TELL YOU ABOUT THE MENTAL

23    HEALTH EXPERT.  I HAVE REPEATEDLY ASKED PERMISSION TO SHOW

24    THESE PHOTOGRAPHS TO SOMEBODY THAT I WOULD LIKE TO CALL.  I

25    HAVE NOT LISTED HIM YET.  I DON'T THINK I NEED TO DISCLOSE WHY

1    AT THIS POINT.  IN ADDITION TO HAVING AN OPPORTUNITY TO VIEW

2    THESE EXHIBITS WITH MY CLIENT I WOULD LIKE TO HAVE AN

3    OPPORTUNITY TO VIEW THEM WITH ANY -- ANY OTHER WITNESS THAT I

4    THINK MIGHT BE RELEVANT, INCLUDING A MENTAL HEALTH EXPERT.

5          THE COURT:  ALL RIGHT.  MY QUESTION WAS --

6          MR. GRILLO:  I'M SORRY.

7          THE COURT:  -- A REASONABLE NEW TRIAL SETTING.

8          MR. GRILLO:  WE HAVE ASKED FOR 120 DAYS.

9          THE COURT:  I RECOGNIZE THAT.

10          MR. GRILLO:  SHOULD I CONSTRUE YOUR COMMENTS TO BE A

11    NO ON THAT?

12          THE COURT:  I THINK BASED ON WHAT I KNOW THE ORIGINAL

13    INDICTMENT WAS APRIL 21, 2011, THE SUPERSEDING INDICTMENT --

14          MS. STEINBERG:  THE SUPERSEDING INDICTMENT I THINK WAS

15    JULY 21ST.

16          THE COURT:  WELL, ACCORDING TO YOUR MOTION IT SAYS

17    APRIL 21 WAS -- IT SAYS THE DEFENDANT RAND WAS CHARGED BY A

18    FEDERAL GRAND JURY.

19          MS. STEINBERG:  RIGHT.  THE ORIGINAL INDICTMENT WAS

20    APRIL.

21          THE COURT:  OKAY.

22          MS. STEINBERG:  YES.  THAT'S RIGHT.

23          THE COURT:  AND THEN THE GOVERNMENT SUPERSEDED ON JULY

24    21.  I THINK 120 DAYS FROM NOW IS A LITTLE TOO LONG.

25          NOW, YOU KNOW, I AM NOT IN ANY WAY INTIMATING THAT YOU

 1  ARE NOT ENTITLED TO A CONTINUANCE BECAUSE CERTAINLY YOU ARE.

 2  YOU ARE ENTITLED TO AT LEAST, WHAT IS IT, 30 DAYS FROM THE DATE

 3  OF THE SUPERSEDING.  BUT --

 4          MR. GRILLO:  I CAN'T BE READY IN 30 DAYS, AND THE

 5  SUPERSEDING INDICTMENT ESSENTIALLY CREATES A WHOLE NEW CASE

 6  INVOLVING A WHOLE NEW PERSON THAT WE WILL NEED TIME TO

 7  INVESTIGATE.

 8          AGAIN, EVEN THOUGH THERE WAS AN AGREEMENT ABOUT

 9  DEFERRING MOTIONS.  NOW COUNSEL IS SAYING THAT WE SHOULD HAVE

10  FILED THESE MOTIONS OTHERWISE THAT SHE AGREED WE DIDN'T HAVE TO

11  FILE.  SO WE ARE KIND OF HAVING SOME COMMUNICATION ISSUES

12  APPARENTLY.  WHEN THEY TELL US IT'S OKAY AND WE AGREE NOT TO

13  PUSH ON THE MOTIONS, AND YOU CAN -- WE WILL EXTEND THE

14  DEADLINES UNTIL AFTER THIS SUPERSEDING, AND NOW COMING INTO

15  COURT AND ARGUE THAT WE SHOULD HAVE DONE THIS BEFORE, HAVING

16  NEVER SAID THAT TO US PRIOR TO THIS MORNING JUST MAKES

17  LITIGATING THE CASE WITH COUNSEL DIFFICULT BECAUSE IF THAT WAS

18  AN ISSUE IT SHOULD HAVE BEEN PRESENTED TO US PREVIOUSLY AND WE

19  COULD HAVE ADDRESS IT RATHER THAN HAVE --

20          THE COURT:  WELL, DO YOU HAVE ANY ESTIMATE AS TO HOW

21  LONG THIS TRIAL WILL TAKE?

22          MR. GRILLO:  YOU ARE ASKING ME?

23          THE COURT:  I AM ASKING THE GOVERNMENT AND THEN I WILL

24  ASK YOU.

25          MS. STEINBERG:  THE GOVERNMENT ANTICIPATES ABOUT A

 1 | WEEK.

 2 | THE COURT:  ALL RIGHT.  KNOWING MR. GRILLO THAT IS

 3 | GOING TO TAKE --

 4 | MR. GRILLO:  AT LEAST TWO.

 5 | THE COURT:  -- TWO.  ALL RIGHT.

 6 | HERE IS WHAT I AM CONTEMPLATING.  BASED ON WHAT I KNOW

 7 | ABOUT THE CASE, HAVING READ THE DEFENDANT'S SECOND MOTION FOR

 8 | CONTINUANCE, THE GOVERNMENT'S RESPONSE, I AM AWARE OF THE

 9 | SITUATION WITH MISS IBRAHIM.  I THINK WHAT'S REASONABLE HERE --

10 | AND THAT'S WHAT THE COURT IS TRYING TO DETERMINE IS A

11 | REASONABLE TRIAL SETTING GRANTING THE DEFENDANT SUFFICIENT TIME

12 | WITH WHICH TO PREPARE HIS DEFENSE.  I THINK A REASONABLE TRIAL

13 | DATE WOULD BE OCTOBER 3.

14 | MS. STEINBERG:  YOUR HONOR, MY ONLY PROBLEM WITH THAT

15 | DATE IS, I'M SPECIALLY SET WITH A TRIAL WITH JUDGE LENARD ON

16 | OCTOBER 11.  SO I JUST HAVE -- I HAVE MULTIPLE VICTIMS IN EACH

17 | CASE.  I JUST DON'T KNOW IF I WOULD BE ABLE TO DO BOTH TRIALS.

18 | MR. GRILLO:  HOW LONG WILL THAT TRIAL TAKE?

19 | MS. STEINBERG:  LESS THAN A WEEK.

20 | MR. GRILLO:  WELL, IF THAT'S THE CASE, JUDGE, PUT IT

21 | FOR TWO WEEKS FROM THE 3RD WHICH WOULD BE THE 17TH.  I WANT AS

22 | MUCH TIME AS POSSIBLE.

23 | MS. STEINBERG:  THE PROBLEM WITH THAT, I GO BACK TO

24 | BACK ON THE OTHER TWO.  I MEAN, I WOULD ASK THEN IF IT IS GOING

25 | TO BE PUT THAT FAR ALONG THAT WE PUT IT AT LEAST TWO WEEKS

1    AFTER MY OTHER TRIAL SO I HAVE TIME TO GET THESE GIRLS READY

2    FOR THEIR TRIAL.

3           THE COURT:  ARE YOU COUNTING ON MISS IBRAHIM

4    PARTICIPATING IN THE TRIAL?

5           MS. STEINBERG:  I WAS CERTAINLY HOPING THAT WHEN WE

6    BROUGHT HER ON THE CASE.  YOU KNOW, I --

7           THE COURT:  BECAUSE IT LOOKS LIKE TO ME IN LIGHT OF

8    HER DOCTOR'S ORDERS REGARDING TRAVEL THAT HER PARTICIPATION MAY

9    BE IN DOUBT.

10          MS. IBRAHIM:  YOUR HONOR, IF THE TRIAL WAS SET FOR

11   OCTOBER 24TH THAT WOULD BE FINE WITH MY SCHEDULE.

12          THE COURT:  ALL RIGHT.  ARE WE ALL IN AGREEMENT THEN?

13   I KNOW YOU WANTED 120 DAYS, BUT I THINK THE COURT OBVIOUSLY

14   FELT OCTOBER 3 WAS REASONABLE.  SO THIS GIVES YOU THREE

15   ADDITIONAL WEEKS.  NOW --

16          MR. GRILLO:  I'M NOT AGREEABLE, BUT I --

17          THE COURT:  -- DOES ANYBODY HAVE ANY CONFLICT?  I WANT

18   TO GIVE YOU A DATE CERTAIN.  I WANT THIS TO BE -- I DON'T WANT

19   THIS TO CONFLICT WITH ANYTHING BECAUSE I AM CONTINUING THIS

20   CASE FAR INTO THE FUTURE.

21          MR. GRILLO:  WELL, YOUR HONOR, I DON'T HAVE IT NOTED

22   HERE IN MY BOOK, I APOLOGIZE, BUT I BELIEVE I HAVE A STATUS

23   CONFERENCE ON THAT FIRST DEGREE MURDER CASE IN TAMPA THE WEEK

24   OF THE 24TH, BUT --

25          THE COURT:  IF YOU ARE IN TRIAL HERE --

 1             MR. GRILLO:  YOU GOT ME.

 2             THE COURT:  RIGHT.  OKAY.

 3             MR. GRILLO:  AS MUCH AS THE JUDGE SAID, "DON'T SET

 4  ANYTHING.  I'M NOT GOING TO GIVE YOU ANY MORE TIME, YOU BETTER

 5  BE READY, THE CASE IS OVER A YEAR OLD," IT'S IS AN AUGUST

 6  INDICTMENT.  MY CLIENT IS FACING LIFE IN PRISON.  MY CLIENT IS

 7  A YOUNG PERSON LIKE MR. RAND HERE --

 8             THE COURT:  BUT YOUR HEARING IS A STATUS CONFERENCE

 9  THAT WEEK.

10             MR. GRILLO:  WELL, WHEN WE ASKED FOR THE TIME PRIOR TO

11  THIS NEW DATE THE JUDGE SAID, "I'M GOING TO GIVE YOU TIME BUT

12  I'M NOT GOING TO GIVE YOU ANYMORE TIME."

13             SO IF YOU WOULD, I KNOW YOU WANT TO SET IT FOR THE

14  24TH, AT LEAST ALLOW ME TO COMMUNICATE WITH THE PROSECUTOR AND

15  THE COURT IN TAMPA SO I DON'T INVOKE THEIR WRATH BY SETTING A

16  TRIAL WHEN I -- AND I'M PUTTING YOU ON NOTICE THAT I MAY WELL

17  HAVE TO DO THAT TRIAL, ALTHOUGH I DON'T WANT TO DO THAT TRIAL

18  AT THAT TIME EITHER --

19             THE COURT:  THE TRIAL IS NOT SET FOR THE WEEK OF THE

20  24TH.

21             MR. GRILLO:  THE TAMPA CASE.

22             THE COURT:  RIGHT.

23             MR. GRILLO:  BUT THE JUDGE SAID NO MORE CONTINUANCES.

24  IF THAT MEANS WE GO TO TRIAL DURING THAT WEEK, OR THE FOLLOWING

25  WEEK, OR THREE WEEKS DOWN THE ROAD, THEN I'M FINE.  I JUST

1  DON'T KNOW HOW THIS JUDGE RUNS HIS DOCKET.  I AM GOING TO

2  COMMUNICATE WITH THE COURT AND LET YOU KNOW IF THERE IS A

3  PROBLEM.

4          THE COURT:  WELL, I'M SETTING THIS TRIAL FOR OCTOBER

5  24, 2011, AND I EXPECT THE CASE TO GO TO TRIAL THAT DAY.

6  CALENDAR CALL WILL BE OCTOBER 19, 2011, AT NINE A.M.

7          MR. GRILLO:  THE CALENDAR CALL ON OCTOBER --

8          THE COURT:  OCTOBER 19.  THAT'S THE WEDNESDAY

9  PRECEDING THE MONDAY TRIAL DATE.

10         NOW, DEADLINE FOR DISCLOSURE OF ANY MENTAL HEALTH

11 EXPERT THAT THE DEFENSE --

12         MR. GRILLO:  HOW ABOUT A DEADLINE FOR ANY EXPERTS FOR

13 EITHER SIDE?

14         THE COURT:  THE GOVERNMENT IS GOVERNED BY THE STANDING

15 ORDER.

16         MS. STEINBERG:  YOUR HONOR, OTHER THAN THE FORENSICS

17 PEOPLE WHO WE HAVE ALREADY PROVIDED THEIR CV WE DO NOT INTEND

18 TO CALL MENTAL HEALTH EXPERTS.

19         NOW, AGAIN WE DON'T BELIEVE ANY MENTAL HEALTH EXPERT

20 IS RELEVANT IN THIS CASE BECAUSE THERE IS NO DEFENSE OTHER THAN

21 INSANITY WHICH WOULD MAKE A MENTAL HEALTH EXPERT AT ALL

22 RELEVANT.  HOWEVER, THEY HAVE A RIGHT TO HIRE WHO THEY WANT.

23 WE, HOWEVER, IF THEY DO HIRE A MENTAL HEALTH EXPERT AND THE

24 COURT ALLOWS IT, WE WOULD THEN HAVE TO DECIDE IF WE WOULD NEED

25 TO HIRE ONE AS WELL.  BUT I DON'T ANTICIPATE NOW THAT WE WILL

 1  HAVE ANY MENTAL HEALTH EXPERTS.

 2       THE COURT:  IF THE DEFENDANT INTENDS TO CALL A MENTAL

 3  HEALTH EXPERT AS A WITNESS THE DEFENDANT MUST DISCLOSE IN

 4  WRITING TO THE GOVERNMENT THE NAME OF THAT MENTAL HEALTH EXPERT

 5  AND A SUMMARY OF THEIR OPINIONS -- WHAT THE RULE REQUIRES --

 6       MR. GRILLO:  I AM FAMILIAR WITH --

 7       THE COURT:  -- BY NO LATER THAN SEPTEMBER THE 2ND.

 8       MR. GRILLO:  I OBJECT, OF COURSE.

 9       GOING BACKWARDS, WHEN AM I GOING TO HAVE AN

10  OPPORTUNITY TO HAVE THE EXPERT LOOK AT THESE EXHIBITS SO I CAN

11  DETERMINE HIS USEFULNESS, OR HER USEFULNESS, OR WHATEVER I'M

12  GOING TO DO WITH THEM.  I CAN'T MAKE A DECISION ABOUT LISTING

13  SOMEBODY UNTIL THEY HAVE HAD ACCESS TO THE EVIDENCE.  IF WE CAN

14  HAVE ACCESS WITH MR. RAND WITH THE EVIDENCE WHY CAN'T I HAVE

15  ACCESS WITH MY WITNESS AND THE EVIDENCE?

16       MS. STEINBERG:  YOUR HONOR, I WOULD COMMENT ON THAT,

17  IS THAT IN TERMS OF SHOWING IMAGES OF CHILD PORNOGRAPHY, THESE

18  ARE REAL GIRLS.  THEIR IMAGES DO NOT NEED TO BE SHOWN TO ANYONE

19  THAT DOESN'T NEED TO SEE THEM.

20       IF THERE IS A MENTAL HEALTH EXPERT, I'M NOT JUST GOING

21  TO OPEN UP THESE IMAGES TO WHOEVER MR. GRILLO THINKS MIGHT BE A

22  WITNESS AT SOME POINT IN THE FUTURE.  IF THERE IS A MEATAL

23  HEALTH EXPERT AND THAT PERSON IS RELEVANT FOR PURPOSES OF TRIAL

24  THEY CAN LOOK AT THESE IMAGES.  BUT THESE ARE SENSITIVE IMAGES

25  AND I AM PROTECTIVE OF THESE GIRLS AND I'M NOT GOING TO JUST

 1  SHOW THEM TO ANYONE WHO MR. GRILLO THINKS MIGHT BE A WITNESS.

 2          MR. GRILLO:  WE ARE TALKING ABOUT A PROFESSIONAL

 3  PERSON.  AND THIS IS THE -- SHE HAS A RIGHT TO HAVE HER

 4  ATTITUDE ABOUT THIS.  BUT THIS MAKES IT IMPOSSIBLE FOR ME TO

 5  DECIDE TO USE ANYBODY --

 6          THE COURT:  WELL, LET ME ASK YOU THIS.

 7          I, LIKE MISS STEINBERG, AM HAVING A DIFFICULT TIME

 8  TRYING TO FIGURE OUT HOW YOU WOULD USE A MENTAL HEALTH EXPERT

 9  OTHER THAN TO TRY AND ESTABLISH THAT YOUR CLIENT WAS INSANE AT

10  THE TIME OF THE COMMISSION OF THE CRIME.

11          MR. GRILLO:  YOU WANT ME TO COME SIDEBAR AND GIVE YOU

12  A PROFFER?

13          THE COURT:  YES, SIR.  THAT WOULD BE HELPFUL.

14          THIS IS EX PARTE.

15          MS. STEINBERG:  YES.

16          THE COURT:  AND THIS WILL BE UNDER SEAL,

17  MR. SCHANZLEH.

18          (WHEREUPON, AN UNDER SEAL DISCUSSION WAS REPORTED BUT

19          NOT TRANSCRIBED AT THIS TIME)

20          (IN OPEN COURT)

21          THE COURT:  WITHOUT PASSING ON THE ADMISSIBILITY OF

22  ANY EXPERT -- MENTAL HEALTH EXPERT TESTIMONY I THINK THAT THE

23  DEFENDANT HAS MADE AT LEAST A PRIMA FACIE SHOWING THAT TWO

24  INDIVIDUALS SHOULD BE PERMITTED TO VIEW THESE PHOTOGRAPHS

25  EITHER HERE AT THE FEDERAL COURT COURTHOUSE OR AT THE PEMBROKE

 1 | PINES POLICE DEPARTMENT.  AND THOSE TWO EXPERTS ARE DR. MICHAEL

 2 | BRANNON -- AND WHAT'S DR. RIPPA'S FIRST NAME?

 3 | MR. GRILLO:  I KNEW YOU WERE GOING TO ASK ME THAT.

 4 | THE COURT:  HOW DO YOU SPELL HER LAST NAME.

 5 | MR. GRILLO:  R-I-P-P-A.

 6 | THE COURT:  AND DR. RIPPA.

 7 | NOW, AND THE REASON WHY I SAY PEMBROKE PINES POLICE

 8 | DEPARTMENT IS BECAUSE OBVIOUSLY THE DEFENDANT DOES NOT HAVE TO

 9 | BE PRESENT WHEN THE EXPERTS VIEW THESE PHOTOGRAPHS.

10 | BUT AGAIN, WITHOUT PASSING ON THE ADMISSIBILITY I AM

11 | GOING TO PERMIT THOSE TWO INDIVIDUALS TO REVIEW THE PHOTOGRAPHS

12 | EITHER HERE AT THE FEDERAL COURTHOUSE OR AT THE PEMBROKE PINES

13 | POLICE DEPARTMENT.

14 | NOW, A REASONABLE DEADLINE FOR DISCLOSURE OF MENTAL

15 | HEALTH EXPERT.  IF THE DEFENDANT SEEKS TO CALL ONE AT TRIAL I

16 | WILL HEAR INPUT.

17 | WHAT DO YOU SUGGEST, MR. GRILLO?

18 | MR. GRILLO:  I'M ATTENDING A CAPITAL SEMINAR IN

19 | ORLANDO.  I GO EVERY YEAR.  IT IS THE FIRST WEEK IN SEPTEMBER.

20 | SOMETIME AFTER THAT.  THE SECOND WEEK IN SEPTEMBER.  FOR

21 | EXAMPLE, THE WEEK OF SEPTEMBER 12TH, AND THAT WILL GIVE ME

22 | AMPLE TIME TO HAVE BOTH OF THESE PEOPLE SEE THESE EXHIBITS.

23 | THAT'S WAY BEFORE TRIAL, ABOUT TWO MONTHS -- MORE THAN TWO

24 | MONTHS.

25 | THE COURT:  ALL RIGHT.  THE DISCLOSURE OF ANY MENTAL

1    HEALTH EXPERT THAT THE DEFENSE WOULD SEEK TO CALL AT TRIAL WILL

2    BE NO LATER THAN SEPTEMBER 12.

3         MR. GRILLO:  COULD WE MAKE IT SEPTEMBER 13, BECAUSE I

4    WILL BE --

5         THE COURT:  SEPTEMBER 13.

6         MR. GRILLO:  THANK YOU.

7         THE COURT:  NO LATER THAN SEPTEMBER 13.

8         MR. GRILLO:  THANK YOU, YOUR HONOR.

9         THE COURT:  AND THAT INCLUDES THE SUMMARY, THE

10   OPINIONS, THE FULL DISCLOSURE AS REFLECTED IN THE FEDERAL RULES

11   OF CRIMINAL PROCEDURE.

12        MR. GRILLO:  YES, SIR.

13        THE COURT:  WHAT ABOUT A DNA EXPERT, A DEADLINE FOR

14   THAT?

15        MS. STEINBERG:  YOUR HONOR, WE PROVIDED THE

16   ORIGINAL -- THE INITIAL DNA REPORT ON JUNE 6TH, I BELIEVE IT

17   WAS.  THE BROWARD COUNTY SHERIFF'S OFFICE REQUIRES THAT

18   CONFIRMATION.  THAT'S WHERE WE FILED THE MOTION TO GET

19   MR. RAND'S CURRENT DNA SAMPLE.  IT'S REALLY JUST A FORMALITY

20   FOR THEM TO CONFIRM.  BUT IF MR. GRILLO INTENDS TO HIRE A DNA

21   EXPERT HE CAN DO THAT AT ANY TIME.  I MEAN, HE HAS THE REPORT

22   AND HE KNOWS IT'S A DNA MATCH.

23        THE COURT:  WHAT I WANT TO DO IS SET A DEADLINE --

24        MR. GRILLO:  LET'S MAKE IT THE SAME DEADLINE.

25        THE COURT:  SEPTEMBER 13.

 1              NOW, THE GOVERNMENT HAS ALREADY DISCLOSED ITS DNA

 2   EXPERT, CORRECT?

 3              MS. STEINBERG:  YES, SIR.

 4              THE COURT:  SHOULD THE GOVERNMENT ELECT UPON REVIEW OF

 5   THE MENTAL HEALTH EXPERT'S OPINION, SHOULD THE GOVERNMENT ELECT

 6   TO CALL A MENTAL HEALTH EXPERT, THE GOVERNMENT SHOULD LIST THAT

 7   EXPERT.

 8              WHAT'S REASONABLE HERE?  LET ME HEAR FROM COUNSEL.

 9              MS. STEINBERG:  OCTOBER 4TH?

10              THE COURT:  MR. GRILLO?

11              MR. GRILLO:  WHATEVER THEY WANT.

12              THE COURT:  OCTOBER 4.

13              NOW, I THINK WE NEED TO IMPOSE A DEADLINE FOR A MOTION

14   TO EXCLUDE EXPERT TESTIMONY.

15              MR. GRILLO:  BOY, YOU ARE THINKING AHEAD ON THIS ONE.

16              THE COURT:  WELL, LOOK, I HAVE YOU ALL HERE NOW AND I

17   WANT DEADLINES.  AND FOR ME DEADLINES MEAN DEADLINES.  IF THEY

18   DON'T MEAN DEADLINES THEN THEY ARE NOT DEADLINES.  SO, LET ME

19   HEAR FROM YOU ALL.  A DEADLINE FOR FILING MOTION TO EXCLUDE

20   EXPERT TESTIMONY.

21              MR. GRILLO:  THAT'S MORE LIKELY TO BE A MOTION THEY

22   MIGHT FILE.  SO MAYBE THEY OUGHT TO PICK WHAT THEY LIKE.

23              MS. STEINBERG:  HOW ABOUT SEPTEMBER 27TH, WHICH WOULD

24   BE TWO WEEKS AFTER WE WOULD BE ENTITLED TO THEIR SUMMARY

25   DISCLOSURE.

 1 |          THE COURT:  MR. GRILLO, ANY PROBLEM WITH THAT?

 2 |          MR. GRILLO:  YES.  THE ONLY PROBLEM I HAVE IS THAT IF

 3 | THEY DECIDE TO LIST A DNA EXPERT THEN WE ARE GOING TO HAVE --

 4 | YOU GAVE THEM UNTIL OCTOBER 4TH TO DO THAT.

 5 |          SO I WOULD ASK THAT YOU MAKE IT OCTOBER 5TH SO THAT IF

 6 | I WANT TO FILE A MOTION TO EXCLUDE THEIR EXPERT I CAN DO AS

 7 | WELL.  SO IT SEEMS TO ME THAT IT SHOULD BE ONE DEADLINE FOR ALL

 8 | THE EXPERTS FOR BOTH SIDES.

 9 |          MS. STEINBERG:  I THOUGHT WE WERE JUST TALKING ABOUT

10 | THE MENTAL HEALTH.  I MEAN, THE DNA, THE PERSON WHO IS GOING TO

11 | BE TESTIFYING IS THE NAME THAT'S IN THE ORIGINAL REPORT.  THE

12 | SUMMARY IS IN THE REPORT.  THAT JUST SHOWS THAT THE DNA IS A

13 | MATCH.

14 |          IF THEY WANT TO TRY TO EXCLUDE THAT EVIDENCE, THAT'S

15 | FINE.  THEY CAN HAVE WHATEVER DATE THEY WANT TO FILE THAT

16 | MOTION, AS LONG AS IT IS NOT TOO CLOSE TO THE TRIAL SO WE HAVE

17 | TRIAL TO ARGUE AGAINST IT.

18 |          THE COURT:  WELL, LOOK, IF THE COURT IS GOING TO HAVE

19 | TO CONDUCT A DALBERT HEARING -- AND, LOOK, I DON'T KNOW WHAT

20 | THE ISSUES ARE.  BUT SHOULD THE COURT HAVE TO CONDUCT A DALBERT

21 | HEARING I WANT TO HAVE SUFFICIENT TIME IN ADVANCE OF THE TRIAL

22 | DATE TO DO SO.

23 |          MR. GRILLE:  IF I CAN MAKE A SUGGESTION.

24 |          YOU GAVE ME UNTIL SEPTEMBER 13TH TO LIST A MENTAL

25 | HEALTH EXPERT.  FRANKLY I WOULD CONSTRUE THAT TO MEAN THAT IF I

 1 | WANT TO CALL ANY OTHER EXPERT YOU WOULD WANT ME TO FILE IT BY
 2 | THEN AND THAT'S THE WAY I'M GOING TO TREAT IT.
 3 |          THE COURT:  YES.
 4 |          MR. GRILLO:  WHEN YOU GIVE DEADLINES, I KNOW WHO YOU
 5 | ARE AND WHAT YOU DO.  I'VE BEEN HERE BEFORE.  SO I WILL ABIDE
 6 | BY YOUR RESTRICTION.  BUT I THINK THAT FOR THAT TO BE
 7 | MEANINGFUL THEN THEIR DEADLINE SHOULD BE SOME TIME THEREAFTER
 8 | IF THEY WANT TO FILE ANY NOTICE OF EXPERTS.  THEN AFTER THAT
 9 | DATE THERE SHOULD BE A DATE WHERE EITHER SIDE CAN OBJECT TO THE
10 | OTHER SIDE'S EXPERTS.
11 |          SO I WOULD SUBMIT THAT IF I HAVE A DEADLINE FOR 9-13
12 | FOR MY MENTAL HEALTH EXPERT THEY SHOULD HAVE A DEADLINE OF THE
13 | SAME DATE FOR ANY EXPERT THEY WANTED TO LIST.
14 |          THE COURT:  THEY HAVE ALREADY LISTED ALL THEIR
15 | EXPERTS, CORRECT?
16 |          MS. STEINBERG:  YES, JUDGE.
17 |          THE COURT:  THE ONLY OTHER EXPERT THE GOVERNMENT MAY
18 | WANT TO CALL IS A REBUTTABLE TO YOUR MENTAL HEALTH EXPERT.
19 |          MS. STEINBERG:  YES, SIR.
20 |          MR. GRILLO:  I JUST DON'T WANT TO HAVE -- I KNOW YOU
21 | ARE TRYING TO ORGANIZE THE CASE AND I APPRECIATE THAT --
22 |          THE COURT:  HERE IS WHAT I'M GOING TO DO.
23 |          ANY MOTION TO EXCLUDE EXPERT TESTIMONY I AM GOING TO
24 | SET A DEADLINE OF SEPTEMBER 27, AND I'M GOING TO MOVE UP THE
25 | DEADLINE FOR THE GOVERNMENT TO DISCLOSE ANY MENTAL HEALTH

1   EXPERT TO SEPTEMBER 26.

2          QUITE HONESTLY, I DON'T SEE THE ADMISSIBILITY AT TRIAL

3   OF MENTAL HEALTH EXPERTS IN THIS CASE BUT I COULD BE PROVEN

4   WRONG.

5          MR. GRILLO:  KEEP AN OPEN MIND ON THAT.

6          THE COURT:  I WILL KEEP AN OPEN MIND AS ALWAYS.

7          MR. GRILLO:  VERY GOOD, YOUR HONOR.

8          THE COURT:  ALL RIGHT.  ANYTHING ELSE THAT WE NEED TO

9   DISCUSS?

10          SO THE MOTION FOR CONTINUANCE IS GRANTED.  THE COURT

11  FINDS THAT THE ENDS OF JUSTICE SERVED BY A CONTINUANCE OUTWEIGH

12  THE BEST INTEREST OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY

13  TRIAL.

14          ANYTHING FURTHER, FOLKS?

15          MS. STEINBERG:  NOT FROM THE GOVERNMENT, JUDGE.

16          THE COURT:  ALL RIGHT.  THANK YOU ALL.

17          MR. GRILLO:  HAVE A GOOD MORNING, YOUR HONOR.

18          THE COURT:  YOU ALL DO TOO.

19                          - - -

20

21

22

23

24

25

```
1

2

3                    C E R T I F I C A T E

4

5

6   UNITED STATES OF AMERICA

7   SOUTHERN DISTRICT OF FLORIDA

8

9

10          I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED

11  STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO

12  HEREBY CERTIFY THAT THE FOREGOING 31 PAGES CONSTITUTE A TRUE

13  TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN

14  THE CITY OF FORT LAUDERDALE, FLORIDA, IN THE MATTER THEREIN

15  STATED.

16          IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS

17  25TH DAY OF FEBRUARY 2012.

18

19                              /S/CARL SCHANZLEH
                                CARL SCHANZLEH, RPR-CM
20                              OFFICIAL FEDERAL COURT REPORTER
                                299 EAST BROWARD BLVD., 202B
21                              FORT LAUDERDALE, FL  33301
                                TELEPHONE 954/769-5488
22

23

24

25
```